1

2

**PETER H. LIEDERMAN  SB NO. 201103**
**2444 Russell St.**

3

**Berkeley CA 94705-2038**
**Voice:  510-681-6916**

4

**Facsimile:  510-540-6390**

5

*berkeleylawfirm@gmail.com*
Attorney for Kenneth G. Renz, Defendant

6

and Estate of Jackson R. Dennison

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO

11

12

WELLS FARGO BANK, N.A., as TRUSTEE
for the CLARA POPPIC TRUST

13

Plaintiff,

14

vs.

15

KENNTH G. RENZ; ESTATE OF JACKSON
R. DENNISON; ESTATE OF WILEY

16

UMSTEAD; KAZUKO UMSTEAD; WON
JAE YI aka MICHAEL YI; NAN Y. PARK;

17

GUAN HUANG; YING ZHANG and SUI
SONG,

18

Defendant

19

Case No.: No. CV 08- 2561 EMC
Hon. Edward M. Chen

Complaint filed:  May 21, 2008
Trial Date:   Not Set

NOTICE OF MOTION AND MOTION
TO DISMISS, Fed R. Civ. P. 12(b)(1)

Hearing Date:   August 20, 10:30
Hearing Time:  10:30
Hearing Dept:    C

20

TO ALL ATTORNEYS OF RECORD AND DEFENDANTS IN PROPRIA PERSONA,

21

NOTICE IS HEARBY GIVEN that on August 20, 2008, in Department C, located on the 15th

22

Floor of 450 Golden Gate Avenue in San Francisco at 10:30 AM or as soon thereafter as the

23

matter may be heard, Defendant KENNETH G. RENZ, and Defendant Estate of Jackson R.

24

Dennison will and does move as follows:

25

1.   To dismiss the action on the ground that the court lacks jurisdiction because Plaintiff, a private citizen, has not complied with notice requirements for a complaint under 42 U.S.C § 9607, as required by 42 U.S.C. § 6972(a), and 42 U.S.C. § 9659 (a) (1), and because no other basis for Federal jurisdiction exists.

2.   In the event that any portion of this case is not dismissed, defendant requests leave to assert defenses, counter, and cross claims.

As the attached Memorandum of Points and Authorities more fully explains, the law is well-established that failure to provide sufficient notice in a citizen suit under Title 42 provisions requires dismissal.   Requiring citizens to comply with the notice and delay requirements furthers Congress' goal of striking a balance between encouraging citizen suits and avoiding burdening the federal courts with excessive numbers of such suits, since notice allows government agencies and alleged violators to achieve compliance without the need for suit. *Hallstrom v. Tillamook County*  493 U.S. 20 (1989), p 21  110 S.Ct. 304, 107 L.Ed.2d 237, 58 USLW 4007.  The RCRA provisions discussed in *Hallstrom*  are reiterated in CERCLA, and applied to 42 U.S.C. § 9607 lawsuits by 42 U.S.C. § 9659 which governs citizen suits arising under the chapter in which § 9607 falls.

The question of injuries to Plaintiff's real property, or under Calif. Health and Safety Code §§ 25300, 25395in Plaintiff's Second and subsequent causes of action, present only questions of state law. Pursuant to 28 U.S.C. § 1367(c)(3) "The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).  See also *Hallstrom v. Tillamook County*  493 U.S. 20 (1989).

This motion is based on the accompanying Memorandum of Points and Authorities and papers on file in this action, this motion, the incorporated  Notice of Motion, the accompanying memorandum of

1    points and authorities, the affidavit of Defendant Renz and the judicially noticeable Notice given by

2    Plaintiff, and whatever evidence and argument is presented at the hearing of this motion.

3

4

5

6                             Dated:  July 10, 2008

7                             LAW OFFICE OF PETER H. LIEDERMAN

8

9                             BY__/s/_____
                             Peter H. Liederman,
10                            Attorney for Kenneth G. Renz, Defendant and
                             Estate of Jackson R. Dennison, Defendant.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25