**PETER H. LIEDERMAN  SB NO. 201103**
2444 Russell St.
Berkeley CA 94705-2038
Voice:  510-681-6916
Facsimile:  510-540-6390
berkeleylawfirm@gmail.com
Attorney for Kenneth G. Renz, Defendant
and for Estate of Jackson R. Dennison, Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC TRUST<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH G. RENZ; ESTATE OF JACKSON R. DENNISON; ESTATE OF WILEY UMSTEAD; KAZUKO UMSTEAD; WON JAE YI aka MICHAEL YI; NAN Y. PARK; GUAN HUANG; YING ZHANG and SUI SONG,<br><br>Defendant | Case No.: No. CV 08- 2561 EMC<br>Hon. Edward M. Chen<br><br>Complaint filed:  May 21, 2008<br>Trial Date:   Not Set<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS<br><br>Hearing Date:   August 20, 2008<br>Hearing Time:  10:30<br>Hearing Dept:    C |

# TABLE OF CONTENTS

I.   60 DAYS NOTICE IS REQUIRED PRIOR TO FILING A PRIVATE CITIZEN CERCLA SUIT CLAIMING DEFENDANTS ARE LIABLE FOR CONTAMINATING PLAINTIFF'S PROPERTY IN CAPACITY AS PRIOR OPERATORS OF A FACILITY. ........................... - 1 -

   A.  The Text of 42 U.S.C. § 9659 requires the notice. ......................................... - 1 -

   B.  Ninth Circuit Case Law Requires Notice ....................................................... - 2 -

   C.  The Supreme Court has found that closely comparable law requires notice. ................... - 2 -

   D. Supporting cases require notice. ..................................................................... - 3 -

   E.  Antithetical cases are obsolete, or rely on faulty analysis ............................... - 4 -

     (1) A statement in one section specifying the requirements for liability, does not preclude procedural rules stated in another section ....................................................................... - 5 -

     (2)  42 U.S.C. § 9679 regulates lawsuits resulting from violations of CERCLA standards; to prevail against a former operator under 42 U.S.C. § 9607, such standards must be violated.  6

     (3)   The result in *Innis* violates the policy stated by the Supreme Court in *Hallstrom v Tillimook*... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ..-6-

II.     PLAINTIFF DID NOT PROVIDE NOTICE 60 DAYS AHEAD OF FILING ANY CLAIM UNDER CERCLA. ......................................................................................... - 7 -

III.  ABSENT PROPER NOTICE, THE CLAIM MUST BE DISMISSED. ........................... - 7 -

IV.  ABSENT THE REQUIRED 60 DAY NOTICE, NO GROUNDS FOR FEDERAL JURISDICTION REMAIN ............................................................................................ - 9 -

V.  IF THE COURT RETAINS JURISDICTION OF THIS CASE, DEFENDANT RENZ SHOULD BE PERMITTED TO MAKE A RESPONSIVE PLEADING ............................. - 10 -

VI.  SUMMARY…………………………………………………………………………………..-11-

1

2

**Cases**

3

*ARC Ecology v. United States Dept. of Air Force*  411 F.3d 1092,1103 (9th Cir. 2005) ..........2, 5

4

*Bryant v. Adventist Health System/Wes*t 289 F.3d 1162,1169  (9th Cir. 2002)............................ 9

5

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) 9

6

*Dedham Water Co. v. Cumberland Farms* Dairy, Inc., 805 F.2d 1074 (1st Cir.1986)................. 4

7

*Denison v. Kitzhaber*, 2001 U.S. Dist. LEXIS 12514 at *15 *17 (D.Ore. July 22, 2001)............. 4

8

*Fried v. Sungard Recovery Servs., Inc.*, 900 F.Supp. 758, 766 67 (E.D.Pa.1995) ....................... 4

9

*Hallstrom v. Tillamook Co.* 844 F. 2d 598, 599 (9th Cir. 1987). ...................................................10

10

*Hallstrom v. Tillamook County*  493 U.S. 20 (1989), p 21-22,  110 S.Ct. 304, 107 L.Ed.2d 237,

11

   58.......................................................................................... 1,2,3,4,7,9,10

12

*Innis Arden Golf Club v. Pitney Bowes, Inc.*, 514 F. Supp. 2d 328 (D. Conn. (2007) ................. 5

13

*Kotrous v. Goss-Jewett Co. of Northern California, Inc.*, 041708 FED9, 06-15162, April 17,

14

   2008.........................................................................................................11

15

*Marriott Corp. v. Simkins Indus.*  825 F.Supp. 1575 (S.D.Fla. 1993) ......................................... 5

16

*New York v. Shore Realty Corp.*, 759 F.2d 1032, 1044 (2d Cir. 1985)........................................ 6

17

*Roe v. Wert*, 706 F.Supp. 788, 789 (W.D.Okla.1989) ................................................................ 3

18

*State of Idaho v. Howmet Turbine Component Co.*  814 F.2d 1376 (9th Cir. 1987).................4,5

19

*W. Dallas Coalition for Envtl. Justice v. United States*, 1998 WL 892122, 1998 U.S. Dist. LEXIS

20

   19844 at *6 (N.D.Tex. Dec. 14, 1998).................................................................. 4

21

**Statutes**

22

28 U.S.C. § 1367.......................................................................................................8,9

23

42 U.S.C § 9607.................................................................. 1,2,3,4,5,6,8,9,11

24

42 U.S.C. § 6972................................................................. 1,2,3,5, 7, 8, 10

25

42 U.S.C. § 9659 .................................................................................. 1, 2,3,4,5,6,7

Calif. Health and Safety Code §§ 25300, 25395 ....................................................... 9

Fed.R. Civ. P. 12(b)(1) ............................................................................... 1

Fed R. Civ. P. 12(g)(3)…… ............................................................................. 9


Other

2 Moore's Federal Practice, § 12.12 (Matthew Bender, 3d ed ……………………………………11

Defendant Kenneth G. Renz, and Defendant Estate of Jackson R. Dennison move, under Fed.R. Civ. P. 12(b)(1) for dismissal of this action on the on the ground that the court lacks jurisdiction because Plaintiff, a private citizen, suing Defendant, a private citizen, has not complied with notice requirements for a complaint under 42 U.S.C § 9607, as required by 42 U.S.C. § 6972(a), and 42 U.S.C. § 9659 (a) (1), and because no other basis for Federal jurisdiction exists.

## I.   60 DAYS NOTICE IS REQUIRED PRIOR TO FILING A PRIVATE CITIZEN CERCLA SUIT CLAIMING DEFENDANTS ARE LIABLE FOR CONTAMINATING PLAINTIFF'S PROPERTY IN CAPACITY AS PRIOR OPERATORS OF A FACILITY.

### A.  The Text of 42 U.S.C. § 9659 requires the notice.

This motion requests enforcement of 42 U.S.C. § 9659 (a) (1) to require the filing of a citizen suit against another citizen for recovery of costs due to a CERCLA violation, to be preceded by a 60 day notice.  Plaintiffs neither plead nor are they expected to contend they filed such notice. 42 U.S.C. § 9659, a section of subchapter III, CERCLA, entitled "Citizens Suits" contains the following mandatory language in pertinent part:

> **(a)     Authority to bring civil actions**
> **Except as provided in subsections (d) and (e) of this section and in section 9613 (h) of this title (relating to timing of judicial review), any person may commence a civil action on his own behalf-**
> **(1)     against any person (including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of any standard, regulation, condition, requirement, or order *which has become effective pursuant to this chapter...***

Continuing

> **(d)     Rules applicable to subsection (a)(1) actions**

        **(1)    Notice**

        **No action may be commenced under subsection (a)(1) of this section** *before 60 days after the plaintiff has given notice of the violation* **to each of the following:**

        **…. (C) Any alleged violator of the standard, regulation, condition, requirement, or order concerned (including any provision of an agreement under section 9620 of this title).**

        **Notice under this paragraph shall be given in such manner as the President shall prescribe by regulation."**

(emphasis added).

The reference is broadly to "any standard, regulation, condition, requirement, or order which has become effective pursuant to this chapter." It does not exempt any portion of the chapter. Like § 9607, the above § 9659 falls within Chapter 103, of 42 U.S.C., and therefore, by its clear text, its language encompasses it.


**B.  Ninth Circuit Case Law Requires Notice**

The requirement for the 60 day notice has been made mandatory by the 9th Circuit. *ARC Ecology v. United States Dept. of Air Force*   411 F.3d 1092,1103 (9th Cir. 2005). The ARC Ecology case interpreted 42 U.S.C. § 9659 as it applied to a complaint by Philippine residents under  42 U.S.C. § 9605(d). It held,  at FN6.:

        **"[6] On a related note, no citizen suit may be commenced under CERCLA until 60 days after the plaintiff has given notice of the alleged violation to, among others, "[t]he State in which the alleged violation occurs." 42 U.S.C. § 9659(d)(1) (emphasis added). Had Congress intended CERCLA's citizen-suit provision to extend to foreign lands, it would have provided a pre-filing notice for cases that allege releases occurring abroad."**


**C.  The Supreme Court has found that closely comparable law requires notice.**


        42 U.S.C. § 9659 is comparable to 42 U.S.C. § 6972  under which Plaintiff claims jurisdiction in paragraph 2 of the Complaint at p2:8.

§ 6972, parsed, provides:

**"(a) In General, Except as provided in subsection (b) or (c) of this section, any person may commence a civil action on his own behalf- (1) (A) against any person…. who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter…(b)…**
**(1)       No action may be commenced under subsection (a)(1)(A) of this section-**
**(A)      prior to 60 days after the plaintiff has given notice of the violation to- …**
**(iii)     to any alleged violator of such permit, standard, regulation, condition, requirement, prohibition, or order,…"**

The United States Supreme Court explained the policy underlying the notice provision of 42 U.S.C. § 6972 in in the syllabus to *Hallstrom v. Tillamook County*  493 U.S. 20 (1989), p 21 110 S.Ct. 304, 107 L.Ed.2d 237, 58.  The court upheld the 9th Circuit in finding that failure to follow the statutory notice requirements in 42 U.S.C. § 6972  was fatal to subject matter jurisdiction.

**"…In fact, requiring citizens to comply with the notice and delay requirements furthers Congress' goal of striking a balance between encouraging citizen suits and avoiding burdening the federal courts with excessive numbers of such suits, since notice allows government agencies *and alleged violators* to achieve compliance without the need for suit. Petitioners' assertion that giving effect to the literal meaning of the notice provisions would allow violations to go unchecked during the 60-day waiting period is not persuasive, since this problem results from the balance knowingly struck by Congress in developing the citizen suit provisions, and since it is likely that compliance with the notice requirement will trigger appropriate federal or state enforcement actions to prevent serious damage. Moreover, it is not irrational to require a citizen to wait 60 days to commence suit after agencies *and alleged violators* have specifically declined to act in response to notice by the citizen, since a violator or agency may change its mind as the threat of suit becomes imminent. Pp. 26-31."**
*Hallstrom v. Tillamook County*  id. (**emphasis added**).


**D. Supporting cases require notice.**

See *Roe v. Wert*, 706 F.Supp. 788, 789 (W.D.Okla.1989) (barring plaintiffs' 42 U.S.C. § 9607

claim for lack of notice under 42 U.S.C. § 9659); *Denison v. Kitzhaber*, 2001 U.S. Dist. LEXIS 12514 at *15 *17 (D.Ore. July 22, 2001) (dismissing suit brought pursuant to section 310 due to lack of notice); *W. Dallas Coalition for Envtl. Justice v. United States*, 1998 WL 892122, 1998 U.S. Dist. LEXIS 19844 at *6 (N.D.Tex. Dec. 14, 1998) (dismissing citizen suit for lack of notice); *Fried v. Sungard Recovery Servs., Inc.*, 900 F.Supp. 758, 766 67 (E.D.Pa.1995) (finding notice on federal government inadequate and dismissing plaintiffs' CERCLA citizen suit).

**E.  Antithetical cases are obsolete, or rely on faulty analysis**

Several courts, have taken the position that citizen suits brought under CERCLA 42 U.S.C. § 9607 against another "responsible" citizen are, for various reasons, exempt from the notice requirement.  These cases are briefly summarized below with the reasons the moving party here regards them as neither compelling nor persuasive.

*State of Idaho v. Howmet Turbine Component Co.*  814 F.2d 1376 (9th Cir. 1987), followed the reasoning, which it summarizes, of *Dedham Water Co. v. Cumberland Farms Dairy, Inc.*, 805 F.2d 1074 (1st Cir.1986), which addressed the issue of notice under the original statute.  However the original statute that the *Dedham* and *Howmet* courts interpreted read nothing like 42 U.S.C. § 9659.  An original "section 112(a)" read:

> **All claims which may be asserted against the Fund pursuant to section of this title shall be presented in the first instance to the owner, operator, or guarantor of the vessel or facility from which a hazardous substance has been released, if known to the claimant, and to any other person known to the claimant who may be liable under section of this title. In any case where the claim has not been satisfied within sixty days of presentation in accordance with this subsection, the claimant may elect to commence an action in court against such owner, operator, guarantor, or other person or to present the claim to the Fund for payment.**

*State of Idaho v. Howmet Turbine Component Co.*  814 F.2d 1376.1380.

*Dedham* and *Howmet* courts noted that this language referred only to "claims" against the Fund, and not to "actions" against a private offender, and found this distinction to be central.

*Howmet*, p 1380.  In contrast 42 U.S.C. § 9659 now applies to "a civil action" filed "on his own behalf" against "any person" ... "who is alleged to be in violation of any standard, regulation, condition, requirement, or order which has become effective pursuant to this chapter..."   *Roe v. Wert*, 706 F. Supp. 788, 794 specifically rejects *Dedham* as misleading and failing to consider the new 42 U.S.C. § 9659.   In short the decision in *Howmet* cannot be carried over to the present law nor reconciled with the more recent FN 6 of *ARC Ecology v. United States Dept. of Air Force*   411 F.3d 1092,1103 (9th Cir. 2005), and *Hallstrom v. Tillamook County*   493 U.S. 20 (1989).  *Walls v. Waste Resource Corp.* 823 F.2d 977 (6th Cir. 1987), suffers from the same defects.  *Marriott Corp. v. Simkins Indus.*  825 F.Supp. 1575 (S.D.Fla. 1993) simply follows the above cases.

More currently *Innis Arden Golf Club v. Pitney Bowes, Inc.*, 514 F. Supp. 2d 328 (D. Conn. (2007), directly denies demand for notice under 42 U.S.C. § 9659 on the grounds that 42 U.S.C. § 9607 in itself provides sufficient legal grounds to bring a private case against private persons for response costs, in a context where the plaintiff only alleges strict liability for the defendant and does not mention any breach of a standard, regulation, condition, requirement, or order which has become effective pursuant to the chapter.  *Innis* at pp 333-334.  This reasoning in *Innis* has three significant faults.

 **(1) A statement in one section specifying the requirements for liability, does not preclude procedural rules stated in another section**.

It is not uncommon for one section of law to provide procedures applicable to lawsuits arising from duties and liabilities of parties stated in another section.  Were the opposite to be true, then 42 U.S.C.§ 9607 would function independently, for example, of the Federal Rules of Civil Procedure.  Here, 42 U.S.C. § 9659 governs Chapter  103 lawsuits exactly as 42 U.S.C. §

6972 governs citizen suits in RCRA.

**(2)  42 U.S.C. § 9659 regulates lawsuits resulting from violations of CERCLA standards; to prevail against a former operator under 42 U.S.C. § 9607, such standards must be violated.**

42 U.S.C. § 9607 establishes two sets of standards applicable to a former operator. First, Plaintiffs must make allegations to overcome the threshold that "[p]rior owners and operators are liable only if they owned or operated the facility at the time of disposal of any hazardous substance." *New York v. Shore Realty Corp.*, 759 F.2d 1032, 1044 (2d Cir. 1985).   Second,  42 U.S.C. § 9607 (b) (3) lays out a CERCLA standard, condition and requirement of the law by stating a defense if the defendant can establish:

> **that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by…**
> **(3)  an act or omission of a third party other than an employee or agent of the defendant, or than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant (except where the sole contractual arrangement arises from a published tariff and acceptance for carriage by a common carrier by rail), if the defendant establishes by a preponderance of the evidence that (a) he *exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions; …***

**42. U.S.C. § 9607 (b) (emphasis added).**

Meeting the above "standard, condition and requirement" provides a defense to the 42 U.S.C. § 9607 claim, and thus states a standard to which 42 U.S.C. § 9659 applies.

**(3)   The result in *Innis* violates the policy stated by the Supreme Court in *Hallstrom v Tillimook.***

To reach the result achieved in *Innis*  the court, acknowledged that *Hallstrom v Tillamook County* 493 U.S. 20 (1989) was an analogous case that came to an opposite conclusion.  But the *Innis* opinion ignored the policy stated in the 7-2 opinion there.

1
2

**."…Rather, the legislative history indicates an intent to strike a balance between encouraging citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizen suits…**

3    *Hallstrom v. Tillamook County*  **493 U.S. 20 (1989), p 29.**

4        Accordingly, none of the adverse cases, persuasively provide grounds for excusing lack

5    of notice. To the contrary the text of the law, the reasoning of 9th Circuit and other courts, and

6    the Supreme Court's view of the legislature's intent, indicate  notice is required for a suit

7    alleging liability against a former operator under CERCLA.

8

9    **II.    PLAINTIFF DID NOT PROVIDE NOTICE 60 DAYS AHEAD OF FILING
          ANY CLAIM UNDER CERCLA.**

10

11        Plaintiffs did not provide, and do not plead that they provided, notice to Defendant prior

12    to filing suit.  The court should not presume it has done so.  Exhibit A, of which the court may

13    choose to take judicial notice, demonstrates without question that Plaintiffs served notice on

14    KENNETH G. RENZ and other Defendants no earlier than May 8, 2008, giving Defendants 13

15    days or less prior to suit being filed against them on May 21, 2008, and that said notice did not

16    address CERCLA claims.

17    **III.  ABSENT PROPER NOTICE, THE CLAIM MUST BE DISMISSED**.

18        *Hallstrom v. Tillamook County*  493 U.S. 20 (1989), p 21  110 S.Ct. 304, 107 L.Ed.2d

19    237, 58 upheld the 9th Circuit in finding that failure to follow the statutory notice requirements in

20    42 U.S.C. § 6972  was fatal to subject matter jurisdiction.   The court is required to dismiss the

21    case. *Hallstrom* at page 25 and 33.

22

23        In so finding the court found the language of § 6972 to provide clear direction of a pre-

24    filing requirement, and no grounds for equitably tolerating a violation.  *Hallstrom v. Tillamook*

25    *County,* at P27.

1

2        Plaintiff claims Federal jurisdiction on the following basis:

3        **"2.   This action primarily arises under the federal Comprehensive
         Environmental Response, Compensation, and Liability Act ("CERCLA"), 42
4        U.S.C. §§ 9601 et seq.  This court therefore has jurisdiction over the subject
         matter of this action pursuant to 28 U.S.C. §§ 1331, 2202, 42 U.S.C. §§ 9607,
5        9613 and Federal Rules of the Civil Procedure Rule 57.  *The federal and state
         claims alleged herein are based on the same set of operative facts.  Judicial*
6        *economy, convenience, and fairness to the parties will result if this Court
         assumes and exercises jurisdiction over the state claims.   This Court has*
7        *jurisdiction over the subject matter of these claims under the provisions of 42
         U.S.C. § 9607; 42 U.S.C. 6972(a) and 28 U.S.C. § 1367(a)."*

8        (*emphasis added*).   Complaint 2;1-10.

9        If it were correct, as pled above, that the court has jurisdiction of this case under 42

10   U.S.C § 6972(a), then there is no question that the court must dismiss for lack of notice, pursuant

11   to *Hallstrom*.   See also *Roe v. Wert*, 706 F.Supp. 788, 789 (W.D.Okla.1989) (barring plaintiffs'

12   42 U.S.C. § 9607 claim for lack of notice under 42 U.S.C. § 9659);

13

14       As indicated, moving party believes that there is an automatic requirement to dismiss an

15   improperly noticed 42 U.S.C. § 9607 claim.    Assuming, arguendo, there is a threshold to the

16   requirement for notice, of alleging violations of standards and requirements of CERCLA, then

17   Plaintiff has clearly crossed this threshold also.   Plaintiff also invokes jurisdiction under 42

18   U.S.C. § 9607, by alleging "operative facts" that clearly describe violations of CERCLA

19   Standards.  Under the complaint's "First Claim for Relief" Plaintiff alleges, inter alia:

20       **26.  Defendants, and each of them, are the past and current
         operators of the Property.  Defendants, and each of them are the past and
21       current[1] arrangers of the past and continued disposal and release of
         hazardous substances into the soil, groundwater and environment….**
22
     Complaint P4:17
23

24   _____

     [1]  In the "General Allegations" Plaintiff alleges that Kenneth G. Renz and non party Jackson R. Dennison operated a
25   dry cleaning business at the Property from on or about August 1974 until on or about. 1983.   The allegation
     establishes that Renz is not a "current" operator or arranger of anything.  Further, Renz and Dennison actually ended
     their role in Cal Cleaners in 1977, assigning the lease to Wiley and Kozuko Umstead.

1   Such an allegation clearly shows a violation of the standards and requirements of

2   CERCLA for which 42 U.S.C. § 9659 provides the conditions for a lawsuit.

3

4   **IV.  ABSENT THE REQUIRED 60 DAY NOTICE, NO GROUNDS FOR FEDERAL JURISDICTION REMAIN**

5

6   Fed. R. Civ. P. 12 (g) (3) provides: "If the court determines at any time that it lacks

7   subject-matter jurisdiction, the court must dismiss the action."  The question of injuries to

8   Plaintiff's real property, or under Calif. Health and Safety Code §§ 25300, 25395in Plaintiff's

9   Second and subsequent claims for relief, present only questions of state law.   28 U.S.C. §

10  1367(c)(3) provides" "The district courts may decline to exercise supplemental jurisdiction over

11  a [state-law] claim . . . if . . . the district court has dismissed all claims over which it has original

12  jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d

13  720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the

14  balance of the factors to be considered under the pendent jurisdiction doctrine—judicial

15  economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction

16  over the remaining state-law claims."). *Bryant v. Adventist Health System/Wes*t 289 F.3d

17  1162,1169  (9th Cir. 2002).

18  The Supreme Court in *Hallstrom* found it unnecessary to entirely resolve the question of

19

20  whether a dismissal for failure to follow notice requirements was jurisdictional:

21  **…[W]e hold that the notice and 60-day delay requirements are mandatory conditions precedent to commencing suit under the RCRA citizen suit provision; a district court may not disregard these requirements at its discretion. The parties have framed the question presented in this case as whether the notice provision is jurisdictional or procedural. In light of our literal interpretation of the statutory requirement, we need not determine whether § 6972(b) is jurisdictional in the strict sense of the term. See *Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100, 137 (1981) (BRENNAN, J., concurring in judgment) ("In 1937, the requirement of**

**exhaustion of state administrative remedies was certainly a mandatory precondition to suit, and in that sense, a `jurisdictional prerequisite'").** *Hallstrom*, **P29**

In so holding, the Supreme Court let stand 9th Circuit jurisprudence from the same case in which the court held "that proper notice is a precondition of the district court's jurisdiction." *Hallstrom v. Tillamook Co.* 844 F. 2d 598, 599 (9th Cir. 1987). [2]

In summary, in this circumstance the court should not attempt to exercise jurisdiction over the state law claims.

**V.  IF THE COURT RETAINS JURISDICTION OF THIS CASE, DEFENDANT RENZ SHOULD BE PERMITTED TO MAKE A RESPONSIVE PLEADING**

Moving party brings this action under Rule 12(b)(1) to dismiss Plaintiff's first, and only Federal claim for relief for lack of subject matter jurisdiction.

While normally, a party must assert all defenses that the party has to a claim (regardless of whether the claim is asserted in a complaint, counterclaim, crossclaim, or third-party complaint) in whatever responsive pleading the rules require to be served and filed in response to the pleading asserting the claim.  However, at the option of the pleader, the following defenses may be raised by motion prior to serving and filing a responsive pleading:

- **Lack of subject matter jurisdiction**
- **Lack of jurisdiction over the person. • Improper venue.**
- **Insufficiency of process.**
- **Insufficiency of service of process.**
- **Failure to state a claim on which relief can be granted.**
- **Failure to join a party as required by Rule 19.**

---

[2]  Moving party respectfully submits that it is to the benefit of all parties to resolve this question of jurisdiction at this early stage in the litigation.

See 2 Moore's Federal Practice, § 12.12 (Matthew Bender, 3d ed.) ("Serving a motion permitted by Rule 12 (such as a motion to dismiss under Rule 12(b)(6) for failure to state a claim), rather than an answer, alters the prescribed time periods").

Should this motion fail to dispose of the present case, Defendant Renz therefore reserves the right and states his intention to file:

a. cross complaints against WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC TRUST for contribution, indemnity, recoupment, and recovery of any costs under 42 U.S.C. §§ 9607 and 9613 pursuant to the 9th Circuit's ruling in *Kotrous v. Goss-Jewett Co. of Northern California, Inc.*, 041708 FED9, 06-15162, April 17, 2008, and such other claims for relief as may be appropriate.

b. cross-claims against KAZUKO UMSTEAD; WON JAE YI aka MICHAEL YI; NAN Y. PARK; GUAN HUANG; YING ZHANG and SUI SONG, as a Responsible Party and Potentially Responsible Party for contribution and recovery of any costs under 42 U.S.C. §§ 9607 and 9613 pursuant to the 9th Circuit's ruling in *Kotrous v. Goss-Jewett Co. of Northern California, Inc.*, 041708 FED9, 06-15162, April 17, 2008.

c. responsive pleadings stating all defenses, including but not limited to matters of fact, failures to state a claim, running of statutes of limitations, laches, comparative negligence, unclean hands, and all other allowable and applicable defenses.

VI. SUMMARY

Plaintiff has not provided Defendants the 60 day notice described in 42 U.S.C. 6957. The text of that section, the policy provided by the Supreme Court and the 9th Circuit regarding enforcement of notice requirements, and the more persuasive and well-reasoned lower court decisions concerning the impact of 42 U.S.C. § 9659 60 day notice requirements on lawsuits

brought under 42 U.S.C. § 9607, dictate the conclusion that such notice was required prior to

Plaintiff filing this suit against a former operator of an alleged "facility" on Plaintiff's land.

Further, the case law agrees that this is a jurisdictional question, and that if there is no Federal

claim, jurisdiction should not be granted.

Dated: July 10, 2008                    LAW OFFICE OF PETER H. LIEDERMAN


                                        BY   /s/
                                        Peter H. Liederman,
                                        Attorney for Kenneth G. Renz, and Estate of
                                        Jackson R. Dennison, Defendants

**PETER H. LIEDERMAN  SB NO. 201103**
**2444 Russell St.**
**Berkeley CA 94705-2038**
**Voice:  510-681-6916**
**Facsimile:  510-540-6390**
*berkeleylawfirm@gmail.com*
Attorney for Kenneth G. Renz, Defendant
and Estate of Jackson R. Dennison, Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC TRUST | Case No.: No. CV 08- 2561 EMC<br>Hon. Edward M. Chen |
| Plaintiff, | Complaint filed:  May 21, 2008<br>Trial Date:   Not Set |
| vs. | |
| KENNETH G. RENZ; ESTATE OF JACKSON R. DENNISON; ESTATE OF WILEY UMSTEAD; KAZUKO UMSTEAD; WON JAE YI aka MICHAEL YI; NAN Y. PARK; GUAN HUANG; YING ZHANG and SUI SONG, | DECLARATION OF KENNETH G. RENZ  IN SUPPORT OF MOTION TO DISMISS<br><br>Hearing Date:   August 20, 2008<br>Hearing Time:   10:30<br>Hearing Dept:   C |
| Defendant | |

I, Kenneth G. Renz declare the following according to my own knowledge and if called upon as a witness I can and will testify to the same:

I am the named Defendant, Kenneth G. Renz in the above captioned matter.

The attachment labeled Exhibit A dated May 8, 2008. with the subject Re:  Notice of Violation of RCRA, 2531 Telegraph Avenue, Berkeley, California, and addressed "Dear Violators," (hereinafter "May 8, 2008 Notice") is a true and exact copy of the same document received by me.

1

2      The May 8, 2008 Notice was the only notice received by me describing an intent to sue

3   me under RCRA provision.  I received no other notice of a specific intent to sue me under those

4   or any other part of Title 42 U.S.C. including CERCLA.

5      The May 8, 2008 Notice was sent Registered Mail dated May 8, 2008, but was not

6   received until May 15, 2008.   It was addressed to Kenneth G. Renz, Jackson R. Dennison, 783

7   Crossbrook Drive, Moraga, CA 94556-1238.

8      To my knowledge and belief Jackson R. Dennison died in 1990.

9      The foregoing is stated under penalty of perjury under the laws of the United States and

10  the State of California.

11

12

13   Dated: _June 23, 2008_

14

15   BY _____
     Kenneth G. Renz

16

17

18

19

20

21

22

23

24

25

# EXHIBIT A

(May 8, 2008 notice)

# GREBEN & ASSOCIATES

### ATTORNEYS AT LAW

JAN ADAM GREBEN
jan@grebenlaw.com

JENNA L. MOTOLA
jenna@grebenlaw.com

ARLINGTON COURT
1332 ANACAPA STREET, SUITE 110
SANTA BARBARA, CALIFORNIA 93101
TELEPHONE  805-963-9090
FACSIMILE  805-963-9098

SACRAMENTO
WELLS FARGO CENTER
400 CAPITOL MALL, SUITE 1100
SACRAMENTO, CALIFORNIA 95814
TELEPHONE  916.447.4450
FACSIMILE  916.447.2414

May 8, 2008

**<u>VIA REGISTERED MAIL</u>**
Return receipt requested

**Kenneth G. Renz**
**Jackson R. Dennison**
783 Crossbrook Drive
Moraga, CA 94556-1238

2326 Rose St
Berkely, CA 94708

**Won Jae Yi aka Michael Yi**
14 Shannon Circle
Alameda, CA 94502-7729

2565 Telegraph Ave
Berkely, CA 94704-2917

**Guan Huang**
1515 Lakeside Dr. Apt. 806
Oakland, CA 94612-4558

**Sui Song**
1650 13th Avenue
Oakland, CA 94606

**Kazuko Umstead**
**Wiley Umstead**
1377 Hull Lane
Martinez, CA 94553-4758

**Nan Young Park**
1350 Sloat Boulevard
San Francisco, CA 94132

1462 Willowbend Way
Beaumont, CA 92223-7196

**Ying Zhang**
2064 35th Avenue
Oakland, CA 94601

**<u>Re:  Notice of Violation of RCRA, 2531 Telegraph Avenue, Berkeley, California</u>**

Dear Violators,

Prior to commencing suit for an imminent and substantial endangerment to human health

or the environment under the Federal Resource Conservation and Recovery Act ("RCRA") 42
U.S.C. § 6972(a)(1)(B), 42 U.S.C. § 6972(b)(2)(A) requires that a private party provide notice to
the alleged violators of RCRA, the Administrator of the Environmental Protection Agency and
the State in which the RCRA violation is alleged to have occurred, ninety (90) days prior to
filing suit.

On behalf of Wells Fargo Bank, N.A., Trustee of the Clara Poppic Trust ("Trust"), we are
providing statutory notification to Kenneth G. Renz, Jackson R. Dennison; Wiley Umstead;
Kazuko Umstead; Won Jae Yi aka Michael Yi; Nan Y. Park; Guan Huang; Ying Zhang; and Sui
Song (collectively referred to hereafter as "Violators"), the chief administrator for the solid
waste management agency for the State of California, the Administrator of the Environmental
Protection Agency, and the Regional Administrator of the Environmental Protection Agency, of
Violators' continuing violations of RCRA in conjunction with the Violators' present and/or past
ownership and operation of a dry cleaning facility at the property located at 2531 Telegraph
Avenue, Berkeley, California ("Site").

## RCRA

RCRA, enacted in 1976, is a Federal law of the United States contained in 42 U.S.C. §§
6901 et seq. RCRA's goals include protecting the public from harm caused by waste disposal
and related contamination.

The violations of RCRA stem from Violators' ownership and operation of the "Cal
Cleaners" dry cleaning facility at the Site that has caused contamination of soil and groundwater.
This contamination presents an imminent and substantial endangerment to human health and the
environment.

## Site Background

The Clara Poppic Trust is the owner of the Site. Since at least 1974, the Site has been
leased to Violators and used as a dry cleaning facility. PCE was used on the Site for purposes of
dry cleaning operations. Violators discharged and permitted the discharge of PCE to the soil and
groundwater by their operation and control of the dry cleaning and disposal systems at the Site.

Investigations at the Site have revealed the presence of volatile organic compounds,
including PCE in soil and groundwater. This contamination presents an imminent and
substantial endangerment to human health and the environment. Release of PCE from dry
cleaning operations at the Site has been identified as a possible mechanism for contamination at
the Site. The City of Berkeley, Toxic Management Division has been informed of the
contamination found in the soil and groundwater on the Property and is currently supervising the
investigation and cleanup of the Site. The Trust has proceeded with an investigation and

analysis of the Site and off-site areas to determine the extent and magnitude of the contamination. The Trust has incurred substantial costs in conducting this investigation, including testing, consultant and oversight costs, as well as attorney's fees.

As owners and operators of the dry cleaning facility at the Site, Violators are past and present generators, past and present transporters, and past and present owners and operators of a treatment, storage and/or disposal facility. Violators have knowingly contributed and are contributing to the past and present handling, storage, treatment, transportation and disposal of solid and hazardous waste which presents an imminent and substantial endangerment to human health and the environment. The endangerment caused by Violators has been ongoing since at least 1974 and is continuing in nature.

The discharge and threatened discharge of contaminants has unreasonably affected water quality in that the discharge or threatened discharge is deleterious to the beneficial uses of state waters, and has impaired water quality to a degree which creates a threat to public health. The conditions threaten to continue unless the discharge or threatened discharge is permanently cleaned up and abated.

In addition to the violations set forth above, this Notice is intended to cover all violations of RCRA evidenced by information which becomes available to the Trust after the date of this Notice, and seeks all penalties and other enforcement provisions related to such violations.

## Conclusion

All communications regarding this matter should be addressed to:

Jan A. Greben, Esq.
Greben & Associates
1332 Anacapa Street, Suite 110
Santa Barbara, CA 93101
Tel. (805) 963-9090
Fax. (806) 963-9098
jan@grebenlaw.com

We believe that this Notice sufficiently states grounds for filing suit. At the close of the 90-day notice period or shortly thereafter, the Trust intends to file a citizen's suit under RCRA against Violators for the violations described herein.

During the 90-day notice period, the Trust is willing to discuss effective remedies for the violations described in this Notice. However, if the Violators wish to pursue such discussions in

*RCRA Notice*
*May 8, 2008*
*Page 4*

the absence of litigation, it is suggested that those discussion be initiated with the next twenty days so that they may be completed before the end of the 90-day notice period.  The Trust does not intend to delay the filing of a lawsuit if discussions are continuing when that period ends.

Very Truly Yours,

Jan A. Greben
GREBEN & ASSOCIATES

cc:

Stephen L. Johnson, Administrator
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Mail Code 3213A
Washington, D.C. 20460

Wayne Nastri, Regional Administrator
U.S. Environmental Protection Agency, Region 9
75 Hawthorne Street
San Francisco, CA 94105

Dorothy Rice, Executive Director
State Water Resources Control Board
1001 "I" Street
Sacramento, CA 95814

Mark Leary, Executive Director
California Integrated Waste Management Board
1001 "I" Street
Sacramento, CA 95814

Maureen F. Gorsen, Director
California Department of Toxic Substances Control
1001 "I" Street
Sacramento, CA 95814-2828

1

2

**PETER H. LIEDERMAN  SB NO. 201103**
**2444 Russell St.**
3
**Berkeley CA 94705-2038**
4
**Voice:  510-681-6916**
**Facsimile:  510-540-6390**
5
*berkeleylawfirm@gmail.com*
**Attorney for Kenneth G. Renz, Defendant**
6
**and for Estate of Jackson R. Dennison**

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO

11

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC TRUST | Case No.: No. CV 08- 2561 EMC Hon. Edward M. Chen |
| Plaintiff, | Complaint filed:  May 21, 2008 Trial Date:   Not Set |
| vs. | (Proposed) MEMORANDUM ORDER GRANTING DEFENDANT'S MOTION TO DISMISS. |
| KENNETH G. RENZ; ESTATE OF JACKSON R. DENNISON; ESTATE OF WILEY UMSTEAD; KAZUKO UMSTEAD; WON JAE YI akaMICHAEL YI; NAN Y. PARK; GUAN HUANG; YING ZHANG and SUI SONG, | (Fed. R. Civ. P. 12(b)(1) |
| Defendants | Hearing Date:   August 20, 2008 Hearing Time:  10:30 Hearing Dept:   C |

12

13

14

15

16

17

18

19

20

                         I. INTRODUCTION

21

This matter comes before the court on the Defendant's motion to dismiss Plaintiff's complaint

22

pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction,

23

arguing that Plaintiff's sole Federal claim must be dismissed for failure to provide statutorily

24

25

1  required notice.   The court has considered written submissions and oral argument on this

2  motion.

## II. DISCUSION

3

4  A.  *Legal Standard for a motion to dismiss*

5

6  On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of

7  establishing that the court has jurisdiction.  In evaluating whether subject-matter jurisdiction

8  exists, the court must accept all the complaint's well-pleaded factual allegations as true and

9  draw all reasonable inferences in the plantiff's favor.  The court need not, however, accept

10  inferences unsupported by the facts alleged, or legal conclusions that are cast as factual

11  allegations.

12  Moreover, the Court need not limit itself to the allegations of the complaint.  Rather the

13  court may consider whatever materials outside the pleadings it deems appropriate to

14  determine whether it has jurisdiction in the case.

15

16

17  B.  *Finding of fact*

18  Plaintiff has pled no facts to show it provided 60 days notice to defendants of its intent to

19  sue under provisions of CERCLA § 9607(a) or to obtain injunctive relief under § 9613(g)(2)

20  prior to filing the instant lawsuit.  The above are the two bases for relief in Plaintiff's "First

21  Claim for Relief."  The court has concluded on the basis of materials both in and outside the

22  pleadings that Plaintiff did not provide such notice, or notice period.

23  C.  *Applicable law*

24  Notice for a complaint under 42 U.S.C § 9607, is required by 42 U.S.C. § 9659 (a) (1).  (See Roe

25  v. Wert, 706 F. Supp. 788 (W.D. Okla 1989), *ARC Ecology v. United States Dept. of Air Force*

411 F.3d 1092,1103 (9th Cir. 2005)).  The court finds the statutory language clear that the 60

day notice required for a citizen's suit arising from a violation of a "standard, regulation,

condition, requirement or order which has become effective pursuant to" Chapter 103 of 42

U.S.C. to be applicable to suits that necessarily allege that a former operator, by action or

inaction, caused or allowed hazardous materials to be released into the environment,

necessitating cleanup, and that the procedural requirements of 42. U.S.C. § 9659 thus govern

suits based on the liability described in 42 U.S.C. § 9607.

    Absent notice in a citizen's suit against another citizen,  dismissal is required, in accordance

with  *Hallstrom v. Tillamook County*   493 U.S. 20 (1989), p 21,  110 S.Ct. 304, and no

jurisdiction exists,  *Hallstrom v. Tillamook Co.* 844 F. 2d 598, 599 (9th Cir. 1987).

### III.  ORDER

    As this is the only claim of relief under Federal law; therefore pursuant to Fed.R. Civ. P.

12(h)(3) and applicable law, the entire matter is dismissed as to moving and all parties.    The

dismissal is without prejudice to refile with proper notice, or to refile in a court having

jurisdiction on other causes of action.


                    Dated:


                    BY_____