1  KARL R. MORTHOLE (CA Bar #112565)
   Law Offices of Karl R. Morthole
2  57 Post Street
3  Suite 801
   San Francisco, CA 94104
4  (415) 986-0227 Voice
   (415) 986-1734 Fax
5  karl@mortholelaw.com
6
   Attorney for Defendant Guan Huang
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10
   WELLS FARGO BANK, N.A., AS TRUSTEE      )    CASE NO. CV-02561-EMC
11 for the CLARA POPPIC TRUST,             )
                                           )
12              Plaintiff(s),              )
                                           )
13                                         )
                                           )
14                                         )    DEFENDANT GUAN HUANG's
   v.                                      )    RESPONSE TO PLAINTIFF's FIRST
15                                         )    AMENDED COMPLAINT,
                                           )    AFFIRMATIVE DEFENSES, AND
16                                         )    COUNTERCLAIMS AGAINST
                                           )    PLAINTIFF
17                                         )
   KENNETH G. RENZ, et al.                 )
18                                         )
                                           )    DEMAND FOR JURY TRIAL
19              Defendant(s). )
20 _____)

21

22      Defendant Guan Huang (hereinafter referred to as "Defendant Huang"), by his attorney of

23 record, hereby responds, only for himself and not for any other defendant, to the allegations of the

24 First Amended Compliant filed against him by Plaintiff Wells Fargo Bank., N.A as Trustee for the

25 Clara Poppic Trust (hereinafter referred to as the "Plaintiff").

26

27      1. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

28                                         1
   DEFENDANT GUAN HUANG'S RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT
                          Case No. CV 08 2561 EMC

truth of the allegations of Paragraph 1, and on that basis they are denied.

2. The allegations of Paragraph 2 relating to there being jurisdiction under 42 U.S.C. § 6972(a) are specifically denied. Presently, there is no jurisdiction under 42 U.S.C. § 6972(a). Otherwise, those allegations of Paragraph 2 relating to statutes and rules constitute statements on the existence of and conclusions about purpose and meaning of the law, and no response is required beyond the fact that the statutes and rules speak for themselves. To the extent Paragraph 2 otherwise contains any factual allegations, Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis they are denied.

3. Defendant Huang admits that 2531 Telegraph Avenue, Berkeley, is located such that venue is proper. Otherwise, those allegations of Paragraph 3 relating to statutes and rules constitute statements on the existence of and conclusions about purpose and meaning of the law, and no response is required beyond the fact that the statutes and rules speak for themselves. To the extent Paragraph 3 otherwise contains any factual allegations, Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis they are denied.

4. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis they are denied.

5. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis they are denied.

6. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis they are denied.

7. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis they are denied.

2

1    8. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

2    truth of the allegations of Paragraph 8, and on that basis they are denied.

3    9. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

4
     truth of the allegations of Paragraph 9, and on that basis they are denied.
5

6    10. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

7    truth of the allegations of Paragraph 10, and on that basis they are denied.

8    11. The allegations of Paragraph 11 of the Plaintiff's First Amended Complaint are

9    admitted.

10
     12. Defendant Huang lacks knowledge or information sufficient to form a belief as to the
11
     truth of the allegations of Paragraph 12, and on that basis they are denied.
12

13   13. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

14   truth of the allegations of Paragraph 13, and on that basis they are denied.

15   14. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

16   truth of the allegations of Paragraph 14, and on that basis they are denied.

17
     15. Defendant Huang lacks knowledge or information sufficient to form a belief as to the
18
     truth of the allegations of Paragraph 15, and on that basis they are denied.
19

20   16. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

21   truth of the allegations of Paragraph 16, and on that basis they are denied.

22   17. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

23
     truth of the allegations of Paragraph 17, and on that basis they are denied.
24

25   18. The allegations of Paragraph 18 of the Plaintiff's First Amended Complaint against

26   Defendant Huang are specifically denied.

27   19. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

28

1   truth of the allegations of Paragraph 19, and on that basis they are denied.

2       20.  The allegations of Paragraph 20 of the Plaintiff's First Amended Complaint are
3
    specifically denied insofar as they relate in any way to Defendant Huang.  Defendant Huang lacks
4
    knowledge or information sufficient to form a belief as to the truth of the remaining allegations of
5
6   Paragraph 20, and on that basis they are denied.

7       21.  The allegations of Paragraph 21 of the Plaintiff's First Amended Complaint are
8
    specifically denied insofar as they relate in any way to Defendant Huang.  Defendant Huang lacks
9
    knowledge or information sufficient to form a belief as to the truth of the remaining allegations of
10
    Paragraph 21, and on that basis they are denied.
11
        22.  Defendant Huang fully and specifically realleges and incorporates by reference his
12
13  responses to Paragraphs 1 through 21 of the Plaintiff's First Amended Complaint.

14      23.  Those allegations of Paragraph 23 relating to statute constitute statements on the
15
    existence of and conclusions about purpose and meaning of the law, and no response is required
16
    beyond the fact that the statutes speak for themselves.  To the extent Paragraph 23 otherwise
17
    contains any factual allegations, Defendant Huang lacks knowledge or information sufficient to
18
    form a belief as to the truth of the allegations, and on that basis they are denied.
19
20      24.  The allegations of Paragraph 24 of the Plaintiff's First Amended Complaint are
21  specifically denied insofar as they relate in any way to Defendant Huang.  Defendant Huang lacks
22  knowledge or information sufficient to form a belief as to the truth of the remaining allegations of
23
    Paragraph 24, and on that basis they are denied.
24
25      25.  The first sentence of Paragraph 25 constitutes statements on the existence of and
26  conclusions about purpose and meaning of statute and no response is required beyond the fact that
27  the law speaks for itself.  Defendant Huang lacks knowledge or information sufficient to form a
28
                                        4

belief as to the truth of the remaining allegations of Paragraph 25, and on that basis they are denied.

26. The allegations of Paragraph 26 of the Plaintiff's First Amended Complaint are specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and on that basis they are denied.

27. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 27, and on that basis they are denied. The allegations of the second sentence of Paragraph 27 of the Plaintiff's First Amended Complaint are specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27, and on that basis they are denied.

28. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and on that basis they are denied.

29. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis they are denied.

30. The allegations of Paragraph 30 of the Plaintiff's First Amended Complaint are specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30, and on that basis they are denied.

31. The allegations of Paragraph 31 of the Plaintiff's First Amended Complaint are specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

1 | Paragraph 31, and on that basis they are denied.

2 |     32. Defendant Huang fully and specifically realleges and incorporates by reference his

3 | responses to paragraphs 1 through 31 of the Plaintiff's First Amended Complaint.

4 |

5 |     33. Paragraph 33 constitutes statements on the existence of and conclusions about

6 | purpose and meaning of statute and no response is required beyond the fact that the law speaks for

7 | itself.

8 |     34. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

9 | truth of the allegations of Paragraph 34, and on that basis they are denied.

10 |     35. The allegations of Paragraph 35 of the Plaintiff's First Amended Complaint are

11 |

12 | specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks

13 | knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

14 | Paragraph 35, and on that basis they are denied.

15 |     36. Defendant Huang fully and specifically realleges and incorporates by reference his

16 | responses to paragraphs 1 through 35 of the Plaintiff's First Amended Complaint.

17 |

18 |     37. The allegations of Paragraph 37 of the Plaintiff's First Amended Complaint are

19 | specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks

20 | knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

21 | Paragraph 37, and on that basis they are denied.

22 |     38. The allegations of Paragraph 38 of the Plaintiff's First Amended Complaint are

23 | specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks

24 | knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

25 | Paragraph 31, and on that basis they are denied.

26 |

27 |     39. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

28 |

1   truth of the allegations of Paragraph 39, and on that basis they are denied.

2   40. Defendant Huang specifically denies that he bears any responsibility for the damages
3
    claimed by the Plaintiff and that he is obligated in any way to indemnify the Plaintiff. Defendant
4
5   Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining
6   allegations of Paragraph 40, and on that basis they are denied.

7   41. Defendant Huang fully and specifically realleges and incorporates by reference his
8   responses to paragraphs 1 through 40 of the Plaintiff's First Amended Complaint.

9   42. Defendant Huang lacks knowledge or information sufficient to form a belief as to the
10
    truth of the allegations of Paragraph 42, and on that basis they are denied.
11
12  43. Defendant Huang specifically denies that he bears any responsibility for the damages
13  claimed by the Plaintiff and that he is obligated in any way to indemnify the Plaintiff. Defendant
14  Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining
15  allegations of Paragraph 43, and on that basis they are denied.

16  44. Defendant Huang specifically denies that he bears any responsibility for the damages
17
    claimed by the Plaintiff and that he is obligated in any way to indemnify the Plaintiff. Defendant
18
19  Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining
20  allegations of Paragraph 44, and on that basis they are denied.

21  45. Defendant Huang fully and specifically realleges and incorporates by reference his
22  responses to paragraphs 1 through 44 of the Plaintiff's First Amended Complaint.

23  46. The first sentence of Paragraph 46 constitutes statements on the existence of and
24  conclusions about purpose and meaning of statute and no response is required beyond the fact that
25  the law speaks for itself. Defendant Huang specifically denies that he bears any responsibility for
26  contribution pursuant to Water Code Section 13350(i) and that he is obligated in any way to
27

28
                                               7

indemnify the Plaintiff. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46, and on that basis they are denied.

47. Defendant Huang fully and specifically realleges and incorporates by reference his responses to paragraphs 1 through 46 of the Plaintiff's First Amended Complaint.

48. The allegations of Paragraph 48 of the Plaintiff's First Amended Complaint are specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48, and on that basis they are denied.

49. The allegations of Paragraph 49 of the Plaintiff's First Amended Complaint against Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49, and on that basis they are denied.

50. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and on that basis they are denied.

51. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis they are denied.

52. Defendant Huang fully and specifically realleges and incorporates by reference his responses to paragraphs 1 through 51 of the Plaintiff's First Amended Complaint.

53. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and on that basis they are denied.

54. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and on that basis they are denied.

1    55. The allegations of Paragraph 55 of the Plaintiff's First Amended Complaint against
2  Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information
3  sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55, and on that
4  basis they are denied.
5.
6    56. Defendant Huang lacks knowledge or information sufficient to form a belief as to the
7  truth of the allegations of Paragraph 56, and on that basis they are denied.
8    57. Defendant Huang fully and specifically realleges and incorporates by reference his
9  responses to paragraphs 1 through 56 of the Plaintiff's First Amended Complaint.
10   58. The allegations of Paragraph 58 of the Plaintiff's First Amended Complaint against
11 Defendant Huang are specifically denied. The first sentence of Paragraph 58 constitutes
12 statements on the existence of and conclusions about purpose and meaning of statute and no
13 response is required beyond the fact that the law speaks for itself. Defendant Huang lacks
14 knowledge or information sufficient to form a belief as to the truth of the remaining allegations of
15 Paragraph 58, and on that basis they are denied.
16
17   59. The allegations in the first sentence of Paragraph 59 of the Plaintiff's First Amended
18 Complaint against Defendant Huang are specifically denied. Defendant Huang lacks knowledge or
19 information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59,
20 and on that basis they are denied.
21
22   60. Defendant Huang fully and specifically realleges and incorporates by reference his
23 responses to paragraphs 1 through 59 of the Plaintiff's First Amended Complaint.
24
25   61. The allegations of Paragraph 61 of the Plaintiff's First Amended Complaint against
26 Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information
27 sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61, and on that
28                                         9

1  basis they are denied.

2  62. The allegations of Paragraph 62 of the Plaintiff's First Amended Complaint against
3
4  Defendant Huang are specifically denied.  Defendant Huang lacks knowledge or information
5  sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62, and on that
6  basis they are denied.

7  63. The allegations of Paragraph 63 of the Plaintiff's First Amended Complaint against
8  Defendant Huang are specifically denied.  Defendant Huang lacks knowledge or information
9  sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63, and on that
10  basis they are denied.
11
12  64. Defendant Huang fully and specifically realleges and incorporates by reference his
13  responses to paragraphs 1 through 63 of the Plaintiff's First Amended Complaint.

14  65. The allegations of Paragraph 65 of the Plaintiff's First Amended Complaint against
15  Defendant Huang are specifically denied.  Defendant Huang lacks knowledge or information
16  sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65, and on that
17
18  basis they are denied.

19  66. The allegations of Paragraph 66 of the Plaintiff's First Amended Complaint against
20  Defendant Huang are specifically denied.  Defendant Huang lacks knowledge or information
21  sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66, and on that
22  basis they are denied.
23
24  67. Defendant Huang fully and specifically realleges and incorporates by reference his
25  responses to paragraphs 1 through 66 of the Plaintiff's First Amended Complaint.

26  68. Defendant Huang lacks knowledge or information sufficient to form a belief as to the
27  truth of the allegations of Paragraph 68, and on that basis they are denied.

28
10

69. The allegations of Paragraph 69 of the Plaintiff's First Amended Complaint against Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 69, and on that basis they are denied.

70. The allegations of Paragraph 70 of the Plaintiff's First Amended Complaint against Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 70, and on that basis they are denied.

71. The allegations of Paragraph 71 of the Plaintiff's First Amended Complaint against Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71, and on that basis they are denied.

72. The allegations of Paragraph 72 of the Plaintiff's First Amended Complaint against Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 72, and on that basis they are denied.

73. Defendant Huang fully and specifically realleges and incorporates by reference his responses to paragraphs 1 through 72 of the Plaintiff's First Amended Complaint.

74. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74, and on that basis they are denied.

75. The allegations of Paragraph 75 of the Plaintiff's First Amended Complaint are specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

11

1 | Paragraph 75, and on that basis they are denied.

2 |     76. The allegations of Paragraph 76 of the Plaintiff's First Amended Complaint against

3 | Defendant Huang are specifically denied.

4 |     77. The allegations of Paragraph 77 of the Plaintiff's First Amended Complaint are

5 |

6 | specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks

7 | knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

8 | Paragraph 77, and on that basis they are denied.

9 |     78. The allegations of Paragraph 78 of the Plaintiff's First Amended Complaint are

10 | specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks

11 | knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

12 | Paragraph 78, and on that basis they are denied.

13 |

14 |     79. Defendant Huang fully and specifically realleges and incorporates by reference his

15 | responses to paragraphs 1 through 78 of the Plaintiff's First Amended Complaint.

16 |     80. Defendant Huang lacks knowledge or information sufficient to form a belief as to the

17 | truth of the remaining allegations of Paragraph 80, and on that basis they are denied.

18 |

19 |     81. The allegations of Paragraph 81 of the Plaintiff's First Amended Complaint are

20 | specifically denied insofar as they relate in any way to Defendant Huang. Defendant Huang lacks

21 | knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

22 | Paragraph 81, and on that basis they are denied.

23 |     82. The allegations of Paragraph 82 of the Plaintiff's First Amended Complaint against

24 | Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information

25 | sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82, and on that

26 |

27 | basis they are denied.

28 |

83. Defendant Huang fully and specifically realleges and incorporates by reference his responses to paragraphs 1 through 82 of the Plaintiff's First Amended Complaint.

84. The allegations of Paragraph 84 of the Plaintiff's First Amended Complaint against Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84, and on that basis they are denied.

85. The allegations of Paragraph 85 of the Plaintiff's First Amended Complaint against Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 85 and on that basis they are denied.

86. The allegations of Paragraph 86 of the Plaintiff's First Amended Complaint against Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86, and on that basis they are denied.

87. The allegations of Paragraph 87 of the Plaintiff's First Amended Complaint against Defendant Huang are specifically denied. Defendant Huang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 87, and on that basis they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### Failure to State a Claim

The Plaintiff's First Amended Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a claim for which relief may be granted against Defendant Huang.

13

1    SECOND AFFIRMATIVE DEFENSE

2    Statutes of Limitations

3    One or more of the causes of action Plaintiff's First Amended Complaint is barred by the

4    applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure

5

6    § 338.

7    THIRD AFFIRMATIVE DEFENSE

8    Waiver and Estoppel

9    The Plaintiff's First Amended Complaint and each and every cause of action applicable to

10   Defendant Huang therein is barred by the equitable doctrines of waiver and estoppel because of the

11   acts, conduct and omissions of the Plaintiff and their agents and employees.

12

13   FOURTH AFFIRMATIVE DEFENSE

14   Compliance with Statutes

15   All conduct and activities, if any, of Defendant Huang, as alleged in the Plaintiff's First Amended

16   Complaint, conformed to statutes, rules and regulations existing at all relevant times alleged in the

17   Plaintiff's First Amended Complaint.

18

19   FIFTH AFFIRMATIVE DEFENSE

20   Due Care and Diligence

21   Defendant Huang exercised due care and diligence in all of the matters alleged in the Plaintiff's

22   First Amended Complaint, and no act or omission by Defendant Huang was the proximate cause

23   of any damage, injury or loss to the Plaintiff.

24

25   SIXTH AFFIRMATIVE DEFENSE

26   Equitable Contribution and/or Indemnity

27

28
                                    14

1  There may be persons and entities, both named and unnamed in the Plaintiff's First Amended

2  Complaint who either are or may be legally and proximately responsible for the Plaintiff's alleged

3  injuries and damages, if any, and Defendant Huang respectfully requests that this court determine

4  the nature and extent of said fault by other parties and determine a proper allocation of the same

5  between the parties for the purpose of permitting equitable contribution and/or indemnity among

6  the parties toward any judgment recovered by the Plaintiff, pursuant to, without limitation, the rule

7  of <u>American Motorcycle Assn. v. Superior Court</u> (1978) 20 Cal.3d 578, 146 Cal.Rptr. 182, and for

8  the purpose of reducing the share of Defendant Huang, if any, by a fair and equitable amount.

9  

10  SEVENTH AFFIRMATIVE DEFENSE

11  <u>Notice of Spills, Releases or Discharges</u>

12  The Plaintiff's First Amended Complaint is barred, in whole or in part, based on Plaintiff's actual

13  or constructive notice of reported spills or releases, if any, from publicly available records.

14  

15  EIGHTH AFFIRMATIVE DEFENSE

16  <u>Failure to Mitigate</u>

17  Any recovery to which the Plaintiff is entitled should be limited because the Plaintiff failed to

18  mitigate its damages.

19  

20  NINTH AFFIRMATIVE DEFENSE

21  <u>Frivolous Action</u>

22  The Plaintiff's First Amended Complaint, or one or more portions of it, is frivolous, and

23  Defendant Huang should be entitled to reasonable costs and attorneys fees pursuant to California

24  Code of Civil Procedure § 1038.

25  

26  TENTH AFFIRMATIVE DEFENSE

27  <u>No Response Costs Incurred</u>

28

1 Under CERCLA, the Plaintiff has incurred no response costs cognizable under the law.

2                    ELEVENTH AFFIRMATIVE DEFENSE

3                      No Jurisdiction Under RCRA
4
5 There is no jurisdiction under RCRA because Plaintiff did not properly notify Defendant Huang in

6 accordance with the statute and regulations prior to bringing this action against him.

7                    TWELFTH AFFIRMATIVE DEFENSE

8                            Laches

9 Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Defendant

10
11 Huang, whereby the complaint and each and every cause of action therein applicable to Defendant

12 Huang is barred, in whole or in part, by the doctrine of laches.

13                   THIRTEENTH AFFIRMATIVE DEFENSE

14                  Comparative Negligence of Plaintiff

15 Plaintiff was negligent, careless or otherwise at fault concerning the matters alleged in the

16 complaint, and Plaintiff's own negligence, carelessness or other conduct constituting violation of

17 statute, regulation or ordinance and therefore negligence per se, including but not limited to the
18
19 negligence or other conduct of the agents or employees of Plaintiff, proximately caused or

20 contributed to Plaintiff's own injury and damages, if any, thereby reducing or eliminating Plaintiff's

21 entitlement to recovery, if any, in proportion to Plaintiff's own fault.

22                   FOURTEENTH AFFIRMATIVE DEFENSE

23                            Uncertainty
24
25 The complaint and each and every cause of action presented therein is vague, ambiguous and

26 uncertain, and fails to plead elements of claims with sufficient clarity, specificity and particularity.

27                    FIFTEENTH AFFIRMATIVE DEFENSE

28                              16

## Substantial Factor

The complaint and each and every cause of action therein is barred on the grounds that the conduct and activities of Defendant Huang referred to in the complaint, if any, were not a substantial factor, and were at most a *deminimis* contributor, in bringing about the injuries and damages complained of, if any have been actually suffered, by Plaintiff, and therefore, any injunction would pose a disproportionate hardship on Defendant Huang, in comparison to the injury an/or damages allegedly suffered by Plaintiff, and accordingly, Plaintiff is not entitled to injunctive relief as to Defendant Huang.

## SIXTEENTH AFFIRMATIVE DEFENSE

### No Sufficient Allegation of Special Injury or Damages

Plaintiff's public nuisance claims must be dismissed because Plaintiff has failed sufficiently to allege a special injury or special damages to Plaintiff, an absolute prerequisite to the assertion of a public nuisance claim.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Credit for Settlement

To the extent that any party has settled or may settle in the future with Plaintiff, including but not limited to by payments or other means, Defendant Huang asserts his entitlement to an appropriate credit or reduction of any judgment(s) against him.

## EIGHTHTEENTH AFFIRMATIVE DEFENSE

### Incorporated Defenses

Defendant Huang incorporates by reference any and all affirmative defense(s) alleged by other defendants in this case that are applicable to Defendant Huang.

## NINETEENTH AFFIRMATIVE DEFENSE

17

1                        <u>Degree of Fault</u>

2   Defendant Huang refers to the California Civil Code provisions at §§ 1431.1 through 1431.5 and

3   states that his liability, if any, should be allocated to him only in direct proportion to his degree of

4

5   fault, if any, and further that his liability for non-economic damages should be only several and not

6   joint, pursuant to those provisions.

7       WHEREFORE, Defendant Huang prays as follows:

8       a. That the Plaintiff shall take nothing by reason of the Plaintiff's First Amended Complaint,

9       and that judgment be rendered in favor of Defendant Huang;

10

11       b. That Defendant Huang be awarded his costs of suit incurred in defense of this action;

12       c. That, where authorized by statute or other law, if any, Defendant Huang be awarded his

13       attorneys fees; and

14       d. For such other and further relief as the Court deems just and proper.

15       **WHEREFORE**, Defendant Huang requests entry of judgment dismissing the Plaintiff's

16   First Amended Complaint with prejudice and awarding Defendant Huang relief as requested in this

17   response to the First Amended Complaint.

18

19              **<u>COUNTERCLAIMS AGAINST THE PLAINTIFF</u>**

20       Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and

21   Counterclaimant Guan Huang (hereinafter "Counterclaimant Huang") hereby asserts his

22   counterclaims against the Plaintiff, as follows:

23                     **<u>INTRODUCTION</u>**

24       1.     This case arises from the Plaintiff's unlawful allowance of polluting and

25   contamination of soil and groundwater in connection with the operation of dry-cleaning businesses

26

27

28                          18

1  at leased premises owned by the Plaintiff at 2531 Telegraph Avenue in Berkeley, California (the

2  "Property") alleged in Plaintiff's First Amended Complaint.

3                                    **PARTIES**

4      2.      Upon information and belief, Plaintiff Wells Fargo Bank, N.A., as Trustee for the

5  Clara Poppie Trust, is a bank and national association, with offices in San Francisco, California.

6      3.      Defendant Guan Huang is a natural person residing in the City of San Francisco,

7

8  California.

9                          **JURISDICTION AND VENUE**

10     4.      Upon information and belief, this action primarily arises under the federal

11 Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42

12 U.S.C. §§ 9601, *et seq.*  This Court therefore has jurisdiction over the subject matter of this action

13 pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 9613(b), 42 U.S.C. § 9607(a), 42 U.S.C. § 9613(f), 28

14 U.S.C. § 2201, 28 U.S.C. § 2202 and Federal Rules of Civil Procedure, Rule 57.  This Court has

15 supplemental jurisdiction of the state claims asserted in this action pursuant to 28 U.S.C. § 1367.

16 The federal and state claims herein alleged are based on the same set of operative facts.  Judicial

17 economy, convenience, and fairness to the parties will result if this Court assumes and exercises

18 jurisdiction over the state claims.

19     5.      Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b) as the

20 property that is the subject of this action and a substantial portion of the events or omissions giving

21 rise to these claims occurred in this judicial district.  Venue is also proper under 42 U.S.C. §

22 9613(b) as the releases and threatened releases of hazardous substances, and the damages that are

23 the subject of this action, occurred in the District, according to the allegations of the Plaintiff.  All

---

19

of the Plaintiff's activities, omissions and conduct pertinent to this action occurred in or near

Berkeley, California.

## GENERAL ALLEGATIONS

6.      Counterclaimant Huang is informed and believes, and on that basis alleges, that the

Plaintiff is the current owner of the Property and has been the owner of the Property at all times

pertinent to this action.

7.      Based on information and belief, as a direct and proximate result of the Plaintiff's

conduct and failure to act, and due to its failure to carry out its legal duties and responsibilities and

its violations of applicable laws, the Property came to be contaminated by the release of hazardous

substances.

## FIRST COUNTERCLAIM
### (CERCLA SECTION 107(A) AND 113 FOR NECESSARY COSTS OF RESPONSE AND CONTRIBUTION)

8.      Counterclaimant Huang realleges each of the foregoing paragraphs of this

counterclaim and incorporates them herein by reference as though set forth in full herein.

9.      The Property is a "facility" within the meaning of 42 U.S.C. § 9601(9). Plaintiff is

a "person" within the meaning of 42 U.S.C. § 9601(21). The contaminants located in the soil and

ground water at, on, or under the Property, including but not limited to PCE, are "hazardous

substances" within the meaning of 42 U.S.C. § 9601(14).

10.     Under Sections 107 and 113 of CERCLA, 42 U.S.C. § 9607 and § 9613,

Counterclaimant Huang seeks recovery of necessary costs of response and payment from the

Plaintiff, and in the nature of contribution, for Counterclaimant Huang's outlays of all past present,

and future necessary response costs, if any, incurred in response to the release of hazardous

substances at or affecting the Property. As the past and current owner of the Property, and as the

20

person and entity legally responsible for allowing the release and continued threat of the release of hazardous substances into the soil, ground water and environment, Plaintiff is liable for the contamination pursuant to 42 U.S.C. § 9607(a).

11.    Counterclaimant Huang has incurred, and will continue to incur, necessary response costs, including costs identifying responsible parties, and other such costs, in connection with the releases and threatened releases of hazardous substances at the Property. All of the necessary response costs incurred and to be incurred by Counterclaimant Huang are a result of the contamination caused to the Property by the release of hazardous substances.

12.    All costs incurred, or to be incurred, by Counterclaimant Huang in connection with the investigation and remediation of the Property, including the surrounding adjacent and downgradient areas, are necessary costs of response consistent with the provisions of CERCLA and the National Contingency Plan.

13.    Counterclaimant Huang will continue to incur response costs and other costs in connection with the investigation and remediation of the Property as a result of ongoing efforts to clean up, remediate and remove released hazardous substances from the environment. There has been no completion of a removal action, nor has it been six years since the initiation of a remedial action within the meaning of 42 U.S.C. § 9613(g).

14.    The Plaintiff is liable to Counterclaimant Huang pursuant to 42 U.S.C. § 9607(a) and § 9613 for all or part of the past, present, and future necessary costs of response, including without limitation, investigation and remediation expenses, attorneys' fees, oversight costs and interest, resulting from the release by the Plaintiff or by the acts or omissions of third parties with whom the Plaintiff was in a contractual relationship at the Property, in an amount to be determined at the time of trial.

15.    Pursuant to 42 U.S.C. § 9613(g)(2), Counterclaimant Huang is entitled to a declaratory judgment that the Plaintiff is liable in any subsequent action by Counterclaimant Huang to recover further response costs or damages incurred in response to the release of hazardous substances at and from the Property.

## SECOND COUNTERCLAIM
## (HSAA SECTIONS § 25363 & 25399)

16.    Counterclaimant Huang realleges each of the foregoing paragraphs of this counterclaim and incorporates them herein by reference as though set forth in full herein.

17.    The Plaintiff is legally responsible for the release, within the meaning of the Hazardous Substances Account Act ("HSAA"), California Health and Safety Code § 25320, of hazardous substances at and from the Property, within the meaning of Health and Safety Code § 25316.

18.    The Plaintiff is a responsible party and/or a liable person within the meaning of HSAA, Health and Safety Code § 25323.5.

19.    Counterclaimant Huang has incurred, and will continue to incur, necessary response costs, including costs identifying responsible parties, and other such costs, in connection with the releases and threatened releases of hazardous substances at the Property. All of the necessary response costs incurred and to be incurred by Counterclaimant Huang are a result of the contamination caused to the Property by the release of hazardous substances, all pursuant to HSAA and CERCLA and therefore he is entitled to contribution and indemnity from the Plaintiff under HSAA, Health and Safety Code § 25363(e) and § 25399.

## THIRD COUNTERCLAIM
## (NEGLIGENCE)

22

20.    Counterclaimant Huang realleges each of the foregoing paragraphs of this counterclaim and incorporates them herein by reference as though set forth in full herein.

21.    The Plaintiff owed and owes Counterclaimant Huang a duty of reasonable care to prevent and/or properly remediate the release of contaminants, hazardous substances, materials, wastes and/or pollutants into the soil, groundwater, surface and environment at the Property, and avoid contaminating adjoining or nearby real property, including the Property, as well as a duty to remediate and avoid damage to human health and the environment.

22.    The Plaintiff breached its duties to Counterclaimant Huang by: (1) negligently, grossly negligently and/or recklessly permitting the release of PCE and other contaminants to contaminate the soil, ground water and environment at the Property and to migrate to and contaminate other areas (both on and off of the Property); and (2) failing to fully and completely investigate, clean up and remediate the damage caused by such contamination.

23.    The Plaintiff, while owning the Property, had a duty at all times to avoid the discharge or release of hazardous substances or contaminants in a manner which would cause injury or damages to Counterclaimant Huang, the public, and the environment.

24.    At all relevant times, the Plaintiff knew or should have known of the presence of hazardous substances or contaminants on the leasehold created by the ongoing dry cleaning operations, and knew or should have known of the fact that the hazardous substances or contaminants had caused or contributed to the contamination on, off, under, adjacent to and downgradient of the Property. Counterclaimant Huang is informed and believes that, by the Plaintiff's acts and omissions, the Plaintiff negligently failed to exercise due care, thereby proximately allowing and causing hazardous substances or contaminants to be released onto and into the Property and surrounding areas.

DEFENDANT GUAN HUANG'S RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. CV 08 2561 EMC

25.    As a direct and proximate result of the negligent acts or omissions of the Plaintiff, Counterclaimant Huang has suffered damages, including but not limited to significant cost and expense related to the release of the hazardous substances or contaminants on, under, adjacent to, and downgradient of the Property and the surrounding areas.

### FOURTH COUNTERCLAIM
### (NEGLIGENCE PER SE)

26.    Counterclaimant Huang realleges each of the foregoing paragraphs of this counterclaim and incorporates them herein by reference as though set forth in full herein.

27.    The Plaintiff at various times, was obligated to comply with certain ordinances, statutes, and regulations governing use and/or ownership of the Property. In particular, the Plaintiff was, at various times, obligated to comply with federal and State ordinances, statutes, and regulations governing the storage, use and/or release(s) of hazardous substances and wastes at the Property and nearby areas, and governing the activities at the Property. These certain ordinances, statutes, and regulations set the minimum standard of care required of the Plaintiff in the use and/or ownership of the leasehold at the Property.

28.    The Plaintiff failed to comply with such certain ordinances, statutes, and regulations governing use of the Property, particularly ordinances, statutes, and regulations governing the storage, use and/or release(s) of hazardous substances or contaminants at the Property and nearby areas by allowing use of the Property in a manner that resulted in the contamination of the Property and the surrounding areas, through the release of hazardous substances. Counterclaimant Huang avers that, in violating the ordinances, statutes, and regulations, the Plaintiff failed *per se* to own and require operation of the Property in a reasonable manner, resulting in injury and damage to Counterclaimant Huang.

29.    Counterclaimant Huang is a member of the class of persons for whose protection those ordinances, statutes, and regulations were enacted.

30.    The foregoing acts and/or omissions by the Plaintiff constitute negligence *per se* in violation of the laws and/or regulations of the United States and the State and local government.

31.    As a direct and proximate result of the acts and/or omissions of the Plaintiff, Counterclaimant Huang has suffered injuries in that Counterclaimant Huang has been forced to incur costs and expenses that would not otherwise have been incurred.

32.    As a further direct and proximate result of the acts and/or omissions of the Plaintiff, Counterclaimant Huang has suffered damages in an amount to be determined at the time of trial.

### FIFTH COUNTERCLAIM
### (DECLARATORY RELIEF)

33.    Counterclaimant Huang realleges each of the foregoing paragraphs of this counterclaim and incorporates them herein by reference as though set forth in full herein.

34.    Plaintiff is legally responsible for the contamination on, under, adjacent to and downgradient from the Property and the surrounding areas based on its acts and/or omissions at the Property. Plaintiff is responsible for its fair share of all monies expended and to be expended to ensure the proper clean up of the contamination at and surrounding the Property.

35.    Counterclaimant Huang is informed and believes, and thereon avers, that the Plaintiff denies that it is responsible for said contamination and for all or any monies expended and to be expended to ensure the proper cleanup of the contamination into the future.

36.    An actual controversy has arisen and now exists between Counterclaimant Huang and the Plaintiff on respective liabilities for the investigation, testing, and cleanup of the

1  contamination on, under, adjacent to and underlying the Property and the surrounding areas and

2  the costs and expenses therefor.

3        37.    A judicial determination is necessary and appropriate at this time in order that

4
5  Counterclaimant Huang and the Plaintiff may ascertain liability, if any, with respect to the ongoing

6  investigation, testing, remediation and clean up of the contamination at the Property and the costs

7  and expenses therefor, and Counterclaimant Huang's damages resulting from the contamination

8  on, under, adjacent to and downgradient from the Property and the surrounding areas.

9                              **PRAYER FOR RELIEF**

10        WHEREFORE, Counterclaimant Huang prays for judgment against the Plaintiff, as

11  follows:

12
13        1.     For general economic and consequential damages in an amount to be determined at

14  the time of trial;

15        2.     For costs for the investigation, testing, remediation and clean up of the

16  contamination on, under, adjacent to or downgradient from the Property and the surrounding areas

17  in an amount to be determined at the time of trial;

18
19        3.     For prejudgment interest on all sums expended in an amount to be determined at

20  the time of trial;

21        4.     Declaratory relief establishing the Plaintiff's liability for environmental

22  contamination at the Property;

23        5.     For Counterclaimant Huang's attorney's fees and costs of suit; and

24
25        6.     For such other and further relief the Court deems just and proper.

26

27

28                              26

# DEMAND FOR TRIAL BY JURY

Defendant and Counterclaimant Huang hereby demands a Jury Trial on all issues so triable in this action, in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Date:   July 17, 2008                    Respectfully submitted,

                                         LAW OFFICES OF KARL R. MORTHOLE

                                         By    s/Karl R. Morthole
                                             Karl R. Morthole
                                         Attorney for Defendant Guan Huang
                                         Law Offices of Karl R. Morthole
                                         57 Post Street
                                         Suite 801
                                         San Francisco, CA 94104
                                         (415) 986-0227