**GREBEN & ASSOCIATES**
1332 ANACAPA STREET, SUITE 110
SANTA BARBARA, CA 93101
TELEPHONE: (805) 963-9090
FACSIMILE: (805) 963-9098

Jan A. Greben, State Bar No. 103464
Jenna L. Motola, State Bar No. 246738
Attorneys for Plaintiff Wells Fargo Bank, N.A.,
as Trustee of the Clara Poppic Trust

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC TRUST, | Case No. CV 08 2561 EMC |
|---|---|
| Plaintiff, | COMPLAINT FILED: 5/21/08<br>TRIAL DATE: None Set |
| vs. | |
| KENNETH G. RENZ; ESTATE OF JACKSON R. DENNISON; ESTATE OF WILEY UMSTEAD; KAZUKO UMSTEAD; WON JAE YI aka MICHAEL YI; NAN Y. PARK; GUAN HUANG; YING ZHANG and SUI SONG, | **REPLY TO DEFENDANT GUAN HUANG'S COUNTERCLAIMS** |
| Defendants. | **DEMAND FOR JURY TRIAL** |
| And Related Cross-Actions | |

WELLS FARGO BANK, N.A, as TRUSTEE for the CLARA POPPIC TRUST ("Plaintiff"), by its attorneys of record, hereby files this reply to Guan Huang's Counterclaims in this action as follows:

1. Paragraph 1 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Plaintiff unlawfully allowed polluting and/or contamination of soil and groundwater in connection with the operation of dry-cleaning

1
REPLY TO DEFENDANT GUAN HUANG'S COUNTERCLAIMS
Case No. CV 08 2561 EMC

businesses at leased premises owned by Plaintiff at 2531 Telegraph Avenue in Berkeley, California (the "Property"). To the extent Paragraph 1 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis, they are denied.

2. To the extent Paragraph 2 alleges that Plaintiff Wells Fargo Bank N.A., as Trustee for the Clara Poppic Trust, is a bank and national association, with office in San Francisco, California, such allegation is admitted. All other allegations contained in Paragraph 2 are denied.

3. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis, they are denied.

4. Paragraph 4 constitutes a statement and conclusion of law of which no response is required. To the extent Paragraph 4 contains any factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis, they are denied.

5. Paragraph 5 constitutes a statement and conclusion of law of which no response is required. To the extent Paragraph 5 contains any factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis, they are denied.

6. To the extent Paragraph 6 alleges that Plaintiff is the current owner of the Property and has been the owner of the Property at all times relevant to Plaintiff's Complaint, such allegation is admitted. All other allegations contained in Paragraph 2 are denied.

7. Paragraph 7 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that the alleged contamination at the Property is a direct or proximate result of Plaintiff's conduct or failure to act; that Plaintiffs had any legal duties and responsibilities; or that Plaintiff has violated any laws. To the extent Paragraph 7 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis, they are denied.

8. Plaintiff incorporates its answers to Paragraphs 1 through 7 as through fully set

1  forth herein.

2  9. Paragraph 9 constitutes a statement and conclusion of law of which no response is required. To the extent Paragraph 9 contains any factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis, they are denied.

10. Paragraph 10 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Counterclaimant has incurred or will incur and costs in response to any release of hazardous substance at or affecting the Property; that any costs incurred or to be incurred by Counterclaimant are necessary; or that Counterclaimant is entitled to recovery of costs of response and payment from Plaintiff for outlays of all past, present, and future necessary response costs. Additionally, Plaintiff specifically denies that Plaintiff is liable for the contamination pursuant to 42 U.S. C. § 9607 (a); that Plaintiff as the past and current owner of the Property, is the person or entity legally responsible for allowing the release or continued threat of the release of hazardous substances into the soil, groundwater and environment; or that Plaintiff allowed the release or continue threat of release of hazardous substances into the soil, groundwater and environment. To the extent Paragraph 10 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis, they are denied.

11. Paragraph 11 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Counterclaimant has incurred or will incur response costs, including costs identifying responsible parties, and other such costs, in connection with the release or threatened release of hazardous substances at the Property; that any of the response costs incurred or to be incurred by Counterclaimant are a result of the contamination caused to the Property by the release of hazardous substances; or that any of the response costs incurred or to be incurred by Counterclaimant are necessary. To the extent Paragraph 11 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis, they are denied.

12. Paragraph 12 constitutes a statement and conclusion of law of which no response

3

is required. Plaintiff specifically denies that Counterclaimant will incur costs investigating or remediating the Property including surrounding adjacent and downgradient areas; or that any costs incurred, or to be incurred, by Counterclaimant in connection with the investigation and remediation of the Property, including surround adjacent and downgradient areas, are necessary costs of response consistent with the provisions of CERCLA and the National Contingency Plan. To the extent Paragraph 12 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis, they are denied.

13. Paragraph 13 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Counterclaimant will continue to incur response costs and other costs in connection with the investigation and remediation of the Property; or that Counterclaimant will incur response costs as a result of ongoing efforts to clean up, remediate and remove released hazardous substances from the environment. To the extent Paragraph 13 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis, they are denied.

14. Paragraph 14 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Plaintiff is liable to Counterclaimant pursuant to 42 U.S.C. § 9607 (a) and § 9613 for any part of the past, present, or future alleged costs of response, including without limitation, investigation and remediation expenses, attorneys' fees, oversight costs and interest; that any costs incurred by Counterclaimant are necessary costs; or that any costs incurred by Counterclaimant are a result of the release by Plaintiff or by the acts or omissions of third parties with whom Plaintiff was in contractual relationship at the Property. To the extent Paragraph 14 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis, they are denied.

15. Paragraph 15 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Counterclaimant is entitled to a declaratory

judgment pursuant to 42 U.S.C. § 9613 (g)(2); that Plaintiff is liable in any subsequent action by Counterclaimant to recover further response costs or damages incurred in response to the release of hazardous substances at and from the Property; or that Counterclaimant has incurred response costs or damages in response to the release of hazardous substance at and from the Property. To the extent Paragraph 15 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis, they are denied.

16. Plaintiff incorporates its answers to Paragraphs 1 through 15 as through fully set forth herein.

17. Paragraph 17 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Plaintiff is legally responsible for any release, within the meaning of Hazardous Substances Account Act ("HSAA"), California Health and Safety Code § 25320, of hazardous substances at and from the Property, within the meaning of Health and Safety Code § 25316. To the extent Paragraph 17 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis, they are denied.

18. Paragraph 18 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Plaintiff is a responsible party or liable person within the meaning of HSAA, Healthy and Safety Code § 25323.5. To the extent Paragraph 18 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis, they are denied.

19. Paragraph 19 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Counterclaimant has incurred, or will continue to incur response costs, including costs identifying responsible parties, and other such costs, in connection with the alleged release or threatened releases of hazardous substances at the Property; that any costs to be incurred by Counterclaimant are necessary; that any costs incurred by Counterclaimant are a result of the contamination caused to the Property by the release of

1  hazardous substances, all pursuant to HSAA and CERCLA; or that Counterclaimant is entitled to
2  contribution and indemnity from Plaintiff under HSAA, Health and Safety Code § 25363 (e) and
3  § 25399. To the extent Paragraph 19 contains any other factual allegations, Plaintiff lacks
4  knowledge or information sufficient to form a belief as to the truth of the allegations contained in
5  Paragraph 19, and on that basis, they are denied.

6      20.    Plaintiff incorporates its answers to Paragraphs 1 through 19 as through fully set
7  forth herein.

8      21.    Paragraph 21 constitutes a statement and conclusion of law of which no response
9  is required. Plaintiff specifically denies that Plaintiff had any duties to Counterclaimant; that
10 Plaintiff owed or owes Counterclaimant any duty of reasonable care to prevent or properly
11 remediate the release of contaminants, hazardous substances, materials, wastes or pollutants into
12 the soil, groundwater, surface or environment at the Property; and avoid contaminating adjoining
13 or nearby real property, including the Property; or that Plaintiff owed or owes Counterclaimant
14 any duty to remediate or avoid damage to human health and the environment. To the extent
15 Paragraph 21 contains any other factual allegations, Plaintiff lacks knowledge or information
16 sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and on that
17 basis, they are denied.

18     22.    Paragraph 22 constitutes a statement and conclusion of law of which no response
19 is required. Plaintiff specifically denies that Plaintiff had any duties to Counterclaimant; that
20 Plaintiff breached any duty to Counterclaimant; that Plaintiff negligently, grossly negligently or
21 recklessly permitted the release of PCE or other contaminants to contaminate the soil, ground
22 water or environment at the Property; that alleged contaminants migrated to and contaminated
23 other areas (both on and off of the Property); that Plaintiff negligently, grossly negligently or
24 recklessly permitted contaminants to migrate to and contaminate other areas (both on and off of
25 the Property); or that Plaintiff failed to fully and completely investigate, clean up or remediate
26 the damage caused by such contamination. To the extent Paragraph 22 contains any other
27 factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the
28 truth of the allegations contained in Paragraph 22, and on that basis, they are denied.

23. Paragraph 23 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Plaintiff had any duties to Counterclaimant; or that Plaintiff, while owning the Property, had any duty, at any time, to avoid the discharge or release of hazardous substances or contaminants in a manner which would cause injury or damages to Counterclaimant, the public, and the environment. To the extent Paragraph 23 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis, they are denied.

24. Paragraph 24 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Plaintiff, at any time relevant, knew or should have known of the presence of hazardous substances or contaminants on the leasehold created by the ongoing dry cleaning operations; that Plaintiff knew or should have known of the fact that the hazardous substances or contaminants had caused or contributed to the contamination on, off, under, adjacent to and downgradient of the Property. Plaintiff also denies that by Plaintiff's acts or omissions, Plaintiff negligently failed to exercise due care; or that Plaintiff proximately allowed and caused hazardous substances or contaminants to be released onto and into the Property and surrounding areas. To the extent Paragraph 24 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and on that basis, they are denied.

25. Paragraph 25 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Counterclaimant has suffered damages including but not limited to significant cost and expense related to the alleged release of hazardous substances or contaminants on, under, adjacent to, and downgradient of the Property and the surrounding areas; that Counterclaimant's damages are as a direct and proximate result of the negligent acts or omissions of the Plaintiff; or that Plaintiff's acted negligently. To the extent Paragraph 25 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and on that basis, they are denied.

26. Plaintiff incorporates its answers to Paragraphs 1 through 25 as through fully set

forth herein.

27. Paragraph 27 constitutes a statement and conclusion of law of which no response is required. To the extent Paragraph 27 contains any factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and on that basis, they are denied.

28. Paragraph 28 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Plaintiff failed to comply with any ordinances, statutes, or regulations governing the use of the Property, particularly ordinances, statutes, and regulations governing storage, use or release of hazardous substances or contaminants at the Property and nearby areas by allowing use of the Property in a manner that resulted in the contamination of the Property and the surrounding areas, through the release of hazardous substances; that Plaintiff violated any ordinances, statutes, or regulations; or that Plaintiff failed *per se* to own and require operation of the Property in a reasonable manner, resulting in injury and damage to Counterclaimant. To the extent Paragraph 28 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis, they are denied.

29. Paragraph 29 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Counterclaimant is a member if the class of persons for whose protection those ordinances, statutes, and regulations were enacted. To the extent Paragraph 29 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis, they are denied.

30. Paragraph 30 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Plaintiff's acts or omissions constitute negligence *per se*; that Plaintiff is or was in violation of any laws or regulations of the United States and the State and local government. To the extent Paragraph 30 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and on that basis, they are denied.

1    31.    Paragraph 31 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Counterclaimant has suffered injuries in that Counterclaimant has been forced to incur costs and expenses that would not other wise have been incurred; that Counterclaimant has incurred costs and expenses or suffered injuries; or that any suffered injuries, costs or expenses incurred by Counterclaimant are as a direct and proximate result of the acts or omissions of Plaintiff. To the extent Paragraph 31 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and on that basis, they are denied.

32.    Paragraph 32 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Counterclaimant has suffered damaged; or that any damages suffered by Counterclaimant are as a direct and proximate result of the acts or omissions of Plaintiff. To the extent Paragraph 32 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and on that basis, they are denied.

33.    Plaintiff incorporates its answers to Paragraphs 1 through 32 as through fully set forth herein.

34.    Paragraph 34 constitutes a statement and conclusion of law of which no response is required. Plaintiff specifically denies that Plaintiff is legally responsible for any alleged contamination on, under, adjacent to and downgradient from the Property and the surrounding areas based on its acts or omissions at the Property; or that Plaintiff is responsible for any share of monies expended and to be expended to ensure the proper clean up of contamination at and surrounding the Property. To the extent Paragraph 34 contains any other factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and on that basis, they are denied.

35.    Paragraph 35 constitutes a statement and conclusion of law of which no response is required. To the extent Paragraph 35 contains any factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis, they are denied.

36. Paragraph 36 constitutes a statement and conclusion of law of which no response is required. To the extent Paragraph 36 contains any factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis, they are denied.

37. Paragraph 37 constitutes a statement and conclusion of law of which no response is required. To the extent Paragraph 37 contains any factual allegations, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and on that basis, they are denied.

## AFFIRMATIVE DEFENSES

Plaintiff alleges the following affirmative defenses against the allegations contained in the Counterclaims:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Counterclaim and each claim for relief therein fails to state facts sufficient to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

One or more of Counterclaimant's claims are barred by the statute of limitations including, but not limited to, 42 U.S.C. § 9613 (g) and California Code of Civil Procedure §§ 337, 337.1, 337.15, 337.2, 338, 338.1, 339, 340, 340.8, and 343.

### THIRD AFFIRMATIVE DEFENSE
(Laches)

One or more of Counterclaimant's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
(Ripeness)

One or more of Counterclaimant's claims are not ripe for adjudication.

### FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

One or more of Counterclaimant's claims are barred by the doctrine of unclean hands.

SIXTH AFFIRMATIVE DEFENSE

(Waiver)

One or more of Counterclaimant's claims are barred by the doctrine of waiver

SEVENTH AFFIRMATIVE DEFENSE

(Due Care)

At all times relevant hereto, Plaintiff acted with due care, and conformed to and met the standard of case relating to the use, storage and transportation of any hazardous materials at the property which is the subject of Counterclaimant's action, based on the state of knowledge existing at the time, and fulfilled all of their duties and obligations relating thereto, whether arising from common law, statute contract, tort or otherwise.

EIGHTH AFFIRMATIVE DEFENSE

(Acts or Omissions of Third Parties)

The release or threatened release of hazardous substances alleged in the Counterclaims, and any costs or damages resulting therefrom, were caused solely by the acts or omissions of third parties, other than employees or agents of Plaintiff, over whom Plaintiff had no authority or control.

NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Any recovery to which Counterclaimant is entitled should be limited because Counterclaimant failed to mitigate his damages, and this failure alone caused, contributed to and/or aggravated any damages or injury to Counterclaimant, if any.

TENTH AFFIRMATIVE DEFENSE

(Estoppel)

One or more of Counterclaimant's claims are barred by the doctrine of estoppel.

ELEVENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

In the event Plaintiff is held responsible for any of the harm or endangerment alleged in the Counterclaims and affirmative relief is granted against Plaintiff, then Plaintiff's liability should be proportionate to its contribution to the alleged harm or endangerment, if any, and the contribution of Counterclaimant and its employees and agents, co-defendants, and other persons and entities who contributed to the alleged harm or endangerment.

### TWELFTH AFFIRMATIVE DEFENSE
(Act of God, War, or Third Party)

The release or threatened release of hazardous substances which is alleged in Counterclaimant's Counterclaims was caused solely by one or more acts of God, an act of war, or by the acts or omissions of a third party or parties other than an employee or agent of Plaintiff and with whom Plaintiff had no contractual relationship, and in connection therewith Plaintiff exercised due care and took adequate precautions against foreseeable acts and omissions by any such third parties pursuant to 42 U.S.C. § 9607(b).

### THIRTEENTH AFFIRMATIVE DEFENSE
(Conformance with Statute/Industry Standards)

Any conduct of Plaintiff relating to matters alleged in the Counterclaims conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at the times alleged in the Counterclaims.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Failure to Join Indispensable Parties)

Counterclaimant has failed to join indispensable parties necessary for the just and complete adjudication of the matters raised in the Counterclaims.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Offset)

Counterclaimant's recovery, if any, against Plaintiff must be offset by any amount Counterclaimant must pay as a responsible party.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Joint and Several Liability Improper)

The harm alleged by Counterclaimant to have been caused by the actual or threatened releases of hazardous substances alleged against Plaintiff in the Counterclaims is distinct from and/or can rationally be apportioned from the harm allege to have been caused by the actual or threatened releases of hazardous substances by other third parties not in the control of Plaintiff. As a result, Counterclaimant is not entitled to the imposition of joint and several liability against Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

One or more of Counterclaimant's claims are barred by the doctrine of assumption of risk.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Contributory Fault)

That at all times and places referred to in Counterclaimant's Counterclaims, and the alleged causes of action therein contained, Counterclaimant was himself negligent and/or at fault in and about those matters alleged in the Counterclaims, and the negligence and/or fault of Counterclaimant directly and proximately contributed to the happening of the matters referred to in the Counterclaims and the alleged causes of action therein contained, and to the damages, if any, and to the injuries, if any, sustained by Counterclaimant; and should any award be given to Counterclaimant, it should be reduced by an amount commensurate with its own negligence and/or fault.

### NINETEENTH AFFIRMATIVE DEFENSE

(*De Minimis* Release)

The contribution of Plaintiff to the alleged contamination, if any, was *de minimis.*

### TWENTIETH AFFIRMATIVE DEFENSE

(Lack of Causation)

No act or omission by Plaintiff, or by any person or entity for which Plaintiff is or was responsible, is the cause in fact or proximate cause of any costs or damages alleged in the Counterclaims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Fifth Amendment)

Plaintiff cannot be held responsible for its innocent, reasonable, and legal activities, or for such activities performed by Plaintiff's employees or agents, because to do so would violate Plaintiff's rights under the Fifth Amendment of the Constitution of the United States of America.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Indemnification and Contribution)

Should Counterclaimant recover from Plaintiff, Plaintiff is entitled to indemnification and/or contribution, either in whole or in part, from all persons or entities whose negligence or fault proximately contributed to Counterclaimant's damages, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Equitable Allocation)

Plaintiff is entitled to an equitable allocation of zero.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Money Damages Adequate)

Declaratory relief is not appropriate for some or all of the allegations contained in the Counterclaims because, if Counterclaimant is entitled to remedy, which Plaintiff denies, money damages would be an adequate remedy.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Standing)

Counterclaimant lacks standing to sue for one or more claims for relief alleged in the Counterclaims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Damages Speculative)

The damages requested in Counterclaims are not available because they are not legally cognizable or recoverable on the claims alleged, and the damages, if any, are too speculative to be recoverable by law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Plaintiff is informed and believe and thereon alleges that Counterclaimant would be unjustly enriched if it received the relief, including the equitable relief, prayed for in the Counterclaims.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Unrecoverable Costs)

Plaintiff contends that Counterclaimant bears the burden to demonstrate that he incurred recoverable response costs. To the extent that Plaintiff may have any burden in this regard, Plaintiff contends that Counterclaimant has not incurred recoverable costs within the meaning of Sections 101(23) and 101(24) of CERCLA, 42 U.S.C. § 9601 (23) and 9601 (24), or within the meaning of Sections 25322, 25323 and 25363 of the Health and Safety Code; or if response costs have been incurred, these costs were not "necessary costs of response" or were inconsistent with the National Contingency Plan as set forth at 40 C.F.R. Part 300.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Acts or Omissions of Counterclaimant)

Any release or threatened release of hazardous materials, any damages allegedly resulting therefrom, and any response costs or expenditures allegedly incurred as a result thereof, were cause in whole or in part by acts and/or omissions by Counterclaimant.

## THIRTIETH AFFIRMATIVE DEFENSE

(Reasonableness and Good Faith)

At all times Plaintiff acted reasonably and in good faith, based on all relevant facts and circumstances known by Plaintiff at the time Plaintiff so acted.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Performance of Duties)

Plaintiff has fully performed any and all contractual, statutory and other duties owed and Counterclaimant is therefore estopped from asserting any claim for relief against Plaintiff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Not a Responsible Party)

Plaintiff is not a "responsible party," or "liable person" within the meaning of the Carpenter-Presley-Tanner Hazardous Substance Control Account Act, California Health and Safety Code section 25323.5 (incorporating by reference CERCLA definition of "responsible party," CERCLA section 107(a), 42 U.S. C. Section 9607(a).

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(No Release by Plaintiff)

There has been no release or threatened release of hazardous substances by Plaintiff within the meaning of CERCLA, 42 U.S. C. § 1038.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
(No Action for Contribution)

CERCLA § 107 does not provide for a cause of action for contribution. Therefore, Counterclaimant's claims for contribution under CERCLA § 107 are barred and Counterclaimant is not entitled to an award for such costs from Plaintiff.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
(Permitted Release)

Plaintiff alleges that Counterclaimant's claims under CERCLA are barred because any alleged release or threatened release upon which such claims are based was a federally and/or state permitted release.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
(Costs Inconsistent with Nation Contingency Plan)

Counterclaimant is not entitled to relief under CERCLA §§ 9601, et seq. because Counterclaimant has not taken actions and incurred costs that are not necessary costs of response consistent with the National Contingency Plan, are not cost effective and involve unreasonable cost.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
(No Response Costs Incurred)

Under CERCLA, Counterclaimant is not entitled to relief because if there was a release from any facility, the release did not cause Counterclaimant or other parties to incur response

1  costs.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Acquiescence)

One or more of Counterclaimant's claims are barred by the doctrine of acquiescence.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Good Faith)

At all times herein mentioned, Plaintiff acted in good faith.

## THIRTY-FORTIETH AFFIRMATIVE DEFENSE

(Frivolous Action)

Counterclaimant's Counter claims are frivolous and Plaintiff should be entitled to reasonable costs and attorney's fees pursuant to California Code of Civil Procedure § 1038.

## FORTY-FIRST AFFIRMATIVE DEFENSE

(No Violation of Health & Safety Code)

Plaintiff alleges that no conduct or condition attributable to Plaintiff constitutes a violation of California Health and Safety Code Sections 25300 et seq.

## FORTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Name All Necessary Parties)

Counterclaimant has failed to join indispensable parties necessary for the just and complete adjudication of the matters raised in the Counterclaims.

## FORTY-THIRD AFFIRMATIVE DEFENSE

(Reservation of Affirmative Defenses)

Because the Counterclaims are conclusory in nature, Plaintiff cannot fully anticipate all affirmative defenses that may be applicable to the action. Accordingly, Plaintiff hereby reserves its right to assert additional affirmative defenses if and to the extent that such affirmative defenses apply.

## **PRAYER**

WHEREFORE, Plaintiff prays:

1. That Counterclaimant take nothing by reason of his Counterclaims;

2. That judgment be rendered in favor of Plaintiff;
3. That this action be dismissed against Plaintiff;
4. For attorneys' fees and costs; and
5. For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: July 25, 2008

GREBEN & ASSOCIATES

JAN A. GREBEN
JENNA L. MOTOLA
Plaintiff Wells Fargo Bank, N.A.,
as Trustee of the Clara Poppic Trust

---
18
REPLY TO DEFENDANT GUAN HUANG'S COUNTERCLAIMS
Case No. CV 08 2561 EMC