**GREBEN & ASSOCIATES**
1332 ANACAPA STREET, SUITE 110
SANTA BARBARA, CA 93101
TELEPHONE: (805) 963-9090
FACSIMILE: (805) 963-9098

Jan A. Greben, State Bar No. 103464
Jenna L. Motola, State Bar No. 246738
Attorneys for Plaintiff Wells Fargo Bank, N.A.,
as Trustee of the Clara Poppic Trust

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> KENNETH G. RENZ; ESTATE OF JACKSON R. DENNISON; ESTATE OF WILEY UMSTEAD; KAZUKO UMSTEAD; WON JAE YI aka MICHAEL YI; NAN Y. PARK; GUAN HUANG; YING ZHANG and SUI SONG, <br><br> Defendants. | **Case No. CV 08 2561 EMC** <br><br> COMPLAINT FILED: 5/21/08 <br> TRIAL DATE: None Set <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS KENNETH G. RENZ AND THE ESTATE OF JACKSON R. DENNISON'S MOTION TO DISMISS** <br><br> DATE: AUGUST 20, 2008 <br> TIME: 10:30 A.M. <br> DEPARTMENT: C |
| And Related Counterclaim. | |

## ISSUE TO BE DECIDED

Defendants Kenneth G. Renz and the Estate of Jackson R. Dennison's (collectively "Defendants") motion to dismiss raises one issue to be decided by this Court- whether a claim for the recovery of costs expended in the cleanup of contamination under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") requires pre-filing notice to a defendant sixty days before filing suit. Ninth Circuit law has been clear since 1987. There is no 60-day notice provision applicable before filing an action under section 107. *State of*

1
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS-Case No. CV 08 2561 EMC

*Idaho v. Howmet Turbine Component Co.*, 814 F.2d 1376, 1380 (9th Cir. 1987). This decision closely followed the 1986 SARA amendments which made it clear, according to a widely cited and highly regarded environmental treatise, that "no pre-filing notice is required before undertaking such a suit." Manaster & Selmi, *California Environmental Law and Land Use Practice*, section 56.23(1). Accordingly, there is no basis for Defendants' motion and it must be denied.

## STATEMENT OF RELEVANT FACTS

Plaintiff Wells Fargo Bank, N.A., as Trustee for the Clara Poppic Trust ("Plaintiff"), filed this action on May 21, 2008 alleging common law tort and contract claims, violations of various state environmental statutes and a claim for relief under CERCLA § 107 for the recovery of costs expended in the investigation of contamination on the property owned by Plaintiff at 2531 Telegraph Avenue, in Berkeley, California ("the Property"). On June 24, 2008, Plaintiff filed a First Amended Complaint ("FAC"). The FAC does not allege any citizen suit claim under § 310 of CERCLA. Defendant Kenneth G. Renz and defendant Jackson R. Dennison, now deceased and sued as the Estate of Jackson R. Dennison, operated a dry cleaning facility on the Property for a number of years and Plaintiff's FAC alleges that those defendants, among others, are responsible for the contamination present at the Property. On July 10, 2008, Defendants filed this motion to dismiss. On July 18, 2008, defendant Won Jae Yi ("Yi") filed a joinder in Defendants' motion to dismiss. Defendant Kazuko Umstead ("Umstead") apparently filed a joinder to the motion to dismiss on July 23, 2008.[1] The joining defendants are also alleged to be responsible for contamination at the Property.

## ARGUMENT

I. **AS NOTICE IS NOT REQUIRED FOR ACTIONS UNDER CERCLA § 107, THE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION SHOULD BE DENIED**

A. **Relevant CERCLA Background**

CERCLA is a comprehensive body of regulation intended "to provide for effective

---

[1] Although a copy of this joinder was received by facsimile, it has not appeared on PACER.

responses to health and environmental threats posed by hazardous waste sites." *United States v. Burlington N. & Santa Fe Ry. Co.*, 520 F.3d 918, 933 (9th Cir. 2008). With this purpose in mind, the legislature enacted a number of provisions in CERCLA allowing differing suits that further the goals of CERCLA in unique ways. The two sections of relevance for the instant motion are CERCLA's cost recovery provision under § 107(a) [ 42 U.S.C. § 9607] and CERCLA's citizen suit provision under § 310 [42 U.S.C. § 9659].

### 1. Suits for Cost Recovery under CERCLA § 107

CERCLA § 107(a) provides the basis for lawsuits "against certain statutorily defined 'responsible parties' to recover costs incurred in cleaning up hazardous waste disposal sites." *Kotrous v. Goss-Jewett Co. of N. Cal.*, 523 F.3d 924, 929 (9th Cir. 2008)(citations omitted). As provided in § 107, only those parties who incur cleanup costs can then seek to recover these costs from the owner and operator of the facility, any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, any person who arranged for disposal or treatment of hazardous substances, or any person who accepted any hazardous substances for transport to disposal or treatment facilities. 42 U.S.C. § 9607. This section was enacted "to expedite cleanups by shifting the liability for cleanup costs to responsible parties." *Durfey v. E.I. DuPont de Nemours Co.*, 59 F.3d 121, 124 (9th Cir. 1995). There is no requirement for a pre-filing notice set forth in this statute.

### 2. Citizen Suits under CERCLA § 310

Unlike a § 107 cost recovery claim, a "citizen suit" under CERCLA § 310 is an action that may be commenced by *any person*, regardless of whether they have incurred costs in cleaning up contamination, to require a violator of any standard, regulation, condition, requirement, or order of CERCLA to obey and correct that violation. *Denison v. Kitzhaber*, 2001 U.S. Dist. LEXIS 12514, 14-15 (D. Or. 2001). In this vein, a citizen suit is similar to a private attorney general action where, it is bestowed with standing to enforce a law or regulation pursuant to statute. *See Regan v. Cherry Corp.*, 706 F. Supp. 145, 149 (D.R.I. 1989)("Congress intended that § 310 establish private attorneys general to supplement administrative action and aid in attacking CERCLA violators.")

Given the fact that any citizen can bring a § 310 action for injunctive relief, a prerequisite to filing, similar to "citizen suit" provisions in other environmental statutes such as Resource Conservation and Recovery Act ("RCRA"), is notice and a waiting period before filing suit. *Denison v. Kitzhaber*, 2001 U.S. Dist. LEXIS at 15. The purpose of this notice and subsequent 60 day delay serves to notify the alleged contaminator of the harm, and to allow that person to instigate cleanup measures voluntarily. *See Zands v. Nelson*, 779 F. Supp. 1254, 1260 (S.D. Cal. 1991)(citing *Hallstrom v. Tillamook County*, 493 U.S. 20, 29 (1989)). Likewise, notice must be served on the Attorney General and the EPA, to allow government agencies to instigate investigation and remediation, if they so choose. *Id*.

        3.      <u>Cost Recovery Suits under § 107 and Citizen Suits under § 310 seek Distinct Relief and therefore have Different Prerequisites for Bringing Suit</u>

It is clear that cost recovery actions under § 107 and citizen suits under § 310 provide wholly different claims for relief. This is supported by the fact that "[t]he legislative history of CERCLA § 310 demonstrates that, rather than create a duplicative private action for response costs, Congress intended to establish a citizens suit provision through which the public could prod the executive branch into zealously enforcing hazardous waste laws." *Regan v. Cherry Corp.*, 706 F. Supp. at 149.[2]

Each section of CERCLA imposes its own prerequisites to suit. Prior to suit under § 107, the plaintiff must incur cleanup costs. *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 871 (9th Cir. 2001). Conversely, prior to a citizen's suit under § 310, costs need not be incurred but a 60 day notice must be given. 42 U.S.C. § 9659. Defendants' attempt to confuse and combine these two sections is unsupported and has been specifically rejected by relevant authority. *Cf. Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1074 (9th Cir. 2006)(holding that § 107's prerequisite of incurring response costs is not applicable to citizen suits).

The rationale behind § 310's notice provision, allowing time for responsible parties or the

---

[2] And the Supreme Court agrees. See discussion in *Key Tronic Corp. v. United States*, 511 U.S. 809, 817 (1994).

4

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS-Case No. CV 08 2561 EMC

government to commence cleanup voluntarily, is inapplicable to cost recovery suits under § 107. Because injunctive relief is not available under § 107, there is no need to provide potential defendants with the 60 day notice period to allow them to commence cleanup on their own. In § 107 suits, the cleanup of the property has already began and what is sought is recovery of the necessary costs of that cleanup from responsible parties.

### B. Section 107 Does Not Require Pre-Filing Notification

Beyond the clear statutory distinctions between § 107 and § 310, case law further demonstrates that the requirements imposed upon citizen suits under § 310 are not applicable to suits under § 107. *Innis Arden Golf Club v. Pitney Bowes, Inc.*, 514 F. Supp. 2d 328, 335 (D. Conn. 2007)("With no reference to § 310 or any "violation of any standard, regulation, condition, requirement, or order," IAGC's allegations show that it is seeking only the type of recovery available pursuant to § 107. The Court concludes that there is no notice-and-waiting prerequisite to plaintiff's CERCLA claim.") And a Ninth Circuit District Court opinion recently again confirmed there is no 60 days notice provision applicable to "a private action to recover costs incurred from cleaning up toxic wastes against parties who were potentially liable under § 9607." *Denison v. Kitzhaber*, 2001 U.S. Dist. LEXIS at 17 n. 5 (citing *State of Idaho v. Howmet Turbine Component Co*, 814 F.2d at 1380).

### C. The Notice Provision in 42 U.S.C. § 9659(a)(1) Only Applies to Citizen Suits, Not Suits for Cost Recovery

Defendants rely in great part upon *Arc Ecology v. United States Dep't of the Air Force*, 411 F.3d 1092, 1100 (9th Cir. 2005). However, it is clear that the plaintiffs there had not incurred cleanup costs and were proceeding under the citizen suit provision of CERCLA. *Id.* at 1096 ("the appellants commenced this CERCLA citizens' suit, alleging that they have been or are likely to be exposed to contamination . . . and sought an order compelling the defendants to conduct preliminary assessments at Clark and Subic and a declaratory judgment that CERCLA applies to those bases"). The holding in *Arc Ecology* related not to whether there is a 60 day notice provision for cost recovery suits, but whether CERCLA was intended to apply extraterritorially. *Id.* at 1103.

Similarly, all of the other cases cited by Defendants- none of which are Ninth Circuit decisions- are inapplicable to the question before the Court, because they all involve CERCLA citizen suits. The only case that even barely provides thin colorable support for Defendants' argument is *Roe v. Wert*, 706 F. Supp. 788 (W.D. Okla. 1989). However, as discussed in *Innis Arden Golf Club*, the decision in *Roe v. Wert* "was based on the view that section 9607 provides for claims against Superfund, while section 9659 is for citizens suits brought by private parties against all other entities." *Innis Arden Golf Club*, 514 F. Supp. 2d at 355 (citations omitted). The Court in *Innis Arden Golf Club* accurately recognized that this distinction "is inconsistent with the plain language of § 107, which provides that the covered persons are liable for removal costs incurred by the federal government, a state, an Indian tribe, or 'any other person.'" *Id.* Implicit in the *Roe v. Wert* decision-which of course has no effect on Ninth Circuit precedent set in *State of Idaho v. Howmet Turbine Component Co.* pursuant to *Starbuck v. San Francisco*, 556 F.2d 450, 457 n. 13 (9th Cir.1977)- is the notion that there is no separate private right of action under § 107. This is clearly wrong, as the Supreme Court has found that "§ 107 unquestionably provides a cause of action for private parties to seek recovery of cleanup costs." *Key Tronic Corp. v. United States*, 511 U.S. 809, 818 (1994). This axiom is further supported by a recent Supreme Court CERCLA case, recognizing a distinct right to recovery under § 107 and its absence of discussion related to the issue of subject matter jurisdiction with respect to the failure to provide notice. *See generally United States v. Atl. Research Corp.*, 127 S. Ct. 2331, 2338 (2007).[3]

### D. RCRA's Notice Provision under 42 U.S.C. § 6972(a) is Inapplicable Here

Requirements imposed by RCRA are inapplicable to suits under CERCLA. Defendants cite *Hallstrom v. Tillamook County*, 493 U.S. 20, as support for a 60 day notice period for CERCLA cost recovery action. However, in *Hallstrom*, the question was not whether there was a 60 day notice requirement for cost recovery suits under CERCLA, but whether the notice

---

[3] In this regard, a finding that notice was required, as urged by Defendants, would result in the dismissal of all such CERCLA cost recovery cases currently pending, including those close to or in trial. The fact that there are no decisions supporting such notice under such circumstances is telling.

provision for citizen suits under RCRA was jurisdictional. *Id.* at 29. Defendants have presented no cases that support the proposition that requirements provided for in RCRA should be applicable to CERCLA.[4]

### E. The Policy Behind Section 107 Claims Does Not Impart a Need for Pre-Lawsuit Notice

Less than a year ago, a district court exhaustively addressed the same issues at bar here. In *Innis Arden Golf Club*, the Court analyzed numerous cases relating to the issue of whether "§ 107 defines liabilities and remedies which are privately enforceable only according to the terms of § 310; or [whether] the two sections provide two distinct remedial possibilities for private parties, one to recover response costs, and the other to induce legal compliance." 514 F. Supp. 2d at 333. In a well-reasoned and comprehensive decision, the court found "there is no notice-and-waiting prerequisite" for a cost recovery claim under CERCLA. *Id.* at 335. At bottom, when a party has already incurred expenses with respect to contamination, there is no rationale- nor is one offered by Defendants here- as to why that party should have to provide notice and wait 60 days to commence suit to recover its costs from responsible parties.

## II. DEFENDANTS HAVE FAILED TO RAISE ALL DEFENSES AND HAVE THEREFORE WAIVED SUCH DEFENSES

A defendant waives any defense listed in Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(2)-(5) if such defenses are omitted from a pre-answer motion to dismiss under FRCP Rule 12. *See generally* Schwarzer, et al. *Federal Civil Procedure Before Trial*, 9:26. As Defendants, including defendants Yi and Umstead who joined in the motion, have not raised defenses relating to lack of personal jurisdiction, improper venue, insufficiency of process, or insufficiency of service of process, such defenses have been waived. Accordingly, such defenses may not be raised by Renz, Dennison, Yi or Umstead in further motions to dismiss or in their answers.

---

[4] It is noteworthy, however, that Plaintiff's required pre-filing 90 day RCRA notice, discussed in Defendants' motion, expires on August 22 and Plaintiff will be moving to add this federal claim to the current complaint.

7

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS-Case No. CV 08 2561 EMC

## CONCLUSION

Defendants have failed to cite any persuasive authority that the Court lacks subject matter jurisdiction over Plaintiff's CERCLA cost recovery claims. Accordingly, the Court has subject matter jurisdiction over Plaintiff's claims and the motion to dismiss should be denied.

Dated: July 30, 2008                           GREBEN & ASSOCIATES

*/s/ Jenna L. Motola*

JAN A. GREBEN
JENNA L. MOTOLA
Plaintiff Wells Fargo Bank, N.A.,
as Trustee of the Clara Poppic Trust