**PETER H. LIEDERMAN  SB NO. 201103**
2444 Russell St.
Berkeley CA 94705-2038
Voice:  510-681-6916
Facsimile:  510-540-6390
berkeleylawfirm@gmail.com
Attorney for Kenneth G. Renz, Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC TRUST<br><br>Plaintiff,<br><br>vs.<br>KENNETH G. RENZ; ESTATE OF JACKSON R. DENNISON; ESTATE OF WILEY UMSTEAD; KAZUKO UMSTEAD; WON JAE YI aka MICHAEL YI; NAN Y. PARK; GUAN HUANG; YING ZHANG and SUI SONG,<br><br>Defendant | Case No.: No. CV 08- 2561 EMC<br>Case reassigned to Hon. Saundra Brown Armstrong  for all proceedings.<br><br>**DEFENDANT KENNETH G. RENZ'S REPLY TO PLAINTIFF'S OPPOSITION TO KENNETH RENZ'S AND THE ESTATE OF JACKSON R. DENNISON'S MOTION TO DISMISS**<br><br>Complaint filed:  May 21, 2008<br>Trial Date:   Not Set<br><br>Hearing Date:   August 20, 2008<br>Hearing Time:  10:30<br>Hearing Dept:    C |

### ISSUE TO BE DECIDED

Defendant Kenneth Renz's motion requests the court to find that 41 U.S.C. § 9659 means what it very clearly says: "No action" may be commenced prior to giving 60 days notice to the defendant, by a "person" commencing "a civil action on his own behalf" against another "person", "who is alleged to be in violation of any standard, regulation, condition, requirement,

or order which has become effective pursuant to this chapter", where the "chapter" is Chapter 103 of 42 U.S.C.

Moving party asks the court to apply this rule of prior notice to a subsection of Chapter 103: 42 U.S.C. § 9607. Moving party notes that § 9607 states grounds for <u>liability,</u> not procedures for filing suit and nowhere exempts itself from the § 9659 notice requirement.

### SUITS UNDER CERCLA § 9607 and § 9659.

The Supreme Court, addressing 42 U.S.C. § 6972, a statute almost identical to § 9659 upheld the 9th circuit when it made it clear it did not want the courts to liberally interpret the meaning of a clear notice statute to allow exceptions:

> The language of this provision could not be clearer. A citizen may not commence an action under RCRA until 60 days after the citizen has notified the EPA, the State in which the alleged violation occurred, and the alleged violator. Actions commenced prior to 60 days after notice are "prohibited." Because this language is expressly incorporated by reference into § 6972(a), it acts as a specific limitation on a citizen's right to bring suit. Under a literal reading of the statute, compliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit.

*Hallstrom v. Tillamook County*  493 U.S. 20, 26 (1989), 110 S.Ct. 304, 107 L.Ed.2d 237.

The *Hallstrom* decision also recognized Congress's policy behind requiring notice.

> ….Rather, the legislative history indicates an intent to strike a balance between encouraging citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizen suits. See, e.g., 116 Cong.Rec. 32927 (1970) (comments of Sen. Muskie); see also Note, Notice by Citizen Plaintiffs in Environmental Litigation, 79 Mich.L.Rev. 299, 301 307 (1980) (reviewing the legislative history of the Clean Air Amendments of 1970). Requiring citizens to comply with the notice and delay requirements serves this congressional goal in two ways. First, notice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits. See Gwaltney of Smithfield, Inc. v. Chesapeake Bay Foundation, Inc., 484 U.S. 49, 60 (1987) ("The bar on citizen suits when governmental enforcement action is under way suggests that the citizen suit is meant to supplement, rather than to supplant, governmental action"). In many cases, an agency may be able to compel compliance through administrative action, thus eliminating the need for any access to the courts. See 116 Cong.Rec. 33104

**(1970) (comments of Sen. Hart). Second, notice gives the alleged violator "an opportunity to bring itself into complete compliance with the Act, and thus likewise render unnecessary a citizen suit." Gwaltney, supra, at 60. This policy would be frustrated if citizens could immediately bring suit without involving federal or state enforcement agencies. Giving full effect to the words of the statute preserves the compromise struck by Congress.**

*Hallstrom*, p28-29.

The Moving party has no quarrel with the claim of the opposition in *Durfey v. E.I. DuPont de Nemours Co.*, 59 F.3d 121,124 (9th Cir. 1995) that 42 U.S.C. § 9607 has a purpose "to expedite cleanups by shifting the liability for cleanup costs to responsible parties." However, cleaning up the site of a dry cleaners, and determining responsible parties, and getting their contribution to the effort, can be accomplished outside of the litigation process as well as within it. A sixty day notice period gives an opportunity for other government entities, such as the City of Berkeley and the San Francisco Bay Regional Water Quality Control Board, and the parties, to work on a resolution to the problem at hand. Depending upon a court and jury to allocate the fee shifting among numerous parties, of varying means and "responsible" status does not promise to necessarily "expedite cleanups."

*Regan v. Cherry Corp*, 706 F. Supp. 145, 149 (D.R.I. 1989), is cited by Plaintiffs for the proposition that § 9659 applies to private persons only when acting as private attorney generals seeking injunctive relief. But *Regan v. Cherry Corp* nowhere specifically negates a notice requirement for suits for damages under § 9607. Moreover it fails to recognize the inapplicability of a private-attorney general analysis to a suit that may be brought by a private person "on his own behalf" as allowed in section (a) (1) of § 9659. Unlike the private attorney general suits that are neatly encompassed by § 9659, a suit filed on his own behalf by a private person against another private person as allowed by § 9659, includes the liability and scope of remedies defined in § 9607. *Roe v. Wert* 706 F.Supp.788, 792 (W.D.Okl. 1989) held that the citizen suit provisions of § 9659 applied to all the citizen suits brought under CERCLA: "Under section 9607, pre-suit notice was not a prerequisite for citizens suits. [Footnote omitted] Under

1  section 9659, sixty (60) days notice is now a prerequisite for citizens suits." 42 U.S.C. §
2  9659(d)(1) (1986),

3

4  The Plaintiff argues that § 9607 spells out the exclusive requirements for a plaintiff to
5  bring suit for reimbursement of cleanup costs, citing as an example *Carson Harbor Vill. Ltd. V.*
6  *Unocal Corp.,* , 871 (9th Cir. 2001). However the criteria stated in *Carson Harbor:* are that (1)
7  the site on which the hazardous substances are contained is a "facility" (2) a "release" or
8  "threatened release" of any "hazardous substance" from the facility has occurred, (3) such
9  "release" or "threatened release" has caused the plaintiff to incur response costs that were
10 "necessary" and "consistent with the national contingency plan"; and (4) the defendant is within
11 one of four classes of persons subject to the liability. Each of these *Carson* criteria addresses
12 whether a claim has been stated, not if the prerequisites have been met for bringing suit. These
13 criteria do not excuse the requirement for proper service of a summons. They do not relieve the
14 Plaintiff of the need to bring the case in the proper venue. By the same token they do not excuse
15 the procedural notice requirement for all citizen actions.
16
17 *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066 (9th Cir. 2006) reiterated the
18 above criteria for liability but regarded the Pakootas's suit for both costs and injunctive relief as
19 equally being part of CERCLA. *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1073-
20 74 (9th Cir. 2006).
21 *Roe v. Wert* 706 F.Supp. 788, 792-73 (W.D.Okla.1989) explicitly held notice to be
22 required and held § 9659 to have imposed a requirement upon suits in § 9607. Moving party here
23 acknowledges the opposite view taken by *Innis Arden Golf Club v. Pitney Bowes, Inc.* 514 F.
24 Supp. 2d 328, 335 (D. Conn. 2007), which regards the two sections as procedurally separate, and
25

explicitly rejects *Roe v. Wert.*[1]    There is, thus, a split of authorities.

Plaintiff argues direly in his FN 3 that a finding that notice was required would "result in dismissal of all such CERCLA cost recovery cases currently pending, including those close to or in trial."  Since it is unknown in which of these cases notice may have been given this is an exaggeration.  The argument would, in any case, not support a holding here contrary to law.   In the instant case, the only Federal question raised in the F.A.C. was under §9607; if this claim was raised without proper notice, the court lacks jurisdiction, (*Hallstrom v. Tillamook Co.* 844 F. 2d 598, 599 (9th Cir. 1987)).  Jurisdictional objections may be raised at any stage in litigation and cannot be waived. *Hallstrom v. Tillamook County*  493 U.S. 20 (1989).  Therefore, it would be a disservice to all the parties to proceed further without early resolution of the jurisdictional question.

**PLAINTIFF'S INTENION TO SUE UNDER RCRA WITH NOTICE INDICATES THIS SUIT WAS ALWAYS INTENDED TO BE AMENDED TO ESTABLISH FEDERAL JURISDICTION.**

In its opposition, Plaintiff for the first time advises the court in its FN 4  "It is noteworthy, however, that Plaintiff's required pre-filing 90 day RCRA notice, discussed in Defendants' motion, expires on August 22 and Plaintiff will be moving to add this federal claim to the current complaint."   Plaintiff thus admits he would have incurred absolutely no prejudice or harm by giving notice of his intent to file the § 9607 CERCLA claim.  Based upon Plaintiff's footnote, Plaintiff never intended the original complaint or the first amended complaint, to be the lawsuit defendants would ultimately be required to answer.  Rather, the original and first

---

[1] Key Tronic Corp. v. United States, 511 U.S. 809 (1994), cited by Plaintiff, deals only with whether § 6907 allows attorneys fees, and notes a distinction with the newer § 6959.

Reply to opposition to Motion to dismiss    - 5 -    Case No. CV08- 2561

1  amended complaints, merely forced unnecessary costs upon various defendants while Plaintiff let
2  90 days run. Based upon Plaintiff's footnote, it also appears that the jurisdictional question is
3  likely to become academic because Plaintiff will file either a new complaint or an amended
4  complaint if allowed by the court.
5      If, however, only the CERCLA claim remains to establish jurisdiction, then the case
6  should be dismissed pursuant to the requirement for notice in 42 U.S.C. § 9607.

Dated: August 6, 2008                    LAW OFFICE OF PETER H. LIEDERMAN
                                         By:  _____/S/_____
                                         Peter H. Liederman
                                         Attorney for Kenneth G. Renz, Defendant

**PETER H. LIEDERMAN  SB NO. 201103**
2444 Russell St.
Berkeley CA 94705-2038
Voice:  510-681-6916
Facsimile:  510-540-6390
berkeleylawfirm@gmail.com
Attorney for Kenneth G. Renz, Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC TRUST<br><br>    Plaintiff,<br><br>    vs.<br><br>KENNETH G. RENZ; ESTATE OF JACKSON R. DENNISON; ESTATE OF WILEY UMSTEAD; KAZUKO UMSTEAD; WON JAE YI aka MICHAEL YI; NAN Y. PARK; GUAN HUANG; YING ZHANG and SUI SONG,<br><br>    Defendant | Case No.: No. CV 08- 2561 EMC<br>Case assigned to Hon. Saundra Brown Armstrong for all proceedings.<br><br>REQUEST FOR LEAVE TO FILE REPLY LATE.<br><br><br>Complaint filed:  May 21, 2008<br>Trial Date:   Not Set<br><br><br>Hearing Date:   August 20, 2008<br>Hearing Time:  10:30<br>Hearing Dept:    C |

    Defendant Kenneth J. Renz respectfully requests leave to file the attached "Defendant Kenneth G. Renz's Reply to Plaintiff's Opposition to Kenneth Renz's and the Estate of Jackson R. Dennison's Motion to Dismiss" by electronic filing on August 7, 2008.  It was due to be filed August 6, 2008.  This request is made pursuant to United States District Court, Northern District of California, General Order No. 45, item VI E, in that the system was offline from 9 PM on August 6, 2008 to 6 AM August 7, 2008 according to it the ECF web page of the court.

- 0 -

Request for leave to file Reply to opposition to Motion to dismiss

Case No. CV08- 2561

1  Attorney Peter declares as follows:

2  I declare under penalty of perjury that on the evening of August 6, 2008, I made at
3  least four attempts to electronically file the reply to Plaintiff's opposition to my motion to
4  dismiss this case, and that each time the ECF system was unavailable. I subsequently
5  noticed that the court's applicable web site contained an announcement that the system
6  would not be operative after 9 PM on the evening of August 6, 2008.

7

8  Dated: August 7, 2008                          LAW OFFICE OF PETER H. LIEDERMAN

9                                                                        By:  _____/S/_____
10                                                                       Peter H. Liederman
                                                                                Attorney for Kenneth G. Renz, Defendant

- 1 -

Request for leave to file Reply to opposition to Motion to dismiss

Case No. CV08- 2561