| | |
|---|---|
| 1 | **GREBEN & ASSOCIATES** |
| | 1332 ANACAPA STREET, SUITE 110 |
| 2 | SANTA BARBARA, CA 93101 |
| | TELEPHONE: (805) 963-9090 |
| 3 | FACSIMILE: (805) 963-9098 |

Jan A. Greben, State Bar No. 103464
Jenna L. Motola, State Bar No. 246738
Attorneys for Plaintiff Wells Fargo Bank, N.A.,
as Trustee of the Clara Poppic Trust

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC TRUST, | Case No. CV 08-02561 SBA |
| | COMPLAINT FILED:          5/21/08 |
| Plaintiff, | TRIAL DATE:                 None Set |
| vs. | |
| KENNETH G. RENZ; ESTATE OF JACKSON R. DENNISON; ESTATE OF WILEY UMSTEAD; KAZUKO UMSTEAD; WON JAE YI aka MICHAEL YI; NAN Y. PARK; GUAN HUANG; YING ZHANG and SUI SONG, | **PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** |
| Defendants. | DATE: TUESDAY, NOVEMBER 4, 2008 |
| | TIME: 1:00 P.M. |
| | COURTROOM: 3 |
| And Related Counterclaim. | |

## NOTICE OF MOTION

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on Tuesday, November 4, 2008 at 1:00 p.m. or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland, California, in Courtroom 3, Plaintiff Wells Fargo Bank, N.A., as Trustee of the Clara Poppic Trust ("Plaintiff"), will, and hereby does, move this Court, pursuant to Fed. R. Civ. P. 15(a)(2), for an Order granting Plaintiff leave to file a second amended complaint. Plaintiff relies

1

upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Jenna L. Motola, Esq., all documents filed in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

### RELIEF SOUGHT

Plaintiff seeks an order granting Plaintiff leave to file a second amended complaint.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

In this motion, Plaintiff seeks to amend its complaint to assert a claim under the Federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B) against Kenneth G. Renz ("Renz"); Estate of Jackson R. Dennison ("Dennison"); Estate of Wiley Umstead ("Estate of Umstead"); Kazuko Umstead ("Umstead"); Won Jae Yi aka Michael Yi ("Yi"); and Guan Huang ("Huang"); to join Defendants Renz, Dennison, Estate of Umstead, and Umstead in the breach of contract and contractual indemnity claims; and to assert a claim for contribution under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") § 113(f) against Renz; Dennison; Estate of Umstead; Umstead; Yi; and Huang in response to Huang's CERCLA § 107 counterclaim. The [Proposed] Second Amended Complaint also corrects a date relating to defendants' Renz and Dennison's tenancy at the Property. The [Proposed] Second Amended Complaint, attached as Exhibit A to the Declaration of Jenna L. Motola, Esq. (hereinafter "Motola Dec.") filed concurrently with this motion, reflects the proposed changes in bold.

**II.  ISSUES TO BE DECIDED**

This motion presents the following issue: Whether leave to amend should be granted so as to allow Plaintiff to file a second amended complaint adding: a claim under RCRA; contracts claims against four parties; and a claim for contribution under CERCLA § 113(f).

**III.  STATEMENT OF RELEVANT FACTS**

Prior to the filing of this action, Plaintiff sent notice to each Defendant on May 8, 2008, informing them of their violation of RCRA and Plaintiff's intention to file a RCRA citizen suit at

the close of the statutory period.[1] (Motola Dec. Ex. B.)

Plaintiff commenced this action on May 21, 2008 alleging common law tort and contract claims, contribution under various state environmental statutes and a claim for cost recovery under CERCLA § 107 related to contamination on property owned by Plaintiff at 2531 Telegraph Ave., in Berkeley, California ("the Property"). On June 24, 2008, Plaintiff filed a First Amended Complaint ("FAC"). On July 10, 2008, Defendants Renz and Dennison filed a motion to dismiss. Defendants Yi and Umstead joined in Renz and Dennison's motion to dismiss. On July 17, 2008, Defendant Huang filed an answer to the FAC and counterclaims against Plaintiff, including a CERCLA § 107 cost recovery claim. That same day, Yi also filed an answer to the FAC. On August 6, 2008, this lawsuit was reassigned from Magistrate Judge Chen to this Court. The default of Nan Young Park and Ying Zhang was entered on August 11, 2008. The default of Sui Song was entered on August 19, 2008.

As of this date, the 90-day RCRA notice period has run for all remaining defendants. Accordingly, Plaintiff requests leave of Court to: add the RCRA claim against Renz; Dennison; Estate of Umstead; Umstead; Yi; and Huang; to amend the complaint to add contractual claims against Renz, Dennison, Umstead and Estate of Umstead; and to assert a claim for contribution under CERCLA 113(f) against Renz, Dennison, Estate of Umstead, Umstead, Yi, and Huang.

IV. **ARGUMENT**

A. Legal Standard

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Unless an amendment would be futile, leave to amend should not be denied. *Klarfeld v. United States*, 944 F.2d 583, 585 (9th Cir. 1991). An amendment could be considered futile when a statute of limitations would bar the amendment sought. *See Robinson v. City of San Bernardino Police Dep't*, 992 F. Supp. 1198, 1209 (C.D. Cal. 1998). Other grounds to deny leave to amend include a showing of prejudice to a party. *See generally Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, "there exists a

---

[1] Plaintiff resent the RCRA notice to Huang on May 21, 2008 (Motola Dec. ¶ 9) and Zhang on June 20, 2008 (Motola Dec. ¶ 11) upon learning that the original letter was sent to incorrect addresses.

1  presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

2        B.   <u>As the 90-Day Notice Period has Expired, Leave to Add a RCRA Claim Should

3            be Granted</u>

4      Plaintiff seeks to add claims against defendants Renz, Dennison, Estate of Umstead,

5  Umstead, Yi, and Huang under RCRA § 7002(a)(1)(B).  Before a claim may be brought under

6  this section, a plaintiff must first provide notice to the potential defendants and then wait 90 days

7  before bringing those claims. 42 U.S.C. § 9672(b)(2)(A); *see also Zands v. Nelson*, 779 F. Supp.

8  1254, 1259 (S.D. Cal. 1991)("for purposes of a notice and delay provision relating to a new

9  claim which appears for the first time in the pleadings in the amended complaint, the Court will

10 look to the filing of the amended complaint to determine when the 'action' is commenced").

11 Each of these defendants received notice of the RCRA claim more than 90 days ago.[2] (Motola

12 Dec. ¶¶ 4-12.)   As the 90 day period expired on August 22, 2008, leave to amend is now proper.

13     Additionally, the addition of this claim is unaffected by any statute of limitations, as there

14 is no statute of limitations for a RCRA claim. *Meghrig v. Kfc W.*, 516 U.S. 479, 486 (1996)

15 ("RCRA contains no statute of limitations").

16       C.   <u>Plaintiff's Contractual Claims are Not Barred by Any Statute of Limitations and

17           Should be Allowed</u>

18     Plaintiff seeks to add breach of contract and contractual indemnity claims against

19 Defendants Renz, Estate of Dennison, Umstead, and Estate of Umstead.  These parties leased the

20 property from Plaintiff under written leases from the early 1970s to the mid-1980s. (First Am.

21 Compl. ¶¶ 14-15.)   These leases each contained indemnity provisions. (Motola Dec. Ex. A

22 ([Proposed] Second Amended Complaint, Ex. "A" ¶ 8)[3] & ([Proposed] Second Amended

---

[2] Renz received notice on May 15, 2008.  Umstead received notice on May 12, 2008.  Yi and Song received notice on May 10, 2008. Park received notice on May 23, 2008. Huang received notice on May 24, 2008.

[3] ". . . Lessee will hold Lessor exempt and harmless from any damage or injury to any person, or to the goods, wares and merchandise an all other personal property of any person, arising from the use of the premises by Lessee, or from the failure of Lessee to keep the premises in good condition and repair, as herein provided." ([Proposed] Second Amended Complaint, Ex. "A" ¶ 8).

1  Complaint, Ex. "C" ¶ 18)[4].)

2  While C.C.P. § 337 provides that the statute of limitations for an action founded upon a written obligation is four years, the claims sought to be added here are proper for two reasons. First, the discovery rule delays the accrual of the breach of contract and contractual indemnity claims until Plaintiff discovered the injury and cause of Plaintiff's injury. *Universal Paragon Corp. v. Ingersoll-Rand Co.*, 2007 U.S. Dist. LEXIS 14530, 27 (N.D. Cal. Feb. 13, 2007) ("Under the discovery rule, a cause of action accrues when the plaintiff actually discovers its injury and the negligent cause, or could have discovered the injury and cause through a reasonably diligent investigation"). Given that Plaintiff did not discover any contamination at the subject property until September 2006 (First Am. Compl. ¶ 21), these claims could not have accrued until September 2006 and their addition at this time is not barred by the four year statute of limitations.

Second, the addition of the contractual indemnity claim is proper because until Plaintiff sustained a loss, no claim for indemnity would have accrued. *See Fidelity & Deposit Co. v. Whitson*, 187 Cal. App. 2d 751, 758 (1960)("The four-year period commenced to run when respondent sustained its loss, namely, the payment of the sums herein sued for "). Plaintiff did not discover the contamination until September 2006, and no loss was sustained before that date. (First Am. Compl. ¶¶ 21 & 27.) As the statute of limitations does not bar these claims, their addition should be allowed.

D.  <u>Plaintiff's Claim for CERCLA Contribution Only Just Accrued and Plaintiff will be Prejudiced if Not Allowed to Pursue this Claim</u>

Leave to amend to add a CERCLA § 113(f) contribution claim against defendants Renz, Dennison, Estate of Umstead, Umstead, Yi, and Huang should also be permitted. A party may only seek CERCLA contribution from other liable parties after having been sued under CERCLA

---

[4] "...Tenant agrees to protect and indemnify Landlord and to hold Landlord harmless from all claims, demands, damages and liability (including without limitation attorneys' fees and expenses) to any and all persons arising from damages to property or personal injury occasioned to or sustained during the Lease Term in or about the Premises or the Building . . ." ([Proposed] Second Amended Complaint, Ex. "C" ¶ 18)

§ 106 or § 107(a). *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157, 161 (2004); *see also United States v. Atl. Research Corp.*, 127 S. Ct. 2331 (2007). Since Plaintiff filed its complaint in this action, defendant Huang has counterclaimed against Plaintiff under Section 107(a). As Plaintiff has now been sued under CERCLA § 107(a), it may seek contribution under CERCLA. *See* 42 U.S.C. § 9613(f)(1) ("Any person may seek contribution from any other person who is liable or potentially liable under section 107(a) [42 USCS § 9607(a)], during or following any civil action under section 106 [42 USCS § 9606] or under section 107(a)"). This claim has just recently accrued, and accordingly leave to amend is proper so that these related claims may be adjudicated together.

E. <u>Amendment will not prejudice any party</u>

Amendment of the complaint will not prejudice any party. While prejudice may be sufficient grounds to deny a motion for leave to amend, there is no such risk here. *See generally Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003). This case is still in its early stages and discovery has yet to commence. More importantly, amendment now would serve to clarify the pleadings at this early stage and allow all of Plaintiff's claims against Defendants to be adjudicated together. Absent prejudice, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

V. **CONCLUSION**

Plaintiff respectfully requests that the Court grant Plaintiff leave to file a second amended complaint.

Dated: August 26, 2008                     GREBEN & ASSOCIATES

                                           /s/ Greben / Motola
                                           _____
                                           JAN A. GREBEN
                                           JENNA L. MOTOLA
                                           Attorneys for Plaintiff Wells Fargo Bank, N.A.,
                                           as Trustee of the Clara Poppic Trust