1

2

3

4                    **IN THE UNITED STATES DISTRICT COURT**

5               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

6    WELLS FARGO BANK, N.A. as
     TRUSTEE for the CLARA POPPIC
7    TRUST,                                      No. C 08-2561 SBA

8              Plaintiff,                        **ORDER**
                                                 [Docket Nos. 27, 38, 64]
9    v.

10   KENNETH G. RENZ, et al.,

11             Defendants.
     _____/
12

13         This matter comes before the Court on Defendant Renz' and Defendant Estate of Jackson R.

14   Dennison's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction on the

15   basis that Plaintiff's sole federal claim must be dismissed for failure to provide statutorily required

16   notice.  [Docket No. 27].  The motion to dismiss is fully briefed.   The Motion is DENIED, in part,

17   and GRANTED, in part.

18                                    **BACKGROUND**

19         Plaintiff is Wells Fargo Bank, N.A., as Trustee for the Clara Poppic Trust (Trust).  The

20   plaintiff  is the owner of a property (Property)  at or around 2531 Telegraph Avenue in Berkeley,

21   California, which has allegedly been contaminated by hazardous dry-cleaning chemicals used, over

22   the years, by the individual defendants.  The defendants are each alleged to have occupied the

23   property, and to have caused or permitted the release of tetrachlorethylene ("PCE") into the

24   environment during their occupancies. [Docket No. 11; First Am. Compl. ¶¶ 1, 20].

25         The First Amended Complaint, which was filed on June 24, 2008, invokes the Court's

26   subject matter jurisdiction under two distinct provisions:  42 U.S.C § 9607, a CERCLA cost

27   recovery action; and 42 U.S.C. § 6972(a), the citizen suit provision of the Resource Conservation

28   and Recovery Act (RCRA).  [First Am. Compl. ¶ 2].  The first claim for relief is captioned "Cost

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

Recovery Pursuant to § 107(a)." Plaintiff seeks the recovery of past, present and future necessary response costs incurred in response to the release of hazardous substances at or affecting the property, the release of which is continuing in nature.  [First Am. Compl. ¶ 25].  The remaining thirteen claims are state law statutory and common law claims.

On July 10, 2008, Defendants Kenneth Renz and the Estate of Jackson R. Dennison filed a motion to dismiss this action on the ground that the Court lacks subject matter jurisdiction [Docket No. 27].  Defendants were joined in the motion to dismiss by defendant Won Jae Yi.  [Docket No. 38].  It appears that Defendant Kazuko Umstead also joined the Motion to Dismiss; Plaintiff received notice, the Court received a copy of the notice, but no record of the joinder appears on the Court's electronic docket.

The motion was noticed for hearing on September 16, 2008.  During the interim, however, on August 26, 2008, Plaintiff filed a Motion for Leave to File Second Amended Complaint. [Docket No. 64].  In pertinent part, the Motion states the following:

> In this motion, Plaintiff seeks to amend its complaint to assert a claim under the Federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(I)(B) against Kenneth G. Renz ("Renz"); Estate of Jackson R. Dennison ("Dennison"); Estate of Wiley Umstead ("Estate of Umstead"); Kazuko Umstead ("Umstead"); Won Jae Yi aka Michael Yi ("Yi"); and Guan Huang ("Huang").

Other claims are asserted in the Second Amended Complaint, but for the purposes of the Court's order on the motion to dismiss for lack of subject matter jurisdiction, only the assertion of the RCRA claim is relevant.

**Analysis**

One of the asserted premises for this Court's jurisdiction over the First Amended Complaint is 42 U.S.C. § 6972, for which pre-filing notice is mandatory.  *Hallstrom v. Tillamook County*,  493 U.S. 20, 26 (1989).  Before a claim maybe brought under this section of the RCRA, a plaintiff must first provide notice to the potential defendants and then wait 90 days before bringing those claims. 42 U.S.C. § 9672(b)(2)(A). The parties concede that the plaintiff sent a letter on May 8, 2008, giving notice of alleged violations of the RCRA to the individuals in the above-captioned matter.  [Docket

**United States District Court**
For the Northern District of California

1   No. 28, Exhibit A].  The 90-day waiting period expired on August 22, 2008, and leave to amend was

2   sought on August 26, 2008.  Given the basis of the motion currently pending, the apparent

3   concession of Plaintiff that notice has been provided and the apparent agreement by Defendants,

4   premised on their proposed order, that leave should be granted to refile with proper notice, the Court

5   grants Defendants' Motion to Dismiss with regard to the RCRA argument and grants Plaintiff leave

6   to file the Second Amended Complaint to allege the RCRA compliance.

7                                                    **Conclusion**

8          This Order resolves the Motion to Dismiss with respect to the RCRA claim, 42 U.S.C. §

9   6972.  The motion premised on the CERCLA claim, 42 U.S.C. § 9607, is DENIED  as MOOT.  The

10  Court's ruling on these motions is without prejudice to Defendants' refiling their motion under 42

11  U.S.C. § 9607,  to the extent there is a good faith basis to reassert it in connection with the Second

12  Amended Complaint, and to raise an opposition to other requests of Plaintiff's Second Amended

13  Complaint, still noticed for hearing on November 4, 2008, at 1:00 p.m.

14         IT IS SO ORDERED.

15

16

17  Dated: 9/16/08                                   SAUNDRA BROWN ARMSTRONG
18                                                   United States District Judge

19

20

21

22

23

24

25

26

27

28                                          3