1  Edward R. Hugo [Bar No. 124839]
   Roland E. Thé [Bar No. 164510]
2  Josette D. Johnson [Bar No. 195977]
   BRYDON HUGO & PARKER
3  135 Main Street, 20th Floor
   San Francisco, CA 94105
4  Telephone: (415) 808-0300
   Facsimile: (415) 808-0333
5
   Attorneys for Defendant and Third Party Plaintiff
6  NAN Y. PARK

7

8                UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

10

| | |
|---|---|
| 11  WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC 12  TRUST, | (ASBESTOS) Case No. 08-CV-02561-SBA |
| 13              Plaintiff(s),  vs. | NAN Y. PARK'S THIRD PARTY COMPLAINT FOR: |
| 14  RICHARD CHOE, GLOBAL PRO 15  INSURANCE SERVICES, CORP., AND DOES 1 through 10, inclusive, 16              Defendants. 17 | 1.  NEGLIGENCE 2.  BREACH OF CONTRACT 3.  NEGLIGENT MISREPRESENTATION 4.  INTENTIONAL MISREPRESENTATION |
| 18  AND ALL RELATED CROSS-ACTIONS | |

19

20      Defendant and third party Plaintiff NAN Y. PARK ("Park") alleges against third

21  party Defendants RICHARD CHOE, GLOBAL PRO INSURANCE SERVICES, CORP.,

22  and DOES 1 through 10, and each of them ("Defendants"), as follows:

23                    **JURISDICTION AND VENUE**

24      1.      These claims of negligence, breach of contract, negligent misrepresentation

25  and intentional misrepresentation against Third Party Defendants arise out of the same

26  transactions, occurrences and set of circumstances as the claims set forth in Plaintiff's

27  Second Amended Complaint ("Complaint"), namely alleged environmental

28  contamination at and around 2531 Telegraph Avenue, Berkeley, California ("the

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1

NAN Y. PARK'S THIRD PARTY COMPLAINT

1  Property"). Without admitting the truth of any of the allegations in the Complaint, Park

2  incorporates them herein by this reference, as though fully set forth herein, for the sole

3  purpose of showing that they were made.  If jurisdiction and venue are proper with

4  respect to the Complaint, then jurisdiction and venue are proper with respect to these

5  Third Party Claims.

6      2.    This Court has jurisdiction over the subject matter of these Third Party

7  claims pursuant to (a) 28 U.S.C. § 1367 supplemental jurisdiction, and (b) Rule 14 of the

8  Federal Rules of Civil Procedure.

9      3.    Venue for these cross-claims is proper in this District pursuant to 28 U.S.C.

10  § 1391(b) and 42 U.S.C. 9613(b) in that the conduct at issue in the cross-claims occurred in

11  this district.

12  **GENERAL ALLEGATIONS**

13      4.    At all times mentioned herein, Park was and now is an individual residing

14  in the State of California.

15      5.    Park is informed and believes and thereon alleges that Third Party

16  Defendant Richard Choe is, and at all times relevant herein was, an insurance agent

17  and/or broker duly licensed to act as such by the State of California, and doing business

18  as an employee or agent of Third Party Defendant Global Pro Insurance Services, Corp.

19      6.    Park is informed and believes and thereon alleges that Third Party

20  Defendant Global Pro Insurance Services, Corp., is, and at all times relevant herein was, a

21  California corporation, and a duly licensed insurance agent and/or broker with its

22  principal place of business in Alameda County, California.

23      7.    Park is ignorant of the true names and capacities of Third Party Defendants

24  sued herein as DOES 1 through 10, inclusive, and therefore sues these Third Party

25  Defendants by such fictitious names.  When the true names and capacities of the Third

26  Party Defendants are ascertained, Park will amend his Third Party Complaint to allege

27  the same.  Park is informed and believes and thereon alleges that each of the said

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

NAN Y. PARK'S THIRD PARTY COMPLAINT

1    fictitiously named Third Party Defendants is in some manner legally responsible for the

2    actions, omission, and events and damages referred to herein.

3        8.    Park is informed and believes and thereon alleges that at all times

4    mentioned in this Third Party Complaint that Third Party Defendants were the agents

5    and employees of their Third Party Codefendants, and in doing the things alleged in this

6    complaint were acting within the course and scope of that agency and employment.

7                                    **FIRST CLAIM**

8                                    **(Negligence)**

9        9.    Park refers to and incorporates herein by this reference paragraphs 1

10   through 8 of this Third Party Claim as though fully set forth herein.

11       10.   Park is informed and believes and thereon alleges that Won Jae Yi, aka

12   Michael Yi ("Yi"), from on or about February 1, 1994, to on or about February 1, 1999,

13   owned and operated on the Property a dry cleaning business known as Cal Cleaners.

14       11.   Park is informed and believes and thereon alleges that Defendants, and

15   each of them, acted as insurance brokers for Yi in obtaining a policy of insurance insuring

16   Yi, doing business as Cal Cleaners, for the policy period March 15, 1998 to March 15,

17   1999.

18       12.   On or about November 15, 1999, Park assumed the remainder of Yi's lease

19   of the property.  Park operated Cal Cleaners on the Property from November 15, 1999

20   until on or about April 8, 2004.

21       13.   When Park obtained ownership and operation of Cal Cleaners on or about

22   November 15, 1999, Park and Defendants, and each of them, entered into an oral

23   agreement in which Defendants agreed to act as insurance brokers for Park in obtaining a

24   new policy of insurance insuring Park, doing business as Cal Cleaners, against loss.

25       14.   Through Defendants, Park purchased policy number BFS 00000492540

26   ("Policy"), issued by St. Paul Business Foundation ("St. Paul"), for the Policy period

27   November 15, 1999 to November 15, 2000.

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

NAN Y. PARK'S THIRD PARTY COMPLAINT

15.     Through Defendants, Park renewed the Policy for three additional Policy periods through November 15, 2003.

16.     Park is informed and believes and thereon alleges that Defendants, and each of them, knew, or in the exercise of reasonable diligence should have known, that Cal Cleaners was a dry cleaning business.  Park is informed and believes and thereon alleges that Defendants, and each of them, knew, or in the exercise of reasonable diligence should have known, that the Policy provisions, coverage limitations and/or exclusions relating to pollution and/or hazardous materials would be material and of significant importance to Park.

17.     Defendants, and each of them, while acting as Park's broker in obtaining the Policy, and at all times thereafter, failed to advise Park of material provisions of the Policy, namely that the Policy excluded loss related to pollution and/or hazardous material releases.

18.     Park is further informed and believes and thereon alleges that Third Party Defendants, and each of them, negligently, carelessly and wrongfully failed to exercise reasonable care, skill and diligence as other members of their profession commonly possess and exercise in failing to advise Park of the material terms of the Policy, namely that the Policy excluded loss related to pollution and/or hazardous material releases.

19.     Park relied upon Defendants to use their professional skill, care and diligence in procuring an insurance policy that would protect against risks commonly encountered by a dry cleaning business.  Park further relied upon Defendants to accurately represent to Park the material policy provisions, and Parks rights and obligations under the Policy.  Park purchased the Policy without knowledge that the Policy excluded loss related to pollution and/or hazardous material releases.

20.     On or about May 21, 2008, Plaintiff filed the initial Complaint in this action alleging damages as a result of alleged environmental contamination at and around the Property.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

4

NAN Y. PARK'S THIRD PARTY COMPLAINT

21.     Park tendered defense of the Complaint to St. Paul under the Policy, but St. Paul denied coverage and defense pursuant to the pollution exclusion in the Policy.

22.     As a direct and proximate cause of the negligence of Third Party Defendants, and each of them, Park has incurred and continues to incur costs and expenses, including but not limited to, litigation costs, attorneys' fees, and consultants' fees to defend against the Complaint and any Cross-Claims filed against Park in this action.  Additionally, in the event that Park is found liable to Plaintiff in any amount whatsoever, said damages are a direct and proximate result of the negligence of Third Party Defendants, and each of them.

### SECOND CLAIM

### (Breach of Contract)

23.     Park refers to and incorporates herein by this reference paragraphs 1 through 22 of this Third Party Complaint as though fully set forth herein.

24.     On or about November 15, 1999, Park and Defendants, and each of them, entered into an oral agreement in which Defendants agreed to act as insurance brokers for Park in obtaining a new policy of insurance insuring Park, doing business as Cal Cleaners, against loss.

25.     Implied in the oral agreement was Defendants' promise to exercise reasonable care, skill and diligence as other members of their profession commonly possess and exercise in acting as an insurance broker and obtaining insurance for its clients.

26.     Through Defendants, Park purchased policy number BFS 00000492540 ("Policy"), issued by St. Paul Business Foundation ("St. Paul"), for the Policy period November 15, 1999 to November 15, 2000, and renewed the Policy for three additional Policy periods through November 15, 2003.

27.     At all times herein relevant, Park duly performed all conditions, covenants, and promises required to be performed by her in accordance with the oral agreement between Park and Defendants.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

5

NAN Y. PARK'S THIRD PARTY COMPLAINT

28.     Defendants, and each of them, failed to perform their obligations under the oral agreement with Park to exercise reasonable care, skill and diligence as other members of their profession commonly possess and exercise by failing to obtain for Park suitable insurance coverage and in failing to advise Park of the material terms of the Policy, namely that the Policy excluded loss related to pollution and/or hazardous material releases.

29.     As a proximate cause of Third Party Defendants' breach of the oral agreement, Park has incurred and continues to incur costs and expenses, including but not limited to, litigation costs, attorneys' fees, and consultants' fees to defend against the Complaint and any Cross-Claims filed against Park in this action.  Additionally, in the event that Park is found liable to any party in any amount whatsoever, said damages are a direct and proximate result of the breach of the oral agreement by Third Party Defendants.

### THIRD CLAIM

### (Negligent Misrepresentation - California Civil Code § 1710)

30.     Park refers to and incorporates herein by this reference paragraphs 1 through 29 of this Third Party Claim as though fully set forth herein.

31.     Park is informed and believes and thereon alleges that Defendants, and each of them, knew that Cal Cleaners was a dry cleaning business, and that Policy provisions, coverage limitations and/or exclusions relating to pollution and/or hazardous materials would be material to Park.

32.     Park is informed and believes and thereon alleges that Defendants, and each of them, knew that the Policy contained provisions excluding coverage of loss related to pollution and/or hazardous material releases.

33.     Defendants, and each of them, acting as insurance brokers for Park had a duty to disclose to Park material provisions of the Policy which were not known to Park.

34.     Defendants, and each of them, while acting as Park's broker in obtaining the Policy, and at all times thereafter, negligently misrepresented the provisions of the

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

6

1 Policy to Park and failed to advise Park of material provisions of the Policy, namely that

2 the Policy excluded loss related to pollution and/or hazardous material releases with the

3 intent to induce Park to purchase the Policy.

4       35.     Park reasonably relied upon Defendants' misrepresentations and omissions

5 regarding the provisions of the Policy.

6       36.     At the time Park purchased the Policy and up until the time that St. Paul

7 denied Park's claim for defense and indemnity against Plaintiff's Complaint, Park was

8 ignorant of the Policy provisions excluding coverage of loss related to pollution and/or

9 hazardous material releases.

10      37.     As a direct result of Defendants' negligent misrepresentations and

11 omissions as alleged herein, Park has incurred and continues to incur costs and expenses,

12 including but not limited to, litigation costs, attorneys' fees, and consultants' fees to

13 defend against the Complaint and any Cross-Claims filed against Park in this action.

14 Additionally, in the event that Park is found liable to Plaintiff in any amount whatsoever,

15 said damages are a direct and proximate result of the misrepresentations and omissions

16 of Defendants.

### FOURTH CLAIM

### (Intentional Misrepresentation - California Civil Code § 1710)

19      38.     Park refers to and incorporates herein by this reference paragraphs 1

20 through 37 of this Third Party Claim as though fully set forth herein.

21      39.     Park is informed and believes and thereon alleges that Defendants, and

22 each of them, knew that Cal Cleaners was a dry cleaning business, and that Policy

23 provisions, coverage limitations and/or exclusions relating to pollution and/or hazardous

24 materials would be material to Park.

25      40.     Park is informed and believes and thereon alleges that Defendants, and

26 each of them, knew that the Policy contained provisions excluding coverage of loss

27 related to pollution and/or hazardous material releases.

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

7

NAN Y. PARK'S THIRD PARTY COMPLAINT

41.     Defendants, and each of them, acting as insurance brokers for Park had a duty to disclose to Park material provisions of the Policy which were not known to Park.

42.     Defendants, and each of them, while acting as Park's broker in obtaining the Policy, and at all times thereafter, intentionally misrepresented the provisions of the Policy to Park and failed to advise Park of material provisions of the Policy, namely that the Policy excluded loss related to pollution and/or hazardous material releases with the intent to induce Park to purchase the Policy.

43.     Park reasonably relied upon Defendants' misrepresentations and omissions regarding the provisions of the Policy.

44.     At the time Park purchased the Policy and up until the time that St. Paul denied Park's claim for defense and indemnity against Plaintiff's Complaint, Park was ignorant of the Policy provisions excluding coverage of loss related to pollution and/or hazardous material releases.

45.     As a direct result of Defendants' intentional misrepresentations and omissions as alleged herein, Park has incurred and continues to incur costs and expenses, including but not limited to, litigation costs, attorneys' fees, and consultants' fees to defend against the Complaint and any Cross-Claims filed against Park in this action. Additionally, in the event that Park is found liable to Plaintiff in any amount whatsoever, said damages are a direct and proximate result of the misrepresentations and omissions of Defendants.

WHEREFORE, Cross-Claimant Park prays for judgment against Third Party Defendants, as follows:

1.     That judgment be entered in favor of Third Party Plaintiff and against Third Party Defendants, and each of them, on each of Park's Claims;

2.     For costs of suit and attorneys' fees incurred in prosecution of this Third Party Claim;

3.     For such other and further relief as the Court may deem just and proper.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

8

NAN Y. PARK'S THIRD PARTY COMPLAINT

1    Dated: December 1, 2008                              BRYDON HUGO & PARKER

2

3

4                                               By: _____
                                                     Edward R. Hugo
5                                                    Roland E. The
                                                     Josette D. Johnson
6                                                    Attorneys for Defendant
                                                     NAN Y. PARK

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

NAN Y. PARK'S THIRD PARTY COMPLAINT