1  JOSEPH B. ADAMS, ESQ. (SBN 194964)  JAdams@BMEBlaw.com
   JONATHAN E. MEISLIN, ESQ. (SBN 243523)  JMeislin@BMEBlaw.com
2  BASSI, MARTINI, EDLIN & BLUM LLP
   351 California Street, Suite 200
3  San Francisco, CA 94104
   Telephone:    (415) 397-9006
4  Facsimile:    (415) 397-1339

5  Attorneys for Defendant and Cross-Claimant
   KAZUKO UMSTEAD

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         IN AND FOR THE COUNTY OF

10

11 WELLS FARGO BANK, N.A., as TRUSTEE )   Case No. CV 08 2561 SBA
   for the CLARA POPPIC TRUST,          )
12                                       )   **DEFENDANT AND CROSS-CLAIMANT**
                  Plaintiffs,            )   **KAZUKO UMSTEAD'S CROSS-CLAIM**
13                                       )   **FOR:**
           vs.                          )
14                                       )   1.  **CERCLA SECTION 107**
   KENNETH G. RENZ, *et al.*,            )
15                                       )   2.  **CERCLA SECTION 113**
                  Defendants.           )
16                                       )   3.  **HAZARDOUS SUBSTANCES**
                                         )       **ACCOUNT ACT CONTRIBUTION**
17                                       )
                                         )   4.  **EQUITABLE CONTRIBUTION AND**
18                                       )       **INDEMNITY**
                                         )
19                                       )   5.  **NEGLIGENCE**
                                         )
20                                       )   6.  **FRAUD AND DECEIT**
                                         )
21                                       )   7.  **DECLARATORY RELIEF**
                                         )
22

23        Defendant and Cross-Claimant KAZUKO UMSTEAD ("UMSTEAD") alleges against

24 each and every one of the other parties named as a defendant in Plaintiff's Second Amended

25 Complaint ("COMPLAINT"), namely KENNETH G. RENZ, ESTATE OF JACKSON R.

26 DENNISON, WON YAE YI aka MICHAEL YI, GUAN HUANG, YING ZHANG, NAN Y.

27 PARK an SUI SONG (collectively "CROSS-DEFENDANTS"), making each and everyone of

28 them a Cross-Defendant with respect to these cross-claims:

62240

## CROSS-CLAIM

1. These Cross-Claims for Indemnity, Contribution, Negligence, Fraud, and Declaratory Relief against CROSS-DEFENDANTS arise out of the same transactions, occurrences and set of circumstances as the claims set forth in the COMPLAINT, namely alleged environmental contamination at and around the real property located at 2531 Telegraph Avenue, Berkeley, California (the "PROPERTY"). Without admitting the truth of any of the allegations in the COMPLAINT, UMSTEAD incorporates them herein by this reference, as though fully set forth herein, for the sole purpose of showing that they were made. If jurisdiction and venue are proper with respect to the COMPLAINT, then jurisdiction and venue are proper with respect to these Cross-Claims.

## GENERAL ALLEGAIONS

2. At all times mentioned herein, UMSTEAD was and now is an individual residing in the State of California.

3. UMSTEAD is informed and believes and thereon alleges that CROSS-DEFENDANT KENNETH G. RENZ ("RENZ") is a natural person residing in the State of California.

4. UMSTEAD is informed and believes and thereon alleges that CROSS-DEFENDANT ESTATE OF JACKSON R. DENNISON ("ESTATE OF DENNISON") is an estate existing in the State of California.

5. UMSTEAD is informed and believes and thereon alleges that CROSS-DEFENDANT WON YAE YI aka MICHAEL YI is a natural person residing in the State of California.

6. UMSTEAD is informed and believes and thereon alleges that CROSS-DEFENDANT GUAN HUANG is a natural person residing in the State of California.

7. UMSTEAD is informed and believes and thereon alleges that CROSS-DEFENDANT YING ZHANG is a natural person residing in the State of California.

8. UMSTEAD is informed and believes and thereon alleges that CROSS-DEFENDANT NAN Y. PARK is a natural person residing in the State of California.

9.    UMSTEAD is informed and believes and thereon alleges that CROSS-DEFENDANT <u>SUI SONG</u> is a natural person residing in the State of California. Wells Fargo Bank, N.A., is a national association authorized to do business in the State of California.

### JURISDICTION AND VENUE

10.    This court has jurisdiction over the subject matter of these Cross-Claims pursuant to (A) 28 United States Code Section 1367 Supplemental Jurisdiction; (B) Federal Rules of Civil Procedure, Rule 14; (C) Section 113(b) of the Comprehensive Environmental Response, Cleanup and Liability Act ("CERCLA"), 42 United States Code Section 9613(b); and (D) 28 United States Code Section 1331.  This court also has subject matter jurisdiction over the claim for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 United States Code Section 2201, and Federal Rules of Civil Procedure, Rule 57.  In addition, this Court has subject matter jurisdiction over the Cross-Claims brought under state law under the doctrines of pendent jurisdiction, 28 United States Code Section 1367, and under the provisions of 42 United States Code Section 9607, 42 United States Code 6972, and 28 United States Code Section 1367(a) .

11.    Venue for these Cross-Claims is proper in this District pursuant to 28 United States Code Section 1391(b) and 42 United States Code Section 9613(b) in that the conduct at issue in the Cross-Claims occurred in this district.

### FIRST CLAIM FOR RELIEF

### (INDEMNITY/COST RECOVERY PURSUANT TO CERCLA SECTION 107)

12.    UMSTEAD refers to and incorporates herein by reference Paragraphs One through Eleven of this Cross-Claim as though fully set forth herein.

13.    If the allegations contained in the COMPLAINT are true, then CROSS-DEFENDANTS, inclusive, and each of them, are "covered persons," as defined by Section 107(a) of CERCLA, 42 U.S.C. 9607(a).

14.    If the allegations contained in the COMPLAINT are true, then the PROPERTY is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S. C. § 9601(9), and the

1  contaminants allegedly located in the soil and groundwater at, on, or under the PROPERTY,

2  including, but not limited to, PCE, are "hazardous substances," within the meaning of 42 U.S.C.

3  Section 107(a) of CERCLA, 42 U.S.C. § 9601(14).

4      15.    If the allegations contained in the COMPLAINT are true, UMSTEAD is entitled,

5  pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, to recover all outlays of all past,

6  present, and future necessary response costs she has incurred in response to the alleged release

7  of hazardous substances at or affecting the PROPERTY or surrounding properties from the

8  CROSS-DEFENDANTS, and each of them.

9      16.    If the allegations contained in the COMPLAINT are true, UMSTEAD will incur

10  necessary costs of response consistent with the National Contingency Plan, including, but not

11  limited to, costs of investigation, removal, and/or remedial actions in the investigation, cleanup

12  and abatement of the releases and threatened releases of hazardous substances into the soil,

13  groundwater and environment.

14      17.    CROSS-DEFENDANTS, and each of them, are jointly and severally liable and

15  are otherwise obliged to indemnify UMSTEAD pursuant to CERCLA for all past, present and

16  future necessary costs of response, including and without limitations, investigation and

17  remediation expenses, attorney's fees, oversight costs and interest, and other costs in an amount

18  to be determined at trial.

19      18.    Pursuant to 42 U.S.C. § 9613(g)(2), UMSTEAD is entitled to a declaratory

20  judgment that CROSS-DEFENDANTS, and each of them, are liable in any subsequent action

21  by UMSTEAD to recover further response costs or damages incurred as a result of the alleged

22  hazardous substances at or around the PROPERTY.

23  **SECOND CROSS-CLAIM**

24  **(CONTRIBUTION PURSUANT TO CERCLA SECTION 113)**

25      19.    UMSTEAD refers to and incorporates herein by reference Paragraphs One

26  through Eighteen of this Cross-Claim as though fully set forth herein.

27      20.    Plaintiff's COMPLAINT alleges that UMSTEAD is liable under CERCLA for

28  investigation and response costs allegedly incurred by Plaintiff. UMSTEAD denies any and all

1  liability under such claims. However, in the event that UMSTEAD is found liable under

2  CERCLA, CROSS-DEFENDANTS, and each of them, are liable to UMSTEAD for their acts or

3  omissions.

4      21.    If the allegations in the COMPLAINT are true, then there was a "release" and/or

5  threatened "release" within the meaning of CERCLA, 42 United States Code Section 9601(22),

6  of "hazardous substances," within the meaning of CERCLA, 42 United States Code Section

7  9601(14), at the PROPERTY, which is a "facility" within the meaning of CERCLA, 42 United

8  States Code Section 9601(9).

9      22.    If the allegations in the COMPLAINT are true, the CROSS-DEFENDANTS, and

10  each of them, are owners, operators, and/or arrangers as described in CERCLA, 42 United States

11  Code Section 9607(a).

12      23.    If the allegations in the COMPLAINT are true, then the doctrine of joint and

13  several liability applies to CROSS-DEFENDANTS as responsible parties under CERCLA, 42

14  United States Code Section 9607(a).

15      24.    If the allegations in the COMPLAINT are true, the CROSS-DEFENDANTS, and

16  each of them, are owners, operators, and/or arrangers as described in CERCLA, 42 United States

17  Code Section 9607(a).

18      25.    If the allegations in the COMPLAINT are true, then pursuant to 42 United States

19  Code Section 9613(f)(1), CROSS-DEFENDANTS, and each of them, are liable for contribution

20  for all or a portion of all response costs, damages, judgments, expenses, settlement sums, or

21  penalties, that UMSTEAD becomes required to pay.

22  **THIRD CROSS-CLAIM**

23  (CONTRIBUTION PURSUANT TO THE HAZARDOUS SUBSTANCES ACCOUNT ACT)

24      26.    UMSTEAD refers to and incorporates herein by reference Paragraphs One

25  through Twenty-Five of this Cross-Claim as though fully set forth herein.

26      27.    Plaintiff's COMPLAINT alleges that UMSTEAD is liable under the Hazardous

27  Substances Account Act ("HSAA") for investigation and response costs allegedly incurred by

28  Plaintiff. UMSTEAD denies any and all liability under such claims. However, in the event that

1    UMSTEAD is found liable under CERCLA, CROSS-DEFENDANTS, and each of them, are

2    liable to UMSTEAD for their acts or omissions.

3        28.    If the allegations in the COMPLAINT are true, then there was a "release" and/or

4    threatened "release" within the meaning of HSAA, California Health and Safety Code Section

5    25320, of "hazardous substances," within the meaning of HSAA, California Health and Safety

6    Code Section 25316, at the PROPERTY, which is a "site" within the meaning of HSAA

7    California Health and Safety Code Section 25323.9.

8        29.    If the allegations in the COMPLAINT are true, the CROSS-DEFENDANTS, and

9    each of them, are responsible parties and/or a liable persons within the meaning of HSAA,

10   California Health and Safety Code Section 25323.5

11       30.    If the allegations in the COMPLAINT are true, then the doctrine of joint and

12   several liability applies to CROSS-DEFENDANTS as responsible parties under HSAA,

13   California Health and Safety Code Sections 25363(e) and 25399.

14       31.    If the allegations in the COMPLAINT are true, the pursuant to HSAA, California

15   Health and Safety Code Sections 25363(e) and 25399, CROSS-DEFENDANTS, and each of

16   them, are liable for contribution for all or a portion of all response costs, damages, judgments,

17   expenses, settlement sums, or penalties, that UMSTEAD becomes required to pay.

18                        **FOURTH CROSS-CLAIM**

19                 (EQUITABLE CONTRIBUTION AND INDEMNITY)

20       32.    UMSTEAD refers to and incorporates herein by reference Paragraphs One

21   through Thirty-One of this Cross-Claim as though fully set forth herein.

22       33.    UMSTEAD is informed and believes and thereon alleges that CROSS-

23   DEFENDANTS, and each of them, were active participants in the transactions and/or

24   occurrences at issue in Plaintiff's underlying COMPLAINT herein and the CROSS-

25   DEFENDANTS, and each of them, are responsible totally, or in part, for the damages, if any,

26   alleged in Plaintiff's COMPLAINT.

27       34.    In the event that UMSTEAD is found liable to Plaintiff herein in any amount

28   whatsoever, UMSTEAD is entitled to contribution and indemnification from CROSS-

62240

CROSS-CLAIM OF DEFENDANT KAZUKO UMSTEAD

1   DEFENDANTS, and each of them, according to the principles of comparative fault and

2   equitable allocation of loss.

### FIFTH CROSS-CLAIM

#### (NEGLIGENCE)

5       35.     UMSTEAD refers to and incorporates herein by reference Paragraphs One

6   through Thirty-Four of this Cross-Claim as though fully set forth herein.

7       36.     UMSTEAD is informed and believes and thereon alleges that CROSS-

8   DEFENDANTS, and each of them, negligently, carelessly, and wrongfully failed to use

9   reasonable care in owning, leasing, operating, using, testing, inspecting, maintaining, repairing,

10  managing, or monitoring the PROPERTY, or the dry cleaning businesses operated thereon, at

11  issue in the COMPLAINT.

12      37.     UMSTEAD is further informed and believes and thereon alleges the CROSS-

13  DEFENDANTS, and each of them, negligently, carelessly and wrongfully failed to exercise

14  reasonable care and diligence to avoid loss and to mitigate any damages which could have been

15  prevented by reasonable efforts and expenditures by CROSS-DEFENDANTS in the exercise of

16  due care.

17      38.     UMSTEAD is informed and believes and thereon alleges that the failures and

18  damages alleged by Plaintiff occurred because of the negligence of the CROSS-DEFENDANTS,

19  and each of them.

20      39.     As a direct and proximate cause of the negligence of CROSS-DEFENDANTS,

21  and each of them, UMSTEAD has incurred and continues to incur costs and expenses, including

22  but not limited to, litigation costs, attorney's fees, and consultants' fees to defend against the

23  COMPLAINT and any cross-claims filed against UMSTEAD in this action.  Additionally, in the

24  event that UMSTEAD is found liable to Plaintiff or any other party in any amount whatsoever,

25  said damages are a direct and proximate result of the negligence of CROSS-DEFENDANTS.

26  / / /

27  / / /

28  / / /

62240

7

# SIXTH CROSS-CLAIM

## (DECLARATORY RELIEF)

40.     UMSTEAD refers to and incorporates herein by reference Paragraphs One through Thirty-Nine of this Cross-Claim as though fully set forth herein.

41.     An actual controversy has arisen and now exists between UMSTEAD and CROSS-DEFENDANTS as to their respective rights and liabilities with respect to the claims in the COMPLAINT arising out of or relating to the presence of hazardous substances on and around the PROPERTY.  Specifically, UMSTEAD contends that she is not liable and the CROSS-DEFENDANTS are liable, for any response costs or other damages arising out of or relating to such hazardous substances.  UMSTEAD contends that CROSS-DEFENDANTS are obligated under CERCLA, HSAA, and principals of common law to indemnify, hold harmless and release UMSTEAD from and against any and all such claims.  On information and belief, CROSS-DEFENDANTS, and each of them, dispute UMSTEAD's contentions.

42.     A declaratory decree is therefore necessary to resolve the controversy between the parties.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## PRAYER

WHEREFORE, Cross-Claimant UMSTEAD prays for judgment against CROSS-DEFENDANTS, and each of them, as follows:

1.  That judgment be entered in favor of Cross-Claimant UMSTEAD and against CROSS-DEFENDANTS, and each of them, on each of UMSTEAD's Cross-Claims;

2.  For cost of suit, including attorney's fees, provided by statute, common law and contract, incurred in prosecution of this Cross-Claim; and

3.  For such other and further relief as the Court may deem just and proper.


Date:   December 8, 2008                     BASSI, MARTINI, EDLIN & BLUM LLP


                                            By: _____
                                                JOSEPH B. ADAMS, ESQ.
                                                JONATHAN ERIC MEISLIN, ESQ.
                                                BASSI, MARTINI, EDLIN & BLUM, LLP
                                                351 California Street, Suite 200
                                                San Francisco, CA  94104
                                                Ph: 415-397-9006
                                                Fax: 415-397-133
                                                Attorneys for Defendant & Cross-Claimant
                                                KAZUKO UMSTEAD

62240

CROSS-CLAIM OF DEFENDANT KAZUKO UMSTEAD

**Re:**  **Wells Fargo Bank, Trustee of the Clara Poppic Trust v. Renz, et al.**
**United States District Court, Northern District Case No. CV 08 2561 EMC**

## PROOF OF SERVICE – CCP §1013(a)(3)

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, MARTINI, EDLIN & BLUM LLP, 351 California Street, Suite 200, San Francisco, California 94104.

On the date executed below, I electronically served the document(s) via ECF, Northern District of California's court's website, described below, on the recipients designated on the Transaction Receipt located on the court's website:

**DEFENDANT AND CROSS-CLAIMANT KAZUKO UMSTEAD'S CROSS-CLAIM FOR:**

1. **CERCLA SECTION 107**
2. **CERCLA SECTION 113**
3. **HAZARDOUS SUBSTANCES ACCOUNT ACT CONTRIBUTION**
4. **EQUITABLE CONTRIBUTION AND INDEMNITY**
5. **NEGLIGENCE**
6. **FRAUD AND DECEIT**
7. **DECLARATORY RELIEF**

on the following parties:

SEE ECF'S ELECTRONIC SERVICE LIST; and

Won Jae Yi
2565 Telegraph Avenue
Berkeley, CA 94704

47685

1

PROOF OF SERVICE

1

__XX__   **BY MAIL:**  I caused such envelope to be deposited in the mail at San Francisco,

2
California.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

3

4
        I declare under penalty of perjury that the foregoing is true and correct and that this

5
document is executed on December 8, 2008, at San Francisco, California.

6

7

8                                  CHRISTINE GILL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

47685