UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH G. RENZ; ESTATE OF JACKSON R. DENNISON; ESTATE OF WILEY UMSTEAD; KAZUKO UMSTEAD; WON JAE YI aka MICHAEL YI; NAN Y. PARK; GUAN HUANG; YING ZHANG and SUI SONG,<br><br>Defendants. | Case No.: CV 08-2561 SBA<br><br>**ORDER**<br><br>[Docket No. 180] |

On September 8, 2009, Plaintiff Wells Fargo Bank, N.A. ("Plaintiff"), as Trustee for the Clara Poppic Trust, filed a Motion for Leave to File Third Amended Complaint ("Motion"). (Docket No. 180.) The hearing on the Motion is set for November 17, 2009.

The Federal Rules of Civil Procedure allow a party to amend a pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1)(A). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)(A). But the court should freely give leave to amend whenever justice so requires. *Id*; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam); see also *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). "In exercising its discretion with regard to the amendment of pleadings, 'a court must be guided by the underlying purpose of Rule 15-to facilitate decision on the merits rather than on the pleadings or technicalities.' " *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (quoting *United States v.*

**1** *Webb,* 655 F.2d 977, 979 (9th Cir. 1981)).  Absent evidence of prejudice, there exists a

**2** presumption under Rule 15(a) in favor of granting leave to amend.  *Eminence*, 316 F.3d at 1051.

**3**

**4** Under Local Rule 7-3, any opposition to the motion or any statement of non-opposition

**5** must be filed no later than 21 days before the hearing date.  The Court's Standing Orders

**6** specifically warn that failure to file an opposition to a motion shall constitute a consent to the

**7** granting of the motion. Therefore, any opposition or statement of non-opposition was due on or

**8** before October 27, 2009. Defendant Kazuko Umstead filed a statement of non-opposition on

**9** October 13, 2009. (Docket No. 184.) To date, the Court has received no opposition or statement of

**10** non-opposition from any other party. However, Plaintiff represents that the Motion was filed after

**11** meet and confer efforts with all parties in this case and that no party represented they oppose the

**12** Motion. (Mot. at 2:5-7.)

**13**

**14** Plaintiff commenced this action on May 21, 2008.  (Docket No. 1.)  On November 4, 2008,

**15** Plaintiff filed a Second Amended Complaint.  (Docket No. 102.)  During the course of discovery,

**16** on August 21, 2009, the deposition of defendant Kenneth Renz ("Defendant Renz") was

**17** conducted. Plaintiff alleges that the deposition of Defendant Renz revealed the existence of the

**18** Hoyt Corporation ("Hoyt"), a manufacturer of dry cleaning equipment that is allegedly responsible

**19** for releasing hazardous substances into the subject property. Plaintiff now seeks leave to file a

**20** Third Amended Complaint joining Hoyt as a defendant.

**21**

**22** The deposition that provided the information on which Plaintiff bases his request occurred

**23** on August 21, 2009. As noted, Plaintiff filed his Motion for Leave to File Third Amended

**24** Complaint on September 8, 2009. Plaintiff did not unduly delay in bringing this Motion before the

**25** Court and there is no other evidence of prejudice as to any party in this action.

**26**

**27** Plaintiff's Motion which seeks to add a new defendant also implicates Federal Rule of Civil

**28** Procedure 20. Rule 20 provides that parties "*may* be joined in one action as defendants if: (A) any

right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B) (emphasis added).  The requirements that govern permissive joinder are, however, construed liberally.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) ("the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

Plaintiff brought this suit because the defendants are allegedly responsible for contaminating Plaintiff's property with hazardous dry-cleaning chemicals. The alleged contamination of the Property constitutes a series of transactions or occurrences to which all Defendants and Hoyt are allegedly connected and responsible, and numerous questions of law or fact common to all defendants will undoubtedly arise in the action.  As such, the Court finds permissive joinder under Rule 20 appropriate in this situation.

Accordingly,

IT IS HEREBY ORDERED THAT**:**

1. Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED;

2. Plaintiff shall file the Third Amended Complaint within five days of the date this order is filed; and

3. The hearing on the Motion scheduled for November 17, 2009, is VACATED.

Dated:11/16/09

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge