IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE for the CLARA POPPIC TRUST,<br><br>  Plaintiff,<br><br>v.<br><br>KENNETH G. RENZ; ESTATE OF JACKSON R. DENNISON; ESTATE OF WILEY UMSTEAD; KAZUKO UMSTEAD; WON JAE YI aka MICHAEL YI; NAN Y. PARK; GUAN HUANG; YING ZHANG and SUI SONG,<br><br>  Defendants. | No. C 08-02561 SBA<br><br>**ORDER**<br><br>[Docket No. 189] |

 This matter comes before the Court on Defendant Kazuko Umstead's ("Defendant Umstead") Motion to Amend the Court's Order for Pretrial Preparation for Leave to File First Amended Cross-Claim and Second Amended Third-Party Complaint to Add Newly Discovered Parties ("Motion"). (Docket No. 189.) The hearing on the Motion is set for November 17, 2009.

After a responsive pleading has been served, the Federal Rules of Civil Procedure allow a party to amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)(A). But the court should freely give leave to amend whenever justice so requires. *Id*; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam); see also *Lopez v. Smith*, 203 F.3d 1122, 1130 (9thCir. 2000) (en banc).

Under Local Rule 7-3, any opposition to the motion or statement of non-opposition must be filed no later than 21 days before the hearing date. The Court's Standing Orders specifically warn that failure to file an opposition to a motion shall constitute a consent to the granting of the motion.

Therefore, any opposition or statement of non-opposition was due on or before October 27, 2009. Plaintiff Wells Fargo, N.A. ("Plaintiff"), as Trustee for the Clara Poppic Trust, filed a statement of non-opposition on October 27, 2009. (Docket No. 191.) To date, the Court has received no opposition or statement of non-opposition from any other party to the action.

Plaintiff commenced this action on May 21, 2008. (Docket No. 1.) On November 4, 2008, Plaintiff filed a Second Amended Complaint. (Docket No. 102.) During the course of discovery, on August 21, 2009, the deposition of defendant Kenneth Renz ("Defendant Renz") was conducted. Defendant Umstead alleges that the deposition of Defendant Renz revealed the existence of several parties that should be joined as defendants, including the Hoyt Corporation ("Hoyt"). Hoyt is a manufacturer of dry cleaning equipment that is allegedly responsible for releasing hazardous substances into the subject property.

Defendant Umstead notes that based on the information discovered at the deposition of Defendant Renz, Plaintiff filed a Motion for Leave to File Third Amended Complaint to join Hoyt as a defendant. (Docket No. 180.) Defendant Umstead requests that, should this Court grant Plaintiff's Motion for Leave to File Third Amended Complaint, the Court also grant Umstead leave to file a First Amended Cross-Claim ("FACC") adding Hoyt as a cross-defendant. Additionally, Defendant Umstead seeks leave to file a Second Amended Third-Party Complaint ("SATPC") adding Perc-Serv, Steam Equipment and Values as third-party defendants, also parties identified at the deposition of Defendant Renz. Lastly, Defendant Umstead asks this Court to enlarge the dates set in the Case Management Scheduling Order "a minimum of six months to allow adequate time for new parties to find counsel, respond to FACC and SATPC, and to catch-up with the parties currently involved in the litigation." (Mot. at 5:10-13.)

Here, the Court having granted Plaintiff's request to file a Third Amended Complaint, Defendant Umstead properly seeks leave of this Court to file a first amended cross-claim adding Hoyt as a defendant. No parties have objected to Umstead's request. Absent evidence of prejudice, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence*, 316

F.3d at 1051. No potential prejudice that could result from Defendant Umstead amending its cross-claim to add Hoyt as a defendant is apparent to this Court. Thus, the Court recognizes the presumption in favor of granting leave to amend, and GRANTS Defendant Umstead's request for leave to file a first amended cross-claim to include Hoyt.

Based on the information provided at the deposition of Defendant Renz, Defendant Umstead also requests the Court's leave, pursuant to Federal Rule of Civil Procedure 14, to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). In deciding whether impleader is appropriate, the district court must balance the "desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case." *Irwin v. Mascott* (N.D. Cal. 2000) 94 F. Supp. 2d 1052, 1056 (citing *Somoportex Ltd. v. Philadelphia Chewing Gum Corp.,* 453 F.2d 435, 439 n. 6 (3rd Cir. 1971), *cert. denied*, 405 U.S. 1017 (1972)). Plaintiff filed a statement of non-opposition to Defendant Umstead's Motion. The Court therefore exercises its broad discretion, erring on the side of judicial efficiency, to allow Umstead to amend its third-party complaint to include Perc-Serv, Inc., Steam Equipment Sales Company and Values, Inc.

Although Defendant Umstead invokes Federal Rule of Civil Procedure 16(e) to guide the Court's analysis with respect to Umstead's request to enlarge pretrial dates, Rule 16(e) actually applies only to requests to modify an order *after* a *final pretrial conference*. No such conference has occurred in this case. Rule 16(b) governs the present situation: once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 469 (D.N.J. 1990); *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D. 213, 217 (N.D. Ind. 1990); *Forstmann*, 114 F.R.D. at 85; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good

3

cause" means scheduling deadlines cannot be met despite party's diligence)). It is premature for the Court, without the input of any parties that may be added, to determine how much time, if any, additional parties may require to meet the Court's deadlines. Defendant Umstead's request is DENIED, but the Court will set a Case Management Conference where the issue can be raised and discussed with all parties.

Accordingly,

IT IS HEREBY ORDERED THAT**:**

1. Defendant Kazuko Umstead's Motion for Leave to File First-Amended Cross-Claim is GRANTED. Defendant Kazuko Umstead shall file the first-amended cross-claim within five days of the date this order is filed;

2. Defendant Kazuko Umstead's Motion for Leave to File Second Amended Third-Party Complaint to Add Newly Discovered Parties is GRANTED. Defendant Kazuko Umstead's shall file the second amended third-party complaint within five days of the date this order is filed;

3. Defendant Kazuko Umstead's Motion to Amend the Court's Order for Pretrial Preparation is DENIED;

4. The hearing on the motion scheduled for November 17, 2009 is VACATED;

5. A Case Management Conference is scheduled for **January 14, 2010, at 3:30 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

4

Dated: 11/16/09

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK N.A. et al, | Case Number: CV08-02561 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| RENZ et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Won Jae Yi
2565 Telegraph Avenue
Berkeley, CA 94704

Dated: November 16, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

6