UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE FOR THE CLARA POPPIC TRUST,<br><br>              Plaintiff,<br><br>     vs.<br><br>KENNETH G. RENZ, et al.,<br><br>              Defendants.<br><br>_____<br><br>AND RELATED ACTIONS.<br>_____ | Case No:  C 08-02561-SBA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED THIRD PARTY COMPLAINT**<br><br>[Docket No. 250] |

The parties are presently before the Court on Defendant and Third Party Plaintiff Kazuko Umstead's Motion for Leave to File a Third Amended Third Party Complaint. (Docket No. 250.)  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b).

I.      BACKGROUND

     A.      Procedural Background

     This action arises primarily under the federal Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA).  Plaintiff Wells Fargo commenced this action on May 21, 2008.  Plaintiff, as trustee, represents the owner of real property in Berkeley, California (the Property).  With respect to Defendant Umstead (Defendant), Plaintiff alleges that Defendant operated a dry cleaning business on the Property from 1983 until 1986, and during his occupancy of the Property, caused or permitted the release of tetrachlorethylene and

1    other dry-cleaning chemicals into the environment.

2          On December 9, 2008, Defendant filed a Third Party Complaint against VIC

3    Manufacturing because of its status as a dry-cleaning operator on the Property.  On January 28,

4    2009, Defendant filed an Amended Third Party Complaint adding as a defendant Bowe

5    Permac, Inc., both individually and as successor in interest to VIC Manufacturing.

6          This Court entered an Order for Pretrial Preparation on June 22, 2009, setting trial in

7    this matter for January 10, 2010.  (Docket 174.)  On October 14, 2009, following the deposition

8    of co-defendant Kenneth Renz, Defendant moved to file a Second Amended Third Party

9    Complaint because Renz revealed the existence of several parties that should be joined as third

10   party defendants.  Defendant also moved for modification of the Court's June 22, 2009 Order

11   for Pretrial Preparation.

12         On November 16, 2009, the Court granted Defendant leave to file a Second Amended

13   Third Party Complaint to add Perc-Serv. Inc., Steam Equipment Sales Company, and Values,

14   Inc. as third party defendants, who all were identified during Renz's deposition.  The Court

15   denied, however, Defendant's motion to modify the Order for Pretrial Preparation because it

16   was premature for the Court, without the input of any parties that may be added, to determine

17   how much time, if any, additional parties may require to meet the Court's deadlines.  The Court

18   therefore set a Case Management Conference for January 14, 2010, which was subsequently

19   removed from the calendar.

20         On April 27, 2010, the Court granted the parties' stipulated request to continue pretrial

21   deadlines, which continued the trial date to June 20, 2011.  (Docket No. 251.)  Other deadlines

22   of note include the August 13, 2010 deadline to complete mediation, the October 15, 2010

23   initial expert designation deadline, the December 30, 2010 discovery deadline, and the March

24   15, 2011 motion hearing cut-off.  Id.

25         **B.    Defendant's Current Motion**

26         Now, Defendant moves to amend his Third Party Complaint once more.  Defendant

27   asserts that during subsequent research conducted at the Alameda County Recorders and

28   Assessors Offices, he discovered grant deeds showing that Berkeley Leasing & Realty was also

1   a previous owner of the Property.  As such, Defendant now seeks leave to file a Third

2   Amended Third Party Complaint to add Berkeley Leasing & Realty as a third party defendant.

3        However, Defendant does not indicate when he conducted the record search, why he

4   could not have conducted the search earlier, the dates of ownership of the Property by Berkeley

5   Leasing & Realty, or more generally why he could not have discovered this new party

6   previously in the over two years that this case has been pending.  Moreover, while Defendant

7   summarily asserts that allowing amendment would "not harm any other party in this case,"

8   Defendant does not suggest if or how the Order for Pretrial Preparation should be modified in

9   order to accommodate this entirely new party.

10  ## II.     LEGAL STANDARD

11       The Federal Rules of Civil Procedure provide that leave to amend a complaint should be

12  "freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In deciding whether justice

13  requires granting leave to amend, factors to be considered include the presence or absence of

14  undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous

15  amendments, undue prejudice to the opposing party and futility of the proposed amendment."

16  Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).  "[A] district court's

17  discretion over amendments is especially broad where the court has already given a [party] one

18  or more opportunities to amend his complaint."  DCD Programs, Ltd. v. Leighton, 833 F.2d

19  183, 186 at n.3 (9th Cir. 1987).

20  ## III.    DISCUSSION

21       ### A.     Granting Leave to Amend Would Result in Undue Delay

22       The Ninth Circuit has explained that the "undue delay" factor considers whether

23  "permitting an amendment would ... produce an undue delay in the litigation."  Jackson v.

24  Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).  Here, Defendant seeks leave to amend

25  his Second Amended Third Party Complaint to add yet another party after he previously

26  amended twice to accommodate new parties.  Another delay in the trial would likely be

27  necessary to allow Berkeley Leasing & Realty to respond to pleadings, perform discovery, and

28  sufficiently prepare for trial.  See Irise v. Axure Software Solutions, Inc., 2009 WL 3615973, at

1   6-7 (C.D. Cal. 2009) ("[T]he Court finds that a delay of the trial may be necessary in order to

2   allow [Plaintiff] to sufficiently prepare for [Defendant's] new arguments without unfairly

3   prejudicing [Plaintiff]," thus finding the undue delay factor present).  Here, undue delay to the

4   proceedings would result from Defendant's amendment, which militates against granting the

5   motion.

6         Additionally, any delay caused by granting the instant motion, coupled with the delay

7   that already resulted from Defendant's Second Amended Third Party Complaint, would likely

8   be substantial.  After Defendant made his second amendment to his complaint, this Court

9   delayed the pre-trial schedule by roughly six months to account for the newly added parties.

10  Adding yet an additional party will likely necessitate a minimum six-month delay of the pre-

11  trial schedule.  Considering the delays together, the proceedings would potentially be delayed

12  by roughly one year due to Defendant's apparently dilatory actions.  The additional time

13  needed for discovery and to submit responsive pleadings would amount to a substantial delay

14  in the proceedings, which would invariably increase the costs of litigation.  See Kaplan v.

15  Rose, 49 F.3d 1363, 1370 (9th Cir. 1995) (indicating that the issue is whether the amendment

16  will cause "[e]xpense, delay, and wear and tear on individuals and companies.").  This weighs

17  in favor of denying Defendant's motion.

18        An additional consideration in the "undue delay" analysis includes whether the party

19  moving to amend "unduly delayed in filing [its] motion."  Jackson, 902 F.2d at 1388.

20  "Relevant to evaluating the delay issue is whether the moving party knew or should have

21  known the facts and theories raised by the amendment in the original pleading."  Id.  Here,

22  Defendant unduly delayed filing the instant motion.  Defendant should have known that

23  Berkeley Leasing & Realty was a previous owner of the Property.  Renz's deposition alerted

24  Defendant to some of the Property's previous owners.  The Alameda County Recorders and

25  Assessors Offices store the grant deeds to the Property, which are readily available to the

26  public.  There is nothing in the record before this Court that suggests these records have not

27  been available to the public since the date Berkeley Leasing & Realty owned the Property.

28  Being aware that there were previous owners to the Property not party to the litigation,

1   Defendant should have known of the potential for additional owners not discussed during

2   Renz's deposition.  Defendant should have conducted research to uncover if there were

3   additional potential third party defendants, rather than proceeding in an ad hoc fashion

4   amending his pleadings every few months.  This fact alone warrants denial of the instant

5   motion.  See Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002) ("The district

6   court denied the motion [to amend], finding that those 'new' facts had been available to

7   [plaintiff] even before the first amendment to his complaint.  Given this finding, the district

8   court's conclusion that the motion to amend was made after undue delay did not constitute an

9   abuse of its discretion."); De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 878 (9th

10  Cir. 2000) ("Where the party seeking amendment knows or should know of the facts upon

11  which the proposed amendment is based but fails to include them in the original complaint, the

12  motion to amend may be denied.") (internal quotations omitted).

13          Although delay may not be dispositive, it is relevant and especially so when, as here,

14  the moving party has offered no reason for the delay.  See Lockheed Martin Corp. v. Network

15  Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("Although delay is not a dispositive factor

16  in the amendment analysis, it is relevant, . . . especially when no reason is given for the

17  delay.").  Defendant provides no explanation for the five month delay between filing the

18  Second Amended Third Party Complaint and the instant motion.  See Lockheed, 194 F.3d at

19  986 (finding that a motion to amend filed after several months with no reason given for the

20  delay supported the district court's denial of leave).  Defendant's lack of explanation for his

21  delay necessitates the conclusion that he was not diligent, which warrants denial of his motion.

22          **B.      Granting Leave to Amend Would Result in Undue Prejudice**

23          There are several indicators of undue prejudice to all other parties, as well as Berkeley

24  Leasing & Realty, if this Court were to grant Defendant's motion.  The act of simply adding a

25  party is an indicator of prejudice.  See In re Fritz Companies Securities Litigation, 282

26  F.Supp.2d 1105, 1109 (N.D. Cal. 2003) ("Indicators of prejudice include a need to reopen

27  discovery or the addition of complaints or parties.").  "Amending a complaint to add a party

28  poses an especially acute threat of prejudice to the entering party."  DCD Programs, 833 F.2d

at 187.  "Avoiding prejudice to the party to be added thus becomes [a] major objective." <u>Korn</u> <u>v. Royal Caribbean Cruise Line, Inc.</u>, 724 F.2d 1397, 1400 (9th Cir. 1984).

At this point in the suit, it would be prejudicial to add Berkeley Leasing & Realty due to the unjust delay in naming it as a third party defendant.  While the instant case is still in the discovery stage, the discovery deadline is December 30, 2010.  Berkeley Leasing & Realty would be substantially prejudiced in comparison to the other parties that have been engaged in discovery for at least a year.  To avoid this prejudice, this Court would likely be required to modify the pre-trial schedule, which would result in prejudice in the form of delay to other parties.  See <u>Harris v. Vector Marketing Corp.</u>, 2009 WL 3710696, at 2 (N.D. Cal. 2009) ("Although there is no precise definition for prejudice under Rule 15, prejudice is generally found where the amendment would cause substantial delay in the proceedings.").  As a case lengthens, the costs and expenses necessarily increase.  See <u>Kaplan</u>, 49 F.3d at 1370 (agreeing with the district court that expense counts towards a finding of prejudice).

While this Court did grant leave for Defendant to file his Second Amended Third Party Complaint five months prior to the instant motion, it did so concluding that Defendant had only become aware of the additional parties through Renz's deposition.  No such legitimate reason applies to the request.  Defendant was aware at the time of the deposition that other potential third party defendants had not yet been added to the suit.  Yet, Defendant did nothing to ensure that all appropriate entities were named in the Second Amended Third Party Complaint.  Defendant contends that granting his motion will not result in prejudice because the proceedings are still in the early stages.  Defendant is incorrect.  This action was filed over two years ago.  The pre-trial schedule was entered in June 2009.  Depositions have already been taken.  The August 13, 2010 deadline to complete mediation is fast approaching.  The resulting prejudice from adding a new party at this stage is undue because Defendant should have added this party previously.  See <u>IXYS Corp. v. Advanced Power Tech., Inc.</u>, 2004 WL 135861, at 3 (N.D. Cal. 2004) ("[T]he need for a party to conduct supplemental discovery or to consider a new line of legal argument are classic sources of prejudice that have regularly proven sufficient to defeat a motion for leave to amend.").

1

**IV.    CONCLUSION**

2

For the reasons stated above,

3

IT IS HEREBY ORDERED THAT Defendant's Motion for Leave to File a Third

4

Amended Third Party Complaint is DENIED.  This order terminates Docket No. 250.

5

IT IS SO ORDERED.

6

Dated: July 19, 2010

7

SAUNDRA BROWN ARMSTRONG
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


WELLS FARGO BANK N.A. et al,

        Plaintiff,

  v.

RENZ et al,

        Defendant.

_____/

                    Case Number: CV08-02561 SBA

                    **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 20, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.



Guan Huang
2683 22nd Street
San Francisco, CA 94110


Nan Y. Park
8306 Wilshire Boulevard
Suite 560
Beverly Hills, CA 90211


Won Jae Yi
2565 Telegraph Avenue
Berkeley, CA 94704

Dated: July 20, 2010
                    Richard W. Wieking, Clerk

1

2    By: LISA R CLARK, Deputy Clerk

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28