UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE FOR THE CLARA POPPIC TRUST,<br><br>          Plaintiff,<br><br>     vs.<br><br>KENNETH G. RENZ, et al.,<br><br>          Defendants.<br><br>AND RELATED ACTIONS. | Case No: C 08-02561-SBA<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. 266 |

   This action arises primarily under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Plaintiff Wells Fargo Bank N.A. ("Plaintiff") brings claims under CERCLA and related statutes, as well as common law tort claims, against several defendants, including Defendant Nan Y. Park ("Park").

   Plaintiff filed its Complaint on May 21, 2008. Park did not appear, and the Clerk therefore entered default against her on August 11, 2008. On October 31, 2008, Park, who at the time was represented by counsel, and Plaintiff filed a Stipulation and Request for an Order Setting Aside Default Entered Against Nan Young Park. Dkt. 101. On November 4, 2008, the Court set aside Park's Default. Dkt. 104. On November 21, 2008, Park filed her Answer to Plaintiff's Second Amended Complaint, which includes the following counterclaims against Plaintiff: (1) Contribution (CERCLA § 113(f)); (2) Contribution (HSAA); (3) Equitable Contribution and Indemnity; (4) Negligence; (5) Breach of Contract; and (6) Declaratory Relief. Dkt. 110.

   On February 26, 2010, Park filed a Notice of Substitution of Counsel, in which she indicated that she would be proceeding pro se in place of her current counsel. Dkt. 234. On

March 3, 2010, Park's counsel filed a Motion for Leave to Withdraw as Counsel of Nan Y. Park, which the Court granted on June 21, 2010. Dkts. 236, 255. In its June 21, 2010 Order, the Court advised Park as follows:

> Ms. Park should be aware that although she is now representing herself in this action, she nevertheless is obligated to follow the same rules as represented parties. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties). Self-representation is not an excuse for non-compliance with court rules. See Swimmer v. I.R.S., 811 F.3d 1342, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted). It is Ms. Park's responsibility to defend against the complaint. … Failure to comply with any of these requirements may result in the imposition of sanctions, up to and including the entry of a judgment against her.

Dkt. 255 at 2.

Now, Plaintiff moves, under Federal Rule of Civil Procedure 41(b), to dismiss Park's counterclaims against it and to strike the entirety of Park's Answer. Dkt. 266. Plaintiff's motion is set for hearing on January 11, 2011. In its motion, Plaintiff asserts that dismissal is warranted on the grounds that Park, since the withdrawal of her counsel, has failed to participate in this litigation by defending against Plaintiff's claims or prosecuting her counterclaims against Plaintiff. In particular, Plaintiff asserts that Park did not participate in the mediation session held on September 23, 2010. Dkt. 266-1; Culver Decl. ¶ 4. Plaintiff further asserts that Park failed to attend the August 19, 2010 deposition of Defendant Kazuko Umstead or the October 7-8, 2010 deposition of Plaintiff's Person Most Knowledgeable. Id. ¶¶ 5-6. Moreover, the Court notes that pursuant to Civil Local Rule 7-3(a), any opposition or statement of non-opposition to Plaintiff's motion was due by December 21, 2010, which is twenty-one days prior to the January 11, 2011 hearing date. To date, Park has not filed an opposition or a statement of non-opposition to Plaintiff's motion.

The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Fed.R.Civ.P. 41(b). Furthermore, the failure to comply with the Federal Rules of Civil Procedure or any order of the court is grounds for dismissal of this action under Federal Rule of

Civil Procedure 41(b).  <u>Ferdick v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992). Accordingly,

    IT IS HEREBY ORDERED THAT:

    1.  Within fifteen (15) days from the date this Order is filed, Park shall file a memorandum to show cause as to why her counterclaims should not be dismissed and her Answer should not be stricken for lack of prosecution under Rule 41(b).  The memorandum shall set forth the nature of the cause, its present status, the reason it has not been brought to trial or otherwise terminated, any basis for opposing dismissal, and the expected course of the case if it is not dismissed.

    2.  Park is expressly advised that should she fail to file a timely memorandum in response to this Order, the Court will grant Plaintiff's motion to dismiss without further notice.

    IT IS SO ORDERED.

Dated: January 11, 2011

                                          SAUNDRA BROWN ARMSTRONG
                                          United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK N.A. et al,

        Plaintiff,

v.

RENZ et al,

        Defendant.
                                        /

                                                   Case Number: CV08-02561 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Guan Huang
2683 22nd Street
San Francisco, CA 94110


Nan Y. Park
8306 Wilshire Boulevard
Suite 560
Beverly Hills, CA 90211


Won Jae Yi
2565 Telegraph Avenue
Berkeley, CA 94704

Dated: January 11, 2011
                                      Richard W. Wieking, Clerk

                                      By: LISA R CLARK, Deputy Clerk