UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., as TRUSTEE FOR THE CLARA POPPIC TRUST,<br><br>    Plaintiff,<br><br>vs.<br><br>KENNETH G. RENZ, et al.,<br><br>    Defendants.<br><br>AND RELATED ACTIONS. | Case No: C 08-02561-SBA<br><br>**ORDER DENYING STIPULATED REQUEST TO EXTEND FACT AND EXPERT DISCOVERY DEADLINES**<br><br>Dkt. 291 |

    Plaintiff commenced this action on May 21, 2008.  This action arises primarily under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").  Plaintiff brings claims under CERCLA and related statutes, as well as common law tort claims, against the Defendants.  Also at issue are related counter-claims and cross-claims filed by various parties.

    On June 22, 2009, the Court issued an Order for Pretrial Preparation, setting forth the following relevant deadlines: a June 30, 2010 fact discovery deadline; a June 30, 2010 expert discovery deadline; and a September 14, 2010 motion hearing deadline.  Dkt. 174.  That Order also scheduled a December 14, 2010 pretrial conference and a January 10, 2011 trial date.  Id.

    On April 27, 2010, the Court granted the parties' stipulated request to extend certain pretrial deadlines, continuing the fact discovery deadline to December 30, 2010 and the motion hearing deadline to March 15, 2011.  Dkt. 251.  The Court also continued the pretrial conference to June 14, 2011 and the trial date to June 20, 2011.  Id.

    On November 15, 2010, the Court granted the parties' further stipulated request to extend certain pretrial deadlines, continuing the expert discovery deadline to February 25, 2011

1  and the motion hearing deadline to April 26, 2011.  Dkt. 270.  One basis for the parties' request
2  was that a brief continuance would "facilitate further settlement discussions."  Id. at 2.
3         On December 28, 2010, the Court granted the parties' stipulated request for a further
4  continuance of certain pretrial deadlines, continuing the fact discovery deadline to February 25,
5  2011, and continuing the deadline for exchange of rebuttal expert reports from January 7, 2011
6  to February 1, 2011.  Dkt. 276.  Again, the parties represented to the Court that a continuance
7  would "facilitate further settlement discussions."  Id. at 2.
8         Now, the parties have filed an additional stipulated request, seeking to extend the fact
9  discovery deadline to March 31, 2011 and the expert discovery deadline to April 15, 2011.
10 Dkt. 291.  As indicated, the motion hearing deadline in this matter is April 26, 2011, and the
11 pretrial conference is scheduled for June 14, 2011 and trial is scheduled for June 20, 2011.
12        Where, as here, a court already has entered a pretrial scheduling order, consideration of
13 a request to amend the order is not limited to Federal Rule of Civil Procedure 15(a), but must
14 first pass muster under Federal Rule of Civil Procedure 16.  See Johnson v. Mammoth
15 Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).  Rule 16 provides that deadlines
16 established in a case management order may "be modified only for good cause[.]"
17  Fed.R.Civ.P. 16(b)(4).  "Good cause" exists when a deadline "cannot reasonably be met
18 despite the diligence of the party seeking the extension."  Johnson, 975 F.2d at 609 (citation
19 omitted).  Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the
20 party seeking the amendment."  Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294
21 (9th Cir. 2000).  Where the moving party has not been diligent, the inquiry ends and the motion
22 should be denied.  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002);
23 Johnson, 975 F.2d at 609.
24        In this case, the parties filed the instant request to further continue the fact and expert
25 discovery deadlines on February 23, 2011.  Dkt. 291.  The sole basis for their request is that the
26 parties "believe that a brief continuance of the deadlines relating to expert witness depositions
27 will facilitate further settlement discussions."  Dkt. 291 at 3.  Also, the parties indicate that a
28 further mediation session is scheduled for February 24, 2011.  However, it appears that, to date,

this matter has not settled, as the Court has not received a notice of settlement from the parties. Moreover, the parties have failed to explain why they otherwise require yet another extension of the fact and expert discovery deadlines, particularly in view of the multiple continuances of the deadlines that have been granted previously, and which have not lead to settlement, and especially given that this matter has been pending since May 21, 2008.  For instance, the parties have not described their diligence in pursuing discovery or why the current deadlines are inadequate despite such diligence.  At bottom, the parties have failed to show good cause for granting their request under Rule 16.  Accordingly,

IT IS HEREBY ORDERED THAT the parties' stipulated request to extend the fact and expert discovery deadlines is DENIED.  This Order terminates Docket 291.

IT IS SO ORDERED.

Dated:  March 1, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge